UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   1:25-cv-20436

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

v.                                        **JURY TRIAL DEMANDED**

DAVID J. FEINGOLD,
JOSEPH B. BALDASSARRA,
STEVEN S. BALDASSARRA,
BROAD STREET GLOBAL MANAGEMENT, LLC, and
BROAD STREET INC.,

                Defendants, and

JOSEPHBENJAMIN, INC., and
JUST A NICE DAY, INC.

                Relief Defendants.

_____/

**COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF**

      Plaintiff Securities and Exchange Commission (the "SEC") alleges as follows:

**I.      INTRODUCTION**

      1.      The SEC brings this enforcement action to stop an ongoing offering fraud perpetrated by David J. Feingold, Joseph B. Baldassarra, Steven S. Baldassarra, and the entities they control – Broad Street, Inc. ("BSI") and Broad Street Global Management ("BSG Management"). Feingold, the Baldassarras, and their entities used deceptive schemes and materially false statements to raise money from investors in Broad Street Global Fund, LLC ("BSG Fund" or the "Fund"), a private equity fund that the Defendants used to raise more than $1 billion from over a thousand investors. The SEC seeks temporary and preliminary relief,

including an asset freeze and injunctions, as well as the appointment of a receiver, to put a stop to Defendants' misconduct.

2.      BSG Fund is divided into numerous Series. BSG Management, which is the investment adviser to the Fund, offered Series in Real Estate Infrastructure, Merchant Cash Advances, Custom Home Building, Hotel Projects, and numerous other specialized areas. Each of these Series is supposed to present an investor with a unique investment opportunity, with its own unique possible profits and risk.

3.       However, Defendants engaged in a multi-faceted fraud related to BSG Fund. First, Defendants fraudulently offered and paid inflated returns to investors in at least two major Series, claiming that investments in Merchant Cash Advances – short term and fast funding transactions to small business – generated significant profits when in fact they did not. As a result, Defendants paid millions of dollars in returns to investors that were not supported by actual MCA profits.

4.      Second, the Defendants managed the Fund in a way that was inconsistent with what they told investors and that materially increased investors' risk. The Baldassarras and BSG Management told investors that the Fund would follow certain structures and practices to protect their investments: that they would keep the assets and liabilities of each Series separate, that there would not be commingling of funds or assets between the Series, that there would be no cross-liability between Series, and that the Fund would own the investments made with investor funds. In fact, funds were commingled and cross-liabilities created, subjecting investors in one Series to risks in other Series. Moreover, nearly all investor funds were diverted to accounts and assets owned and controlled by BSG Management, the Baldassarras, or BSI. BSG Management made almost no investments on behalf of the BSG Fund.

5.      Third, the Baldassarras and BSG Management made numerous false and misleading statements to induce investors to invest with the Fund.  In addition to the misstatements noted above, they falsely promised investors that a certain Series – related to Qualified Small Business Stock – would generate tax-free returns, when in fact the funds were not invested as promised and do not qualify for favorable tax treatment. They made false statements about the Fund's recordkeeping practices and financial statements. And finally, as noted above, they misled investors about the profitability of the MCA investments.

6.       Fourth, Defendants engaged in additional deceptive conduct in their operation of the Fund, all of which resulted in fraud on the Fund and its investors.

7.       In addition, the Baldassarras and BSG Management are investment advisers to the BSG Fund, and thus have critical fiduciary obligations to their client, including duties of loyalty and care, which impose on them an affirmative duty of utmost good faith, and an obligation to provide full and fair disclosure of all material facts. Through the conduct alleged below, the Baldassarras and BSG Management fell vastly short of these obligations.

8.       From the more than $1 billion that Defendants have raised, the Baldassarras have transferred (or had investors send money to BSG Management directly) approximately $880 million to BSG Management. From these funds, Feingold and the Baldassarras have transferred approximately $170 million to the Baldassarras and to entities under the control of Feingold or the Baldassarras.

9.       By engaging in the conduct alleged in this complaint, Defendants Feingold, Joseph Baldassarra, Steven Baldassarra, BSG Management, and BSI (collectively "Defendants") violated the antifraud provisions of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], and Section 10(b) of the Exchange Act of 1934 ("Exchange Act") [15

U.S.C. § 78j(b)], and Exchange Act Rule 10b-5(a) and (c) thereunder [17 C.F.R. § 240.10b-5(a) and (c)]. In addition, Defendants BSG Management and the Baldassarras, violated the antifraud provisions of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Exchange Act Rule 10b-5(b) thereunder [17 C.F.R. § 240.10b-5(b)]. The Baldassarras and Feingold are also liable as control persons over BSG Management and BSI pursuant to Section 20(a) of the Exchange Act [15 U.S.C. § 78t(a)].

10.     In addition, BSG Funds' investment advisers, Defendants BSG Management and the Baldassarras (collectively "BSG Fund's Investment Advisers"), breached the fiduciary duties they owed to the BSG Fund in violation of the antifraud provisions of Sections 206(1) and 206(2) of the Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1) and 80b-6(2)].

11.     Furthermore, Relief Defendants Josephbenjamin, Inc. ("Joseph Benjamin"), owned and controlled by Joseph Baldassarra, and Just A Nice Day, Inc. ("Just a Nice Day"), owned and controlled by Steven Baldassarra (collectively, "Relief Defendants") have each received substantial illicit proceeds from the Defendants' fraud to which they have no legitimate claim and under circumstances in which it is not just, equitable, or conscionable for them to retain the funds.

## II.    PARTIES AND RELATED ENTITIES

### a.    Defendants

12.     David J. Feingold, Esq. ("Feingold"), age 58, is a resident of Aventura, Florida. Feingold is the Chief Executive Officer ("CEO") of BSI and a control person over BSI and BSG Management. The Baldassarras have delegated the management of many, including the largest, business lines funded by BSG Fund, including real estate infrastructure projects and merchant cash advance ("MCA portfolios"), to Feingold. Feingold is an attorney licensed in the state of

Florida. In 1999, the Commission entered an order against Feingold to cease and desist from committing or causing any violations of Section 5 of the Securities Act and Rule 10b-13 of the Exchange Act.

13.     Joseph B. Baldassarra, age 48, is a resident of Simpsonville, South Carolina. He is a managing member of BSG Management, the President of BSI, and a control person over BSI and BSG Management. His responsibilities include: acting as investment adviser to the BSGF Fund, along with Defendants BSG Management and Steven Baldassarra; soliciting investors for BSG Fund; and supervising BSI's internal sales staff who, among other things, solicit investors for BSG Fund. Joseph Baldassarra was associated with several registered broker-dealers between 1998 and 2016.

14.     Steven S. Baldassarra, age 49, is a resident of Simpsonville, South Carolina. He is a managing member of BSG Management, the chief operating officer ("COO") of BSI, and a control person over BSI and BSG Management. His responsibilities include: acting as investment adviser to the BSG Fund, along with Defendants BSG Management and Joseph Baldassarra; and performing back-office functions for BSG Fund, including overseeing BSG Fund's and BSG Management's bank accounts, and its accounting staff. Steven Baldassarra was associated with several registered broker-dealers between 1998 and 2016.

15.     Broad Street Global Management LLC ("BSG Management") is a South Carolina LLC that was formed on or about October 2018. BSG Management is the designated manager of BSG Fund. BSG Management is owned and managed by the Baldassarras and is controlled by the Baldassarras and Feingold. BSG Management (through the Baldassarras) acts as an investment adviser with respect to BSG Fund. BSG Management has received approximately $9

million directly from investors and more than $871 million from the bank accounts of BSG Fund and BSG Series CM, LLC's ("BSG CM Series") bank accounts.

16.     Broad Street Inc. ("BSI") is a Delaware corporation that was formed on or about June 2022. BSI's voting shares are owned in equal parts by the Baldassarras and Feingold and unanimity by all three is required for shareholder decisions. Since approximately June 2022 through the present, Feingold has been the CEO, Joseph Baldassarra has been the President, and Steven Baldassarra has been the COO, of BSI. Feingold and the Baldassarras control BSI. BSI has received more than $200,000, an interest in a registered broker-dealer, and ownership over certain real estate assets.

### A.     Relief Defendants

17.     Josephbenjamin, Inc. ("Joseph Benjamin") is a South Carolina corporation owned and controlled by Joseph Baldassarra. Through Joseph Benjamin, Joseph Baldassarra received more than $65 million of illicit proceeds.

18.     Just a Nice Day, Inc. ("Just A Nice Day") is a South Carolina corporation owned and controlled by Steven Baldassarra. Through Just a Nice Day, Steven Baldassarra received more than $50 million of illicit proceeds.

### B.     Related Entities

19.     Broad Street Global Fund LLC ("BSG Fund") is a multi-Series Delaware LLC that was formed on or about September 14, 2020. BSG Fund is a private equity fund. BSG Fund has no managing board and thus cannot act for itself. Instead, BSG Fund's operating agreement vests all authority to act for BSG Fund in its manager BSG Management (or its agents). BSG Fund has directly received more than $868 million from investors in exchange for limited partnership interests in BSG Fund.

20.     Broadstreet Global Holdings, LLC ("BSG Holdings") is a South Carolina LLC. BSG Holdings is owned and managed by the Baldassarras. BSG Holdings receives funds to pay the expenses for BSG Fund, BSG Management, and BSI. BSG Holdings has received more than $134.5 million from BSG Management.

21.     BSG Series CM, LLC ("BSG Series CM") is a South Carolina LLC that is owned and managed by the Baldassarras. BSG Series CM is related to one or more crypto asset mining Series in the BSG Fund that is offered and sold by BSG Management and BSI. Its bank accounts have received approximately $199 million from investors.

22.     BSG Management, BSI, BSG Fund, BSG Holdings, and BSG Series CM are referred to herein as the "Broad Street Entities."

## III.    **JURISDICTION AND VENUE**

23.     This Court has jurisdiction over this action pursuant to Sections 20(b), 20(d), and 22(a) of the Securities Act [15 U.S.C. §§ 77t(b), 77t(d), and 77v(a)]; Sections 21(d), 21(e), and 27(a) of the Exchange Act [15 U.S.C. §§ 78u(d), 78u(e) and 78aa(a)]; and Sections 209(d) and 214(a) of the Advisers Act [15 U.S.C. §§ 80b-9(d) and 80b-14(a)].

24.     Defendants, directly or indirectly, singly or in concert with others, made use of the means or instruments of transportation or communication in interstate commerce, the means and instrumentalities of interstate commerce, or of the mails, in connection with the acts, practices, and courses of business set forth in this Complaint.

25.     This Court has personal jurisdiction over the Defendants and Relief Defendants and venue is proper in the Southern District of Florida pursuant to Section 20(b), 20(d)(1), and 22(a) of the Securities Act [15 U.S.C. §§ 77t(b), 77t(d)(1), and 77v(a)]; Section 21(d) and 27 of the Exchange Act [15 U.S.C. §§ 78u(d) and 78aa]; Sections 209(d) and 214(a) of the Advisers

Act [15 U.S.C. §§ 80b-9(d) and 80b-14(a)]; and 28 U.S.C. § 1391(b) because, among other

reasons: (a) Defendant Feingold, CEO of Defendant BSI and an undisclosed control person of

Defendant BSG Management has resided in this district since at least June 2022; (b) Defendant

BSI has additional staff that work on behalf of the Broad Street Entities that reside in this district,

some of whom are also shareholders of Defendant BSI; (c) an accounting firm used by

Defendants is located in this district; (d) the home builder associated with BSG Fund's custom

home sub-Series whose "nerve center" is located in this district has filed for bankruptcy in this

District; (e) more than 70 investors that have invested in the BSG Fund reside in this district; (f)

a registered broker used to solicit investors and is partially owned by Defendant BSI is located in

this district; and (g) many of the acts, practices, transactions, and courses of business alleged in

this Complaint occurred within this district.

IV.   **FACTUAL ALLEGATIONS**

    A.   **BSG Fund's Formation, Operation, and Relation to the Broadstreet Enterprise**

        i.   **BSG Fund and the Broad Street Entities**

26.   BSG Fund was formed in September 2020 to operate as a private equity fund. In

the fourth quarter of 2020, BSG Fund purchased substantially all of the investment assets of

Broad Street Global Fund SCSp, a Luxembourg entity, which was a predecessor fund to the BSG

Fund.

27.   BSG Fund's offering materials claim that it is divided into a number of Series,

each of which focuses on a separate and distinct investment opportunity.

28.   BSG Fund is managed by BSG Management, which has authority to manage BSG

Fund's activities. Joseph Baldassarra and Steven Baldassarra are the managing members of BSG

Management, and BSG Management acts through the Baldassarras. Throughout the Relevant

Period, BSG Management has been controlled by the Baldassarras and since June 2022, as alleged further below, Feingold has also controlled BSG Management.

29.     BSG Management is not registered as an investment adviser with the SEC, although as alleged below it acts as an investment adviser with respect to BSG Fund.

30.     In or around June 2022, Feingold formed and became the CEO of BSI. Joseph Baldassarra is the President of BSI and Steven Baldassarra is the Chief Operating Officer of BSI. The sales staff that solicits investors for BSG Fund are BSI personnel. BSI owns at least some of the real estate assets acquired with BSG Fund's funds. BSI oversees assets in which BSG Fund has invested.

31.     From at least July 2022 until the present, BSI's publicly-available website contains information about certain of the Broad Street Entities, and illustrates the related nature of the Broad Steet Entities and the BSG Fund Series. For example, from approximately July 2022 through approximately March 2024, the following diagram was included on BSI's website:



### i. BSG Management and BSI Offered and Sold More Than $1 Billion of Securities.

32.     From October 1, 2020 through the present ("Relevant Period"), investors have deposited more than $1 billion in the bank accounts of BSG Fund, BSG Series CM, and BSG Management. Of this amount, investors deposited approximately $868 million in the BSG Fund's bank accounts, approximately $199 million in BSG CM Series' bank accounts, and approximately $9 million in BSG Management's bank accounts.

33.     From the more than $1 billion that investors deposited in the above referenced bank accounts, approximately $880 million has been transferred to (or directly deposited) in BSG Management's bank accounts and extensively commingled. The chart below demonstrates the flow of investor funds to BSG Management:



34.     During the Relevant Period, BSG Management has continuously solicited money from, and offered and sold BSG Fund LLC units in a variety of Series to investors.

35.     From approximately October 1, 2020 until approximately May 2022, BSG Management used an internal sales staff to offer and sell BSG Fund LLC units. The internal sales staff was used to, among other things: (a) solicit investors; (b) send out offering materials; (c) prepare closing resolutions; and (d) assist with the preparation of account statements.

36.     From approximately June 2022, until at least October 31, 2024, BSG Management and BSI have used an internal sales staff comprised of BSI personnel to offer and sell BSG Fund LLC units. BSI's staff is used to, among other things: (a) solicit investors; (b) send out offering materials; (c) prepare closing resolutions; and (d) assist with the preparation of account statements.

37.     In addition, since at least August 2022, BSG Management has utilized registered broker-dealers to sell the offering pursuant to placement agreements.

38.     As a result of the solicitation efforts undertaken by BSG Management, BSI, and associated broker-dealers, BSG Management has raised more than $1 billion on behalf of the BSG Fund from over a thousand passive investors. These investors are located across the United States, including in this district, and abroad.

39.     The BSG Fund LLC units that BSG Management offered and sold to investors are securities as defined in Section 2(a)(1) of the Securities Act [15 U.S.C. § 77b(a)(1)] and Section 3(a)(10) of the Exchange Act [15 U.S.C. § 78c(a)(10)]. Section 2(a)(l) of the Securities Act and Section 3(a)(10) of the Exchange Act define "security" to include, among other things, "investment contracts." An investment contract exists where a person invests his or her money,

in a common enterprise, with a reasonable expectation of profits to be derived solely from the efforts of others.

40.     Investors in BSG Fund committed funds in cash or via wire transfer to participate in an investment opportunity. They were promised significant returns, which were to be generated from passive business opportunities described in each of the Series' pitch decks.

41.     BSG Fund's numerous investors have no ability to influence the management of BSG Fund under its operating agreement and are wholly dependent on the efforts of the Baldassarras and Feingold to select and oversee investments to generate their expected returns.

42.     BSG Fund has no way to act independently from BSG Management.

    **ii.      The Offering Documents**

























































































**H.** **Relief Defendants Received Proceeds or Own or Maintain Assets from Defendants' Fraud to Which They Have No Legitimate Claim.**

252.    As alleged above, Joseph Benjamin is the entity through which Joseph Baldassarra received approximately $65.7 million in payments from the Broad Street Entities' bank accounts from at least January 1, 2020 through at least October 31, 2024. Joseph Benjamin has no legitimate claim to those funds. As a result, those funds should be returned to defrauded investors and to the BSG Fund.

253.    As alleged above, Just A Nice Day is the entity through which Steven Baldassarra received approximately $53.2 million in payments from the Broad Street Entities' bank accounts from at least January 1, 2020 through at least October 31, 2024. Just A Nice Day has no legitimate claim to those funds. As a result, those funds should be returned to defrauded investors and to the BSG Fund.

**IV.** **CLAIMS FOR RELIEF**

**First Claim for Relief**
**Violations of Sections 17(a)(1) and (3) of the Securities Act**
**(Against All Defendants)**

254.    The Commission repeats and realleges Paragraphs 1 through 253 of this Complaint.

255.    Defendants, directly or indirectly, in the offer or sale of securities by the use of means or instruments of transportation or communication in interstate commerce or by use of the

mails, acting with the requisite state of mind: (a) employed devices, schemes, or artifices to defraud and (b) engaged in transactions, practices, or courses of business which operated or would operate as a fraud or deceit upon the purchaser.

256.     By engaging in the conduct described above, Defendants violated, and unless restrained and enjoined will continue to violate, Sections 17(a)(1) and (3) of the Securities Act [15 U.S.C. §§ 77q(a)].

<u>Second Claim for Relief</u>
**Violation of Section 17(a)(2) of the Securities Act**
**(Against BSG Management, Joseph Baldassarra, Steven Baldassarra and Feingold)**

257.     The Commission repeats and realleges Paragraphs 1 through 253 of this Complaint.

258.     BSG Management, Joseph Baldassarra, Steven Baldassarra, and Feingold, directly or indirectly, in the offer or sale of securities by the use of means or instruments of transportation or communication in interstate commerce or by use of the mails, acting with the requisite state of mind obtained money or property by means of untrue statements of a material fact or by omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

259.     By engaging in the conduct described above, BSG Management, Joseph Baldassarra, Steven Baldassarra, and Feingold violated, and unless restrained and enjoined will continue to violate, Section 17(a)(2) of the Securities Act [15 U.S.C. §§ 77q(a)].

<u>Third Claim for Relief</u>
**Violations of Sections 10(b) of the Exchange Act and Rules 10b-5(a) and (c)**
**(Against All Defendants)**

260.     The Commission repeats and realleges Paragraphs 1 through 253 of this Complaint.

261.     Defendants, directly or indirectly, in connection with the purchase or sale of a security, and by the use of means or instrumentalities of interstate commerce, of the mails, or of the facilities of a national securities exchange, knowingly and severely recklessly: employed devices, schemes, or artifices to defraud and engaged in acts, practices, or courses of business which operated or would operate as a fraud or deceit upon other persons.

262.     By engaging in the conduct described above, Defendants, directly and indirectly, have violated and unless enjoined, are reasonably likely to continue to violate, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5(a) and (c) [17 C.F.R. § 240.10b-5(a) and (c)] thereunder.

**Fourth Claim for Relief**
**Violations of Sections 10(b) of the Exchange Act and Rules 10b-5(b)**
**(Against BSG Management, Joseph Baldassarra, and Steven Baldassarra)**

263.     The Commission repeats and realleges Paragraphs 1 through 253 of this Complaint.

264.     Defendants BSG Management, Joseph Baldassarra, and Steven Baldassarra, directly or indirectly, in connection with the purchase or sale of a security, and by the use of means or instrumentalities of interstate commerce, of the mails, or of the facilities of a national securities exchange, knowingly and severely recklessly made untrue statements of a material fact or omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.

265.     By engaging in the conduct described above, BSG Management, Joseph Baldassarra, and Steven Baldassarra, directly and indirectly, have violated and unless enjoined, are reasonably likely to continue to violate, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5(b) [17 C.F.R. § 240.10b-5(b)] thereunder.

**Fifth Claim for Relief**
**Violations of Sections 206(1) and 206(2) of the Advisers Act**
**(Against BSG Management, Joseph Baldassarra, and Steven Baldassarra)**

266.    The Commission repeats and realleges Paragraphs 1 through 253 of this

Complaint.

267.    Defendants BSG Management, Joseph Baldassarra, and Steven Baldassarra are

investment advisers as defined by Section 202(a)(11) of the Advisers Act [15 U.S.C. § 80b-

2(a)(11)].

268.    Defendants BSG Management, Joseph Baldassarra, and Steven Baldassarra, while

acting as investment advisers, directly or indirectly, by use of the mails or means and

instrumentalities of interstate commerce, acting with the requisite state of mind: (a) employed or

are employing devices, schemes or artifices to defraud clients or prospective clients; and (b)

engaged in or are engaging in transactions, practices, or courses of business which operated as a

fraud or deceit upon clients or prospective clients.

269.    By engaging in the conduct described above, Defendants violated, and unless

restrained and enjoined, will continue to violate, Sections 206(1) and 206(2) of the Advisers Act

[15 U.S.C. §§ 80b-6(1) and 80b-6(2)].

**Sixth Claim for Relief**
**Control Person Liability for BSG Management's and BSI's**
**Violations of the Exchange Act**
**(Against Feingold, Joseph Baldassarra, and Steven Baldassarra)**

270.    The Commission repeats and realleges Paragraphs 1 through 253 of this

Complaint.

271.    As alleged above, Defendant BSG Management violated Section 10(b) of the

Exchange Act and Rule 10b-5 thereunder and Defendant BSI violated Section 10(b) of the

Exchange Act and Rules 10b-5(a) and (c) thereunder.

272.    Defendants Feingold, Joseph Baldassarra, and Steven Baldassarra, directly or indirectly, each controlled Defendants BSG Management and BSI by possessing, directly or indirectly, the power to direct or cause the direction of the management and policies of Defendants BSG Management and BSI through the ownership of voting securities, by contract, or otherwise, which resulted in Defendant's BSG Management's and BSI's primary liability.

273.    Defendants Feingold, Joseph Baldassarra, and Steven Baldassarra, directly or indirectly, each exercised actual control over BSG Fund and BSI, by exercising their power to control the general affairs of BSG Fund and BSI, and exercised their power to control or influence the specific corporate policy of BSG Fund and BSI, which resulted in Defendant's BSG Management's and BSI's primary liability.

274.    Defendants Feingold, Joseph Baldassarra, and Steven Baldassarra are each liable as a control person under Section 20(a) of the Exchange Act [15 U.S.C. § 78t(a)] for BSG Fund's and BSI's violations of the Exchange Act.

275.    By engaging in the conduct described above, Defendants Feingold, Joseph Baldassarra, and Steven Baldassarra, each violated, and unless restrained and enjoined, will continue to violate, Section 20(a) of the Exchange Act [15 U.S.C. § 78t(a)].

## Seventh Claim for Relief
### Disgorgement from Relief Defendants – Pursuant to Section 6501 of the National Defense Authorization Act for Fiscal Year 2021, Pub. L. No. 116-283 and Equitable Principles (Against All Relief Defendants)

276.    The Commission repeats and realleges Paragraphs 1 through 253 of this Complaint.

277.    Each Relief Defendant obtained money, property, or assets that are the proceeds of, or are traceable to, the proceeds of the fraud and violations of the securities laws by Defendants.

278.     Each Relief Defendant has no legitimate claim to these illicit proceeds or assets, having obtained the funds under circumstances in which it is not just, equitable, or conscionable for it to retain the funds or assets, and therefore each of them has been unjustly enriched.

## V.     PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully requests the Court find the Defendants committed the violations alleged, and enter the following relief:

### A.     Injunctions

Enter an injunction, in a form consistent with Rule 65 of the Federal Rules of Civil Procedure, permanently restraining and enjoining Defendants and their agents, servants, employees, attorneys, and accountants, and those persons in active concert or participation with him or it, who receive actual notice of the Final Judgment by personal service or otherwise, and each of them, from engaging in transactions, acts, practices, and courses of business described herein, and from engaging in conduct of similar purport and object in violation of Section 17(a) of Securities Act [15 U.S.C. § 77q(a)]; Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder; and Section 20(a) of the Exchange Act; and, as to Defendants BSG Management, Joseph Baldassarra, and Steven Baldassarra, Sections 206(1) and 206(2) of the Advisers Act [15 U.S.C. §§ 80b-6(1) and 80b-6(2)].

Issue an order permanently enjoining Feingold, Steven Baldassarra, and Joseph Baldassarra, from directly or indirectly participating in the issuance, purchase, offer, or sale of any security, provided, however, that such injunction shall not prevent any of them from purchasing or selling securities for their own personal account.

### B.     Disgorgement

Issue an order directing Defendants and Relief Defendants to disgorge all ill-gotten gains received, directly or indirectly, including prejudgment interest, derived from the acts or courses of conduct alleged in this Complaint. In addition, issue an order finding that Defendants Feingold, Joseph Baldassarra, and Steven Baldassarra, jointly and severally liable for disgorgement ordered against Defendants BSI and BSG Management.

**C.      Civil Monetary Penalties**

Issue an order directing Defendants to pay civil money penalties pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)], and, in addition, as to Defendants BSG Management, Joseph Baldassarra, and Steven Baldassarra, Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)].

**D.      Further Relief**

Grant such other and further relief as may be necessary and appropriate.

**E.      Retention of Jurisdiction**

Issue an order retaining jurisdiction over this action and over Defendants in order to implement and carry out the terms of all orders that may be entered, or to entertain any suitable application or motion by the SEC for additional relief within the jurisdiction of this Court.

**DEMAND FOR JURY TRIAL**

The SEC hereby demands a trial by jury on any and all issues in this action so triable.

Respectfully submitted,

Dated: January 29, 2025              By: s:/ Christopher E. Martin
                                     Christopher E. Martin, Esq.
                                     S.D. Fla Bar No. A5500747
                                     (303) 844-1106
                                     martinc@sec.gov

                                     Terry R. Miller
                                     S.D. Fla. Bar No. A5503312

(303) 844-1041
millerte@sec.gov

Jacqueline M. Moessner
S.D. Fla. Bar No. A5503301
(303) 844-1031
moessnerj@sec.gov

Attorneys for Plaintiff
UNITED STATES SECURITIES AND
EXCHANGE COMMISSION
1961 Stout Street, 17th Floor
Denver, Colorado 80294
(303) 844-1000