UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-cv-20436

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

DAVID J. FEINGOLD,
JOSEPH B. BALDASSARRA,
STEVEN S. BALDASSARRA,
BROAD STREET GLOBAL MANAGEMENT, LLC, and
BROAD STREET INC.,

        Defendants, and

JOSEPHBENJAMIN, INC.,
JUST A NICE DAY, INC.,

        Relief Defendants,
_____/

**SECURITIES AND EXCHANGE COMMISSION'S *EXPEDITED MOTION* TO FILE A REDACTED COMPLAINT AND TO SUBMIT OTHER PAPERS UNDER SEAL**

Pursuant to Local Rule for the United States District Court for the Southern District of Florida ("Local Rule") 5.4(b), Plaintiff, the Securities and Exchange Commission ("SEC"), moves for an order permitting the SEC's redacted Complaint to remain on file on a temporary basis, permitting the SEC to submit other documents under seal on a temporary basis, and providing Defendants an opportunity to explain why any of them should remain redacted or under seal. Specifically, for the reasons below, the SEC requests permission to submit the following under seal:

1) Expedited Motion and Memorandum of Law for Asset Freeze and Other Relief and declarations and exhibits submitted in support;

2) Expedited Motion and Memorandum of Law for Appointment of a Receiver; and

1

3) Unredacted version of complaint.

## Expedited Treatment Requested

The SEC requests an expedited ruling on this motion under Local Rule 7.1(d)(2). The SEC requests a ruling on this motion by Friday, January 31, 2025. An expedited ruling by that date is needed to promptly file the SEC's Expedited Motion and Memorandum of Law for Temporary Injunctions, Asset Freeze and Other Relief and declarations and exhibits submitted in support thereof, and the SEC's Expedited Motion and Memorandum of Law for an Appointment of a Receiver, which seek to protect investors from further harm by Defendants' ongoing fraudulent scheme. The SEC will serve Defendants and Relief Defendants with these papers on the day this motion is filed so that they have time to prepare any response.

## INTRODUCTION

As explained in an unredacted introduction to its Complaint, the SEC alleges that Defendants engaged in a large offering fraud and asserts claims that Defendants violated the antifraud provisions of various federal securities laws. The SEC also seeks temporary and preliminary relief, including an order freezing assets and the appointment of a receiver. The SEC believes that the facts and evidence submitted with and discussed in these papers do not warrant sealing under this Court's rules, including Local Rule 5.4(a). However, the SEC submits this motion because Defendants sought and obtained an order in a separate action in the Northern District of Texas that permitted them to submit information under seal that overlaps with the facts and evidence in this action. Out of an abundance of caution, the SEC therefore asks the Court to permit it to submit certain documents under seal on a temporary basis and provide Defendants with an opportunity to show why any documents or other evidence should remain under seal.

## BACKGROUND

The Defendants filed an action against the SEC in the Northern District of Texas, Fort Worth Division, in August of 2024 captioned *Broadstreet, Inc. et al. v. Securities and Exchange Commission*, Case No. 4:24-803-O (N.D. Texas) ("Texas Action"). In that action, Defendants alleged that the SEC was investigating them for violations of the federal securities laws and sought orders prohibiting the SEC from pursuing its investigation or an enforcement action. The Court in the Texas Action denied the Defendants' motion for preliminary injunction because Defendants failed to show a likelihood of success on the merits. Texas Action ECF 38 at 7. Defendants appealed that order and the Texas Action is pending.

In the Texas Action, the Defendants (plaintiffs in that suit) sought an order for leave to submit under seal numerous documents, including investor offering documents, on the grounds that they contained non-public, proprietary, and sensitive information, including the identification of non-parties that do business with them. *See* Texas Action ECF 55. On January 8, 2025, the court in the Texas Action issued an order permitting Defendants to submit many documents under seal. Texas Action ECF 59. That order is attached to this motion as **Exhibit 1**.

The SEC's Complaint in this case, as well as its motions for an order freezing assets and for appointment of a receiver, quote and discuss many of the documents that remain under seal in the Texas action. Those papers also quote and discuss information similar to the documents that remain under seal in the Texas Action.

## ARGUMENT

Courts "have discretion to determine which portions of the record should be placed under seal, but [such] discretion is guided by the presumption of public access to judicial documents." *PayRange, Inc. v. KioSoft Technologies, LLC*, 2021 WL 11726567, at *1 (S.D. Fla. 2021). When

exercising that discretion, courts balance the competing interests of the parties to determine whether "good cause" exists to deny the public's access to documents. *Id.*

> In considering the public interest of disclosure against a party's interest in preventing that disclosure, courts consider, among other things: (1) whether allowing access would impair court functions or harm legitimate privacy interests, (2) the degree of and likelihood of injury if made public, (3) the reliability of the information, (4) whether there will be an opportunity to respond to the information, (5) whether the information concerns public officials or public concerns, and (6) the availability of a less onerous alternative to sealing the documents.

*Id.*

Absent the order in the Texas Action, the SEC does not believe that any documents filed in this action should be filed under seal under the Court's standard for filing documents under seal. Nevertheless, permitting the SEC to submit the documents listed above under seal on a temporary basis would allow this case to move forward and provide Defendants an opportunity to meet their burden to overcome the policy that favors public disclosure.

To that end, the SEC notes that the vast majority of documents the SEC submits in this case were produced pursuant to the SEC's Form 1662 (attached hereto as **Exhibit 2**), which details what the SEC may do with information provided to it. Specifically, the SEC's Form 1662 at 3 provides under Section G, Principal Uses of Information:

> The Commission's principal purpose in soliciting the information is to gather facts in order to determine whether any person has violated, is violating, or is about to violate any provision of the federal securities laws or rules for which the Commission has enforcement authority, such as rules of securities exchanges and the rules of the Municipal Securities Rulemaking Board. Facts developed may, however, constitute violations of other laws or rules. **Information provided may be used in Commission and other agency enforcement proceedings. Unless the Commission or its staff explicitly agrees to the contrary in writing, you should not assume that the Commission or its staff acquiesces in, accedes to, or concurs or agrees with, any position, condition, request, reservation of right, understanding, or any other statement that purports, or may be deemed, to be or to reflect a limitation upon the Commission's receipt, use, disposition,**

4

> **transfer, or retention, in accordance with applicable law, of information provided.**

(emphasis added).

Neither the Commission nor its staff agreed to any limits on the SEC's use of information received from Defendants. Further, the SEC also notes that Defendants argued in support of their motion to seal in Texas that the information sought to be sealed would identify non-parties that do business with them. However, Defendants identify by name at least some of the same non-parties on their website. *See* https://broadstreetprivateequity.com/

## CONCLUSION

In light of the foregoing, the SEC requests an order that:

(1) permits the SEC's Complaint to remain redacted on a temporary basis;

(2) permits the SEC to submit the above-listed documents under seal;

(3) within seven days of their receipt of the order, requires Defendants to identify which, if any, documents or information they believe should remain under seal and the reasons why;

(4) permits the SEC to file any opposition to Defendants' request to have documents remain under seal within seven days;

(5) directs the SEC to publicly file any document or exhibit previously filed under seal in this matter not identified by Defendants as documents that should remain under seal within seven days; and

(6) for any documents identified by Defendants within seven days that they believe should remain under seal, permits those documents to remain under seal until further order of the Court.

Respectfully submitted,

Dated: January 29, 2025.   By: */s Jacqueline M. Moessner*
Jacqueline M. Moessner
S.D. Fla. Bar No. A5503301
(303) 844-1031
moessnerj@sec.gov

Christopher E. Martin, Esq.
S.D. Fla Bar No. A5500747
(303) 844-1106
martinc@sec.gov

Terry R. Miller, Esq.
S.D. Fla. Bar No. A5503312
(303) 844-1041
millerte@sec.gov

Attorneys for Plaintiff
UNITED STATES SECURITIES AND
EXCHANGE COMMISSION
1961 Stout Street, 17th Floor
Denver, Colorado 80294
(303) 844-1000