UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-cv-20436-DPG

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

DAVID J. FEINGOLD,
JOSEPH B. BALDASSARRA,
STEVEN S. BALDASSARRA,
BROAD STREET GLOBAL MANAGEMENT, LLC, and
BROAD STREET INC.,

        Defendants, and

JOSEPHBENJAMIN, INC., and
JUST A NICE DAY, INC.,

        Relief Defendants.

_____

**JOINT STIPULATED MOTION TO APPOINT A MONITOR,
ADJOURN THE APRIL 22, 2025 HEARING, AND FOR OTHER RELIEF**

Plaintiff Securities and Exchange Commission, Defendants David J. Feingold, Joseph B. Baldassarra, Steven S. Baldassarra, Broad Street, Inc. ("BSI"), and Broad Street Global Management ("BSG Management") (collectively, "Defendants"), and Relief Defendants Josephbenjamin, Inc. and Just A Nice Day Inc. (collectively, "Relief Defendants") jointly move the Court to:

(1) enter the attached proposed Order Granting Stipulated Motion to Appoint a Monitor and Other Additional Relief (the "Proposed Order"), which would resolve the SEC's pending motion seeking temporary and preliminary injunctions, including an asset freeze order (ECF 9, "PI Motion"), and motion for the appointment of a receiver (ECF 13, "Receiver Motion");

1

(2) if the Proposed Order is entered, vacate the April 22, 2025 hearing scheduled regarding the PI Motion and Receiver Motion[1]; and

(3) once the hearing is vacated, release Ms. Davis, who was testifying at the time the hearing was adjourned.

## I.   Procedural Background

The SEC filed this enforcement action against Defendants and Relief Defendants on January 29, 2025. At the same time, the SEC also filed the PI Motion and the Receiver Motion. On February 14, 2025, Defendants and Relief Defendants filed oppositions to the PI Motion and the Receiver Motion. ECF 54 & 55. On February 21, 2025, the SEC filed replies in support of the PI Motion and Receiver Motion. ECF 66 & 67.

The Court held a hearing on the PI Motion and Receiver Motion that began on February 26, 2025, and was scheduled to resume the following day. Prior to resuming on February 27, the parties reached a tentative agreement that would resolve the PI Motion and the Receiver Motion, and the Court granted the SEC's unopposed motion to vacate the hearing to allow the parties to document that tentative agreement. ECF 79 & 80.

This motion and the attached Proposed Order reflect the parties' agreement to resolve the PI Motion and Receiver Motion.

## II.   The Proposed Order, Including the Appointment of a Monitor, is Appropriate.

Section 21(d)(5) of the Securities Exchange Act of 1934 provides that courts may grant "any equitable relief that may be appropriate or necessary for the benefit of investors." It is well within the equitable powers of the Court to appoint an independent corporate monitor to monitor

---

[1] In the event that the Court does not enter the Proposed Order in advance of the April 22, 2025 hearing, the parties request that the April 22, 2025 hearing be further adjourned until the Court rules on this motion.

and report on the operations of corporate entities to protect investors' interests. *See, e.g.*, *SEC v. Xia*, Case No., 21-CV-5350, 2024 WL 3592170, at *2 (E.D.N.Y. July 26, 2024) (noting district court granted SEC's motion to appoint a corporate monitor); *SEC v. GPB Capital Holdings, LLC*, Case No. 21-CV-583, 2023 WL 8468467, at *3 (E.D.N.Y. Dec. 7, 2023) (same).

To resolve the PI Motion and Receiver Motion, as detailed more fully below and in the parties' proposed order, the SEC, Defendants, and Relief Defendants have agreed to the appointment of a monitor over corporate defendants BSGM, BSI as well as the issuer, Broad Street Global Fund, LLC, its affiliates Broadstreet Global Holdings, LLC and BSG Series CM, LLC, and Relief Defendants Just a Nice Day, Inc. and Josephbenjamin, Inc. (together the "Monitorship Entities"). Among other things, the Monitor is authorized and empowered to review the books and records of all Monitorship Entities (Proposed Order ¶ 6), shall be made aware of all material business decisions prior to those decisions being implemented (Proposed Order ¶ 10), and shall review the allegations of the SEC's Complaint, PI Motion, and Receiver Motion, and make recommendations and issue reports regarding his or her assessment of the ongoing operations of the Monitorship Entities and the SEC's allegations (Proposed Order ¶ 11).

The Proposed Order also provides that "Defendants shall transfer all assets purchased with BSG Fund investor monies to an entity or entities owned by the appropriate series of the BSG Fund" (Proposed Order ¶ 24), that "Defendants shall promptly retain an independent and suitable auditing firm, and the SEC shall be promptly informed of the identify and qualifications of the firm selected" (Proposed Order ¶ 25), and that certain provisions of the Court's Order Granting Stipulation and Joint Motion of Parties on Procedure for SEC's Motions for Temporary and Preliminary Relief (Docket Entry 18), as modified by the Order Granting Stipulation and Joint Motion to Modify Stipulated Order (Docket Entry 88), shall remain in full force and effect

until further order of the Court.

Finally, the parties have agreed to the appointment of Jeffrey Schneider as monitor, with the duties set forth in the Proposed Order. Mr. Schneider's credentials and qualifications were previously submitted in Exhibit 1 to the Receiver Motion. ECF 13.

### Conclusion

The Proposed Order is the result of significant negotiation between the parties and, as discussed above, it is well within the Court's equitable powers. Accordingly, the Court should enter the Proposed Order, vacate the April 22, 2025 hearing, and release Ms. Davis.

Dated: April 18, 2025                              Respectfully submitted,

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION**

By: *Jacqueline M. Moessner*
Jacqueline M. Moessner
S.D. Fla. Bar No. A5503301
(303) 844-1031
moessnerj@sec.gov

Terry R. Miller, Esq.
S.D. Fla. Bar No. A5503312
(303) 844-1041
millerte@sec.gov

Attorneys for Plaintiff
UNITED STATES SECURITIES AND
EXCHANGE COMMISSION
1961 Stout Street, 17th Floor
Denver, Colorado 80294
(303) 844-1000

**WELTZ KAKOS GERBI WOLINETZ VOLYNSKY LLP**

 By: *Thomas Scot Wolinetz*
Thomas Scot Wolinetz
Florida Bar No. 1001160

Irwin Weltz (PHV)
1 Old Country Road, Suite 275
Carle Place, New York 11514
Telephone: (212) 202-3176
Facsimile: (516) 855-8776
twolinetz@weltz.law
irwin@weltz.law

*Attorneys for Broadstreet Inc. and David Feingold*

**FOLEY & LARDNER LLP**

By: *Thomas J. Krysa*
Thomas J. Krysa (PHV)
tkrysa@foley.com
1600 16th Street, Suite 200
Denver, CO 80202
Telephone: 720.437.2000

Andrew A. Howell (PHV)
ahowell@foley.com
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: 214.999.3000

Crystal B. Carswell (FBN 108882)
Primary email: ccarswell@foley.com
Secondary email: andre.melo@foley.com
100 North Tampa Street, Suite 2700
Tampa, Florida 33602
Telephone: 813.229.2300

**BERKELEY LAW P.A.**
Lorne E. Berkeley, Esq.
Florida Bar No. 146099
10600 Griffin Road, Suite 104
Cooper City, Florida 33328
Telephone: (954) 719-3484
Lorne@BerkeleyLawFL.com

*Attorneys for Broadstreet Global Management LLC, Joseph B. Baldassarra, and Steven B. Baldassarra*

**MARCUS NEIMAN**
**RASHBAUM & PINEIRO LLP**

By: *Daniel L. Rashbaum*
Daniel L. Rashbaum, Esq.
Florida Bar No. 75084
drashbaum@mnrlawfirm.com
Michael A. Pineiro, Esq.
Florida Bar No. 41897
mpineiro@mnrlawfirm.com
Bryan A. Almeida, Esq.
Florida Bar No. 1005558
balmeida@mnrlawfirm.com

One Biscayne Tower
2 S. Biscayne Blvd., Ste. 2530
Miami, Florida 33131

Jeffrey A. Neiman, Esq.
Florida Bar No. 544469
jneiman@mnrlawfirm.com

One Financial Plaza
100 S.E. 3rd Ave., Ste. 805
Fort Lauderdale, Florida 33394

*Attorneys for Relief Defendants,*
*JosephBenjamin, Inc. and Just a Nice Day, Inc.*