**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:25-cv-20436-DPG**

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

DAVID J. FEINGOLD,
JOSEPH B. BALDASSARRA,
STEVEN S. BALDASSARRA,
BROAD STREET GLOBAL MANAGEMENT, LLC, and
BROAD STREET INC.,

        Defendants, and

JOSEPHBENJAMIN, INC., and
JUST A NICE DAY, INC.,

        Relief Defendants.

_____/

**ORDER GRANTING STIPULATED MOTION**
**TO APPOINT A MONITOR AND OTHER ADDITIONAL RELIEF**

WHEREAS, Plaintiff Securities and Exchange Commission filed a motion seeking temporary and preliminary injunctions, including an asset freeze order, [ECF No. 9, "PI Motion"], and a motion for the appointment of a receiver. [ECF No. 13, "Receiver Motion"];

WHEREAS, the Court held a hearing on the PI Motion and Receiver Motion that began on February 26, 2025, and was scheduled to resume the following day. Prior to resuming on February 27, the Court granted the SEC's unopposed motion to vacate the hearing to allow the parties to document a tentative agreement that would resolve the PI Motion and the Receiver Motion. [ECF Nos. 79, 80];

WHEREAS, pursuant to the agreement to resolve these Motions, the parties submitted a

stipulated motion for appointment of a monitor. [ECF No. 94];

WHEREAS, each party waives and agrees not to make any argument that this Order shall have any impact on the venue of this matter or whether this Court is a convenient forum, and this Order shall not be cited in any motion to transfer venue (*e.g.*, 28 U.S.C. § 1404) or to move the forum of this litigation based upon forum non-conveniens; and

WHEREAS, pursuant to that agreement, all Defendants and Relief Defendants have stipulated to this Order and expressly waived any right to any hearing on this Order pursuant to Fed. R. Civ. P. 65, waived any findings of fact and conclusions of law, and waived any right to appeal, if any, from this Order.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.      Jeffrey Schneider is appointed as monitor ("Monitor") with the powers and duties set forth in this Order. The Monitor is appointed by, reports to, and owes fiduciary duties to the Court. The Monitor shall continue to serve as Monitor until otherwise ordered by the Court.

2.      Defendants David J. Feingold ("Feingold"), Joesph B. Baldassarra ("JB"), Steven S. Baldassarra ("SB"), Broad Street Global Management, LLC ("BSG Management"), Broad Street Inc. ("BSI") (collectively, "Defendants"), shall (i) on a continuing basis, grant the Monitor access to all non-privileged books, records, and account statements for the following entities:  BSG Management, BSI, Broadstreet Global Fund, LLC ("BSG Fund"), Broadstreet Global Holdings, LLC ("BSGH"), BSG Series CM, LLC ("BSGCM"), Relief Defendant Just A Nice Day, Inc. ("Just A Nice Day"), and Relief Defendant Josephbenjamin, Inc. ("Josephbenjamin") (collectively, the "Monitorship Entities") (the Monitorship Entities with Feingold, SB, and JB, shall be collectively referred to as the "BSG Parties"); and (ii) cooperate fully with requests by the Monitor reasonably calculated to fulfilling the Monitor's duties, including, but not limited to, making available any

officer, employee, or outside advisor that the Monitor deems relevant to executing its duties.

3.      Subject to ¶ 26 below, the conditions listed in the Court's stipulated Order dated January 31, 2025, as modified, [ECF Nos. 18, 88], remain in effect, except for paragraph d, which concerns discovery on an expedited basis. Discovery will proceed in the normal course under the Federal Rules of Civil Procedure.

4.      This Order resolves the SEC's PI Motion and Receiver Motion, and only those motions, subject to the SEC's right to renew these motions as set forth below. This Order shall not otherwise affect the SEC prosecuting its case and Complaint (including any subsequent amendments) in this matter. Further, this Order shall not otherwise affect Defendants' and Relief Defendants' ability to defend this case and Complaint (including any subsequent amendments).

5.      Amendments to this Order must be agreed by all parties in writing and approved by the Court.

**I.**

**General Powers and Duties of the Monitor**

6.      The Monitor is authorized and empowered to review the books and records of all Monitorship Entities (excluding privileged or protected communications or subject to work product or common interest – if books and records are withheld from the Monitor based upon any of these privileges, the Monitorship Entities shall promptly produce a privilege log to the Monitor and the SEC and the Monitor or the SEC may petition the Court to decide if the claim of privilege is appropriate), including but not limited to the following specific records (if such records exist):

      a.  all contractual agreements, including leases, and documents related to the BSG Fund's assets;

      b.  all records of transactions by the Monitorship Entities;

c.  all financial statements, bank records, and ledgers of the Monitorship Entities and by series, including any detail of underlying assumptions used in or related to these records;

d.  all records reflecting ownership of assets related to the BSG Fund and which series owns such assets;

e.  all records reflecting the valuation of assets related to the BSG Fund;

f.  all documents related to any changes to ownership of assets related to the BSG Fund or which series owns such assets; and

g.  all communications provided by any of the Monitorship Entities to any BSG Fund investor.

7.  The Monitorship Entities will provide the Monitor with all documents reasonably requested in accordance with ¶ 6, above.

8.  Each Monitorship Entity shall designate to the Monitor an individual who will be the point of contact for that entity. The point of contact for each Monitorship Entity shall promptly respond to questions asked by the Monitor and promptly provide information and documents requested by the Monitor.

9.  The Monitor is authorized and empowered to obtain and review any pleadings and exhibits filed in this matter without regard to any sealing order.

10.  The Monitorship Entities shall make the Monitor aware of all material business decisions prior to those decisions being implemented.

11.  In addition to other obligations as identified herein, the Monitor is directed to review the allegations in the SEC's Complaint, [ECF No. 1], the PI Motion, [ECF No. 9], and the Receiver Motion, [ECF No. 13, "SEC's Allegations"], and make recommendations and issue

reports regarding his or her assessment of the ongoing operations of the Monitorship Entities and the SEC's Allegations. The Monitor is authorized to consult with the SEC about the scope and nature of these issues.

12.     The Monitor shall have the authority to share any findings, documents, or information with the SEC. The SEC shall have the ability to ask reasonable questions, make reasonable inquiries to the Monitor, and provide information or documents to the Monitor. The Monitor shall promptly answer or otherwise respond to such reasonable questions or inquiries. The BSG Parties shall be permitted to communicate with the Monitor as is necessary.

13.     The Monitor may engage and employ persons, including accountants, attorneys, and experts ("Retained Personnel"), to assist in carrying out the Monitor's duties and responsibilities hereunder.

14.     Except as otherwise set forth herein, the Monitor shall not discuss, disclose or otherwise transmit any information, materials, or records related to the BSG Parties (including but not limited to their agents or affiliates) or obtained in connection with this monitorship (the "Information") to any party, individual, entity, law firm or agent not authorized in writing by the BSG Parties to receive such Information. However, this paragraph shall not apply to communications between the Monitor and Retained Personnel.

## II.

## Recommendations and Reports

15.     Within 14 days of the date of this Order, at such other times as the Monitor has information deemed material or as he or she otherwise deems appropriate, when called upon to respond to the SEC questions or inquiries, and within 30 days after the end of each calendar quarter thereafter, the Monitor shall file a redacted report (if necessary, as set forth below) with the Court

and serve on the SEC and Defendants a full report reflecting (to the best of the Monitor's knowledge as of the period covered by the report) the information found and the status of the Monitor's work (the "Quarterly Report"). The Monitor will consult with the BSG Parties to redact or file under seal any commercially sensitive information.  The SEC reserves its right to seek relief from the court to oppose (and remove) any such redactions or motions to seal.  If at any time the Monitor determines that any of the Monitorship Entities are not complying with this Order or have otherwise not cooperated with a reasonable request or recommendation of the Monitor, the Monitor, after the cure period (as set forth herein), shall promptly notify the Court, the Monitorship Entities, and the SEC.

16.     All BSG Fund investors shall be made aware of this Order.  All stipulations related to the Monitor and reports made by the Monitor shall be filed on the Court's public docket, and all BSG Fund investors shall be notified by BSG Management of the filing. The Monitor will consult with the BSG Parties to redact and file under seal any commercially sensitive information, the SEC reserve its right to seek relief from the court to oppose (and remove) any such redactions or motions to seal. In any event, the SEC and BSG Parties shall be provided a full unredacted copy of the Monitor Reports.

### III.

### Compliance with Recommendations

17.     After receipt of notice of any determination and recommendations for action by the Monitor, Defendants shall have 30 days to provide the Monitor and the SEC with evidence that the Monitor's recommendations have been implemented, or that the Monitor's recommendations have been otherwise sufficiently addressed ("Cure Period").

18.     After expiration of the Cure Period, the Monitor shall notify Defendants and the

SEC whether Defendants have implemented the Monitor's recommendations, or that the Monitor's recommendations have been otherwise sufficiently addressed.

19.     Nothing in this Order impacts the ability of any party, and each party reserves the right, to move for any relief from the Court, specifically including but not limited to the SEC renewing its Motion for PI or Motion for Receiver and providing as additional evidence the Monitor's recommendations and other findings.

## IV.

## Liability of Monitor

20.     The Monitor and his agents, including Retained Personnel, acting within the scope of such agency are entitled to rely on all outstanding rules of law and Orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree. In no event shall the Monitor or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Monitor or Retained Personnel.

21.     This Court shall retain jurisdiction over any action filed against the Monitor or Retained Personnel based upon acts or omissions committed in their representative capacities.

22.     In the event the Monitor decides to resign, the Monitor shall first give written notice to the SEC's counsel of record and the Court of its intention, and the resignation shall not be effective until the Court appoints a successor. The Monitor shall then follow such instructions as the Court may provide.

## V.

## Fees and Expenses

23.     Defendants are responsible to pay reasonable fees and expenses of the Monitor, Retained Personnel, and any other professionals or other persons retained by the Monitor to assist

him on this matter on a joint and several basis.  No BSG Fund assets or investor monies may be used to pay such fees and expenses.  Invoices for services rendered pursuant to this Order shall be provided to the BSG Parties on a monthly basis and paid within thirty (30) days from receipt of invoice. Any additional terms agreed to between the BSG Parties and the Monitor, or any other professionals or persons retained by the Monitor, shall be disclosed to the SEC.

## VI.

### Additional Obligations of Defendants

24.     Within a reasonable time and working with the Monitor, subject to the approval of required unrelated third parties, such as third-party commercial lenders, Defendants shall transfer all assets purchased with BSG Fund investor monies to an entity or entities owned by the appropriate series of the BSG Fund.  Defendants shall use all reasonable efforts to obtain any necessary approvals to accomplish these transfers.

25.     Defendants shall promptly retain an independent and suitable auditing firm, and the SEC shall be promptly informed of the identify and qualifications of the firm selected.  Defendants shall cause such firm to promptly conduct an accounting of assets, liabilities, profits or losses, expenses, and revenues of each Monitorship Entity, and each series, and to provide that accounting to the SEC. Nothing in this Order shall impact the ability of the SEC to seek accountings from Defendants who are not Monitorship Entities. In the event Defendants are unable to retain a suitable audit firm, Defendants shall work with the Monitor and the SEC to identify and implement a mutually agreeable alternative.

26.     Defendants agree that the below provisions of the Court's Order Granting Stipulation and Joint Motion of Parties on Procedure for the SEC's Motions for Temporary and Preliminary Relief, [ECF No. 18], as modified by the Order Granting Stipulation and Joint Motion

to Modify Stipulated Order, [ECF No. 88], shall remain in full force and effect until further order of the Court:

    a.  Until such time that the Monitor and the parties reach an agreement to move the Court for relief or modification, Defendants, including any of their directors, officers, agents, servants, employees, attorneys, depositories, banks, any affiliated (or any Defendant that has an ownership interest) registered investment adviser or registered broker dealer, and those persons in active concert or participation with any one or more of them, shall not solicit any potential or actual investors and shall not accept any additional investments from investors on behalf of Broad Street Global Fund and BSG Series CM, LLC (collectively, the "Fund");

    b.  Until such time that the Monitor and the parties reach an agreement to move the Court for relief or modification, Defendants and Relief Defendants Just A Nice Day and Josephbenjamin (collectively, "Relief Defendants"), including any of their directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, shall not move any assets outside of the Court's jurisdiction, and Defendants shall not transfer any assets that have been invested in the Fund to Defendants' personal accounts or to Relief Defendants;

    c.  Until such time that the Monitor is appointed, Relief Defendants shall not expend or dissipate any assets (except for ordinary and necessary living, business and legal expenses); and

    d.  Defendants and Relief Defendants, including any of their directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active

concert or participation with any one or more of them, shall not, directly or indirectly, destroy, mutilate, conceal, alter, dispose of, or otherwise render illegible in any manner, any of the books, records, documents, correspondence, brochures, manuals, papers, ledgers, accounts, statements, obligations, files and other property of or pertaining to any of Defendants and Relief Defendants, wherever located and in whatever form, electronic or otherwise.

27.     If the parties cannot reach an agreement for relief and modification of ¶ 26(a) and ¶ (26)(b) above, after a reasonable time and in no event no less than ninety (90) days from the date of this Order, and if the Monitor recommends and approves, the BSG Parties may move this Court to vacate or modify ¶ 26(a) and ¶ 26(b) above. The SEC reserves the right to oppose any request made to vacate or modify ¶ 26(a) and ¶ 26(b) above.

**DONE AND ORDERED** in Chambers at Miami, Florida this 21st day of April 2025.

**DARRIN P. GAYLES**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to Counsel of Record via CM/ECF