IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-CV-20436

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

    v.

DAVID J. FEINGOLD,
JOSEPH B. BALDASSARRA,
STEVEN S. BALDASSARRA,
BROAD STREET GLOBAL
MANAGEMENT, LLC, and
BROAD STREET, INC.,

        Defendants, and

JOSEPHBENJAMIN, INC., and
JUST A NICE DAY, INC.,

        Relief Defendants.

**DEFENDANTS' AND RELIEF DEFENDANTS' MOTION TO TRANSFER VENUE AND
INCORPORATED MEMORANDUM OF LAW**

i

**TABLE OF CONTENTS**

I.   **PRELIMINARY STATEMENT** ................................................................................... 1

II.   **STATEMENT OF FACTS** ....................................................................................... 2

III.   **ARGUMENT** ............................................................................................................ 4

    A.   Legal Standard ....................................................................................................... 4

    B.   The Action Could Have Been Brought in the District of South Carolina. ......................... 5

    C.   The Factors Strongly Favor Transfer to the District of South Carolina. ........................... 6

        1.   The Convenience of Witnesses ................................................................... 6

        2.   Location of Relevant Documents and Ease of Access to Sources of Proof ................... 7

        3.   The Convenience of the Parties ................................................................... 7

        4.   The Locus of Operative Facts ..................................................................... 8

        5.   Availability of Process to Compel the Attendance of Unwilling Witnesses ................. 9

        6.   Relative Means of the Parties ................................................................... 10

        7.   Forum's Familiarity with the Governing Law ............................................... 10

        8.   Weight Accorded to Plaintiff's Choice of Forum ............................................ 10

        9.   Trial Efficiency and the Interests of Justice .................................................. 11

IV.   **CONCLUSION** ..................................................................................................... 12

4909-6401-8248.1

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Acrotel, Ltd. v. Sprint Corp.*,
   100 F. Supp. 2d 189 (S.D.N.Y. 2000) ...................................................................... 10

*Advanced Aerodynamics, LLC v. Unmanned Cowboys, LLC*,
   2016 WL 8738383 (S.D. Fla. May 31, 2016) ............................................................ 11

*Brown v. Connecticut Gen. Life Ins. Co.*,
   934 F.2d 1193 (11th Cir. 1991) ................................................................................. 4

*Clinton v. Sec. Benefit Life Ins. Co.*,
   2020 WL 6120565 (S.D. Fla. June 29, 2020) ........................................................... 10

*Combs v. Fla. Dep't of Corr.*,
   2020 WL 3033246 (N.D. Fla. May 20, 2020) ............................................................ 8

*Gubarev v. Buzzfeed, Inc.*,
   253 F. Supp. 3d 1149 (S.D. Fla. 2017) ...................................................................... 8

*Howell v. Tanner*,
   650 F.2d 610 (5th Cir. Unit B July 1981) .................................................................. 4

*In re Volkswagen of Am., Inc.*,
   545 F.3d 304 (5th Cir. 2008) ...................................................................................... 7

*Internap Corp. v. Noction Inc.*,
   114 F. Supp. 3d 1336 (N.D. Ga. 2015) ...................................................................... 11

*Manuel v. Convergys Corp.*,
   430 F.3d 1132 (11th Cir. 2005) ................................................................................. 5

*Mason v. Smithkline Beecham Clinical Lab'ys*,
   146 F. Supp. 2d 1355 (S.D. Fla. 2001) ...................................................................... 4

*Miot v. Kechijian*,
   830 F. Supp. 1460 (S.D. Fla. 1993) ........................................................................... 4

*Morrissey v. Subaru of America, Inc.*,
   2015 WL 9583278 (S.D. Fla. Dec. 31, 2015) ........................................................ 6, 11

*Osgood v. Disc. Auto Parts, LLC*,
   981 F. Supp. 2d 1259 (S.D. Fla. 2013) ............................................................ 4, 6, 7, 10

4909-6401-8248.1

*Perlman v. Delisfort-Theodule*,
451 F. App'x 846 (11th Cir. 2012) ........................................................................... 5

*Posven, C.A. v. Liberty Mut. Ins. Co.*,
303 F. Supp. 2d 391 (S.D.N.Y. 2004)...................................................................... 10

*SEC v. Church-Koegel*,
2020 WL 5535759 (S.D. Fla. Sept. 15, 2020) .................................................. 5, 6, 9

*SEC v. Hill Int'l, Inc.*,
2020 WL 2029591 (S.D.N.Y. Apr. 28, 2020)............................................................. 9

*SEC v. Staples*,
55 F. Supp. 3d 831 (D.S.C. 2014)............................................................................. 8

*SEC v. Telco Mktg. Servs., Inc.*,
1980 WL 1397 (D.D.C. Mar. 26, 1980)..................................................................... 9

*SEC v. Walker*,
2021 WL 5088853 (S.D. Fla. Aug. 16, 2021)............................................................ 7

*SEC v. Yaroshinsky*,
2006 WL 8459557 (S.D.N.Y. Oct. 5, 2006) ............................................................ 10

*Steifel Lab'ys, Inc. v. Galderma Lab'ys, Inc.*,
588 F. Supp. 2d 1336 (S.D. Fla. 2008) ..................................................................... 4

*Swift v. BancorpSouth Bank*,
2014 WL 12856701 (N.D. Fla. June 04, 2014) ......................................................... 9

*Tommy Bahama Grp., Inc. v. The Walking Co.*,
2007 WL 3156254 (N.D. Ga. Oct. 19, 2007) .......................................................... 11

*Trace–Wilco, Inc., v. Symantec Corp.*,
2009 WL 455432 (S.D. Fla. Feb. 23, 2009) ............................................................. 9

*United States ex rel. Fla. v. ApolloMD Inc.*,
2020 WL 10181736 (S.D. Fla. Aug. 3, 2020)........................................................ 7, 8

*United States v. Nature's Farm Prod., Inc.*,
2004 WL 1077968 (S.D.N.Y. May 13, 2004) ......................................................... 10

**Statutes**

15 U.S.C. § 77v(a) ............................................................................................... 5, 9

15 U.S.C. § 78aa(a)................................................................................................. 5

15 U.S.C. § 80b-14(a)............................................................................................. 5

4909-6401-8248.1

28 U.S.C. § 1404(a) ........................................................................................................................ 1, 4

**Rules**

F.R.C.P. 12(b)(6) ................................................................................................................................ 1

4909-6401-8248.1

Defendants and Relief Defendants, by and through undersigned counsel, respectfully move this Court to transfer this action, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the District of South Carolina, and in support states as follows:

## I.   PRELIMINARY STATEMENT

On January 29, 2025, the SEC initiated this action in the Southern District of Florida initially as an emergency action seeking a temporary restraining order ("TRO"), asset freeze and appointment of a receiver. On February 26, 2025, after the first day of a multi-day hearing on the emergency relief, the SEC and Defendants reached a settlement agreement in principle to appoint a corporate monitor in exchange for the SEC dropping its claims for the TRO, asset freeze and appointment of the receiver.[1] The Court entered an Order appointing the monitor on April 21, 2025. Dkt. # 95. Since then, the parties have conferred with the monitor on a number of issues, and the parties have scheduled the Rule 26(f) discovery conference for May 30, 2025. On May 21, 2025, the Defendants and Relief Defendants filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The SEC's response is due June 27, 2025.

Although the SEC initiated this action in the Southern District of Florida, the District of South Carolina is a more appropriate venue to litigate this matter. The Broadstreet entities are headquartered there, the majority of key witnesses reside in that district, and the locus of facts center there as well. As explained below, six of the nine key private and public factors for the applicable legal test favor transfer of venue in this matter (the other three are neutral), and the convenience of witnesses and parties and the interests of justice all favor transfer to the District of South Carolina. Accordingly, the Court should enter an Order transferring venue to South Carolina.

---

[1] SEC settlements of material issues such as TRO relief are subject to Commission approval and the SEC staff obtained such approval following the parties' agreement in principle.

## II.   STATEMENT OF FACTS

Defendant Broad Street Global Management ("BSG Management") is a South Carolina limited liability company formed in or about October 2018. *See* Complaint ("Compl.") ¶ 15. Defendants Steven and Joseph Baldassarra are the managers of BSG Management and they each reside in Simpsonville, South Carolina. Compl. ¶¶ 13-14. Simpsonville is in close proximity to Greenville, South Carolina. *See* Declaration of Steven Baldassarra ("S. Baldassarra Decl.") ¶ 2. BSG Management manages Broadstreet Global Fund ("BSG Fund") which is a private fund formed as a Delaware multi-series LLC. Compl. ¶ 19. Defendant Broadstreet Inc. ("BSI") is a Delaware corporation formed in or about June 2022. Compl. ¶ 16. Defendant David Feingold is the CEO of BSI and he resides in Aventura, Florida. Compl. ¶ 12. Relief Defendants Joseph Benjamin, Inc. and Just A Nice Day, Inc. are both South Carolina corporations. Compl. ¶¶ 16-17. Related entities Broadstreet Global Holdings, LLC and BSG Series CM, LLC are both South Carolina limited liability companies. Compl. ¶ 20-21.

BSI, BSG Fund and BSG Management (collectively "Broadstreet") are all headquartered in Greenville, South Carolina. S. Baldassarra Decl. ¶ 4. The principal office address is 211 Main Street, Greenville, SC 29601. *Id.* Broadstreet maintains key documents, systems, and information at its Greenville offices. *Id.* Broadstreet's bank accounts are located at Coastal Carolina National Bank in Greenville, South Carolina. *Id.*

The entire Broadstreet organization including its affiliated development companies, construction companies, construction job sites and real estate have collectively created more than 3,000 jobs in the South Carolina region. S. Baldassarra Decl. ¶ 5. In addition, Broadstreet has office personnel at its main offices and affiliated companies totaling nearly fifty (50) persons who are spread out over three offices all located in South Carolina. *Id.* The overwhelming majority of Broadstreet's business, the personnel, the assets and the projects are located in South Carolina with

- 2 -

the balance of projects being located primarily in North Carolina. *Id.* Nearly 80 percent of the above-referenced jobs and nearly 70 percent of the Broadstreet personnel reside in South Carolina. *Id.*

Broadstreet's infrastructure business is its largest business line with contracts involving the largest homebuilders in the USA. S. Baldassarra Decl. ¶ 6. Broadstreet is estimated to be the fourth largest private equity infrastructure developer in the USA and currently is developing approximately 54 communities/infrastructure projects with over 44,000 expected homesites (approximately 70 percent of which are located in South Carolina). *Id.* Broadstreet's homebuilding business line is managed from an office in Simpsonville, South Carolina, and its homes are all located in South Carolina and include five subdivisions. *Id.* ¶ 8.

The primary real estate development company that Broadstreet works with, Contender Development Inc. ("CDI"), is located in the Greenville, South Carolina area. S. Baldassarra Decl. ¶ 7. CDI personnel that have knowledge of Broadstreet's real estate projects include President Josh Howard, CFO Peter Reinert, and CAO Maxine Turner. *Id.*

In support of placing venue for this action in the Southern District of Florida, the SEC alleged in pertinent part: "(a) Defendant Feingold, CEO of Defendant BSI and an undisclosed control person of Defendant BSG Management has resided in this district since at least June 2022; (b) Defendant BSI has additional staff that work on behalf of the Broad Street Entities that reside in this district, some of whom are also shareholders of Defendant BSI; (c) an accounting firm used by Defendants is located in this district; (d) the home builder associated with BSG Fund's custom home sub-Series whose "nerve center" is located in this district has filed for bankruptcy in this District; (e) more than 70 investors that have invested in the BSG Fund reside in this district; (f) a registered broker used to solicit investors and is partially owned by Defendant BSI is located in

- 3 -

this district; and (g) many of the acts, practices, transactions, and courses of business alleged in this Complaint occurred within this district." Compl. ¶ 25.

## III.   ARGUMENT

### A.   Legal Standard

Courts may transfer an action to another district where venue is proper "[f]or the convenience of parties and witnesses [or] in the interests of justice." 28 U.S.C. § 1404(a). In considering a motion under Section 1404, "[t]he decision to transfer a case to another district is left to the sound discretion of the trial court." *Brown v. Connecticut Gen. Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir. 1991) (citing *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir. Unit B July 1981)). The plaintiff's choice of forum is generally given considerable deference. *Osgood v. Disc. Auto Parts, LLC*, 981 F. Supp. 2d 1259, 1266–67 (S.D. Fla. 2013). However, "where the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration." *Id.* at 1267.

Courts apply a two-part test to motions under Section 1404(a). "First, the alternative venue must be one in which the action could originally have been brought by the plaintiff." *Steifel Lab'ys, Inc. v. Galderma Lab'ys, Inc.*, 588 F. Supp. 2d 1336, 1338 (S.D. Fla. 2008). "The second prong requires courts to balance private and public factors to determine if transfer is justified." *Mason v. Smithkline Beecham Clinical Lab'ys*, 146 F. Supp. 2d 1355, 1359 (S.D. Fla. 2001) (citing *Miot v. Kechijian*, 830 F. Supp. 1460, 1465–66 (S.D. Fla. 1993)). Under this second prong, courts weigh the following factors:

1)   "the convenience of the witnesses;

2)   the location of relevant documents and the relative ease of access to sources of proof;

3)   the convenience of the parties;

- 4 -

4909-6401-8248.1

4)      the locus of operative facts;

5)      the availability of process to compel the attendance of unwilling witnesses;

6)      the relative means of the parties;

7)      a forum's familiarity with the governing law;

8)      the weight accorded a plaintiff's choice of forum; and

9)      trial efficiency and the interests of justice, based on the totality of the circumstances."

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). Courts may grant a transfer when the balance of factors strongly favor the moving party. *SEC v. Church-Koegel*, 2020 WL 5535759, at *2 (S.D. Fla. Sept. 15, 2020). The movant has the burden to persuade the court that it should grant a transfer. *Perlman v. Delisfort-Theodule*, 451 F. App'x 846, 848 (11th Cir. 2012).

As explained below, application of the two-part test strongly favors transfer to the District of South Carolina.

**B.     The Action Could Have Been Brought in the District of South Carolina.**

Under Section 22(a) of the Securities Act (15 U.S.C. § 77v(a)), and Section 27(a) of the Exchange Act (15 U.S.C. § 78aa(a)), the SEC may bring suit in any district "wherein the defendant is found or is an inhabitant or transacts business." *See also* 15 U.S.C. § 80b-14(a) (Section 214(a) of the Advisers Act authorizes jurisdiction in any district "wherein the defendant is an inhabitant or transacts business"). Defendants BSI, BSG Management and the Baldassarras are headquartered or reside in South Carolina. Compl., ¶¶ 13-15; S. Baldassarra Decl. ¶¶ 2-4. As the CEO of BSI, Feingold regularly conducts business in South Carolina. S. Baldassarra Decl. ¶ 5. Relief Defendants are both South Carolina corporations. Compl. ¶¶ 17-18. Given the location of Defendants and Relief Defendants in the District of South Carolina, the majority of acts and events referenced in the Complaint occurred in that district. Accordingly, the federal district court in

South Carolina has personal jurisdiction over Defendants and Relief Defendants, venue is proper in the Greenville Division of the District of South Carolina, and the SEC could have brought the action in that district.

### C. The Factors Strongly Favor Transfer to the District of South Carolina.

#### 1. The Convenience of Witnesses

The convenience of witnesses is one of the most important factors when considering a motion to transfer. *Osgood*, 981 F. Supp. 2d at 1264; *see also Morrissey v. Subaru of America, Inc.*, 2015 WL 9583278, at *3 (S.D. Fla. Dec. 31, 2015) ("The convenience of the witnesses is best served when witnesses are allowed to testify in the forum where they reside."). Courts consider the number of witnesses to be called, their expected testimony, the importance of their testimony, and the inconvenience to the witness should the action proceed in the current venue. *See Church-Koegel*, 2020 WL 5535759, at *2; *see also Osgood*, 981 F. Supp. 2d at 1264 (courts "must qualitatively evaluate the materiality of the testimony that the witness may provide") (cleaned up).

Defendants expect the majority of party and non-party witnesses, including key witnesses, will be located in South Carolina or outside of Florida, posing a great inconvenience to the witnesses. Broadstreet's key witnesses such as Steven and Joe Baldassarra, Jackie Texeira, Edward Faas and CDI personnel such as Josh Howard, Peter Reinart and Maxine Turner, all reside in the Greenville, South Carolina area. S. Baldassarra Decl. ¶¶ 3, 5, 7. Additionally, other Broadstreet personnel and consultants located in the Greenville area may be required to testify at a trial. *Id.* ¶ 9. It would be burdensome and disruptive to require Broadstreet and CDI witnesses to travel to Miami for trial or evidentiary hearings. *Id.* Only a handful of material witnesses in this case, including Feingold and accountant Gabe Alvarez, reside in the Southern District of Florida. Although the SEC alleges that approximately 70 investors reside in Florida, Broadstreet has approximately 276 investors in South Carolina. S. Baldassarra Decl. ¶ 9. Moreover, the home

4909-6401-8248.1

building business line, which the SEC alleges had its "nerve center" in Florida, is managed from an office in Simpsonville, South Carolina and its homes are all located in South Carolina. *Id.* ¶ 8. Further, the home building business line is not the subject of any significant allegations in the Complaint. Similarly, there are no significant Complaint allegations related to the registered broker-dealer. As a result, the convenience of witnesses clearly favors transfer of venue to the District of South Carolina.

### 2. Location of Relevant Documents and Ease of Access to Sources of Proof

This factor is agnostic to the forums at issue and is neutral. With the widespread use of electronic discovery, there is comparatively little inconvenience in producing documents from either location. *See SEC v. Walker*, 2021 WL 5088853, at *2 (S.D. Fla. Aug. 16, 2021) (collecting cases). However, the fact "[t]hat access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 316 (5th Cir. 2008). Broadstreet maintains key records and information systems at its offices in South Carolina and so does CDI. Thus, if anything, this factor favors transfer of venue to South Carolina.

### 3. The Convenience of the Parties

Like the convenience of non-party witnesses, the convenience of the party witnesses is one of the most important factors. *Osgood*, 981 F. Supp. 2d at 1264. The starting point for this factor is to consider the residencies of the parties. *United States ex rel. Fla. v. ApolloMD Inc.*, 2020 WL 10181736, at *6 (S.D. Fla. Aug. 3, 2020) (citation omitted). In contrast, the convenience of a party's attorneys is given little weight, if any, when considering this factor. *See, e.g.*, *Walker*, 2021 WL 5088853, at *3 (finding a lack of a local SEC office or local counsel in the transfer district did not cut against a transfer). Here, six of the seven Defendants and Relief Defendants are domiciled,

4909-6401-8248.1

headquartered, or reside in the District of South Carolina and the one who does not – Feingold – has joined this motion to transfer to South Carolina.

The SEC, as a governmental agency, will not be burdened by a transfer to South Carolina. Indeed, the SEC has litigated actions in the District of South Carolina before. *See, e.g.*, *SEC v. Staples*, 55 F. Supp. 3d 831 (D.S.C. 2014). The SEC attorneys of record in this matter are employed by the SEC's Denver Regional Office. None of the attorneys resides in Miami, Florida. Thus, it makes little difference whether the action is litigated in Florida or South Carolina. Moreover, the SEC's attorneys may be admitted *pro hac vice* in the District of South Carolina with the support of local counsel. District of South Carolina Local Rule 83.I.05.

On balance, this factor clearly favors transfer to the District of South Carolina.

### 4.     The Locus of Operative Facts

It is evident from the face of the Complaint allegations that South Carolina is the locus of the operative facts. The locus of operative facts is another "key factor" in weighing a motion to transfer venue. *ApolloMD Inc.*, 2020 WL 10181736, at *7. At a general level, the locus of operative facts is "the place where events and actors material to proving liability are located." *Gubarev v. Buzzfeed, Inc.*, 253 F. Supp. 3d 1149, 1165-66 (S.D. Fla. 2017) (citation omitted). In complex cases with multiple parties and various loci of facts, such as this, the locus of operative facts does not mean that every relevant fact need have occurred in that forum. *ApolloMD Inc.*, 2020 WL 10181736, at *7 (citation omitted). "When there are multiple loci of operative facts, a court should attempt to determine if there is one primary locus with the strongest connection to the operative facts." *Id.* (quoting *Combs v. Fla. Dep't of Corr.*, 2020 WL 3033246, at *6 (N.D. Fla. May 20, 2020)).

In complex cases where the SEC alleges some fraudulent scheme impacting investors nationwide, there are several ways to determine the "one primary locus." First, the locus may be

the forum where the majority of investors are located. *Church-Koegel*, 2020 WL 5535759, at *4 (citing *SEC v. Telco Mktg. Servs., Inc.*, 1980 WL 1397, at *1 (D.D.C. Mar. 26, 1980)). Second, the locus may be the place of defendant's headquarters because "that is where the complained-of policy decision was made that triggered multitudes of other transactions in various districts." *Id.* (citing *Swift v. BancorpSouth Bank*, 2014 WL 12856701, at *3 (N.D. Fla. June 04, 2014)) (internal quotation marks omitted). Last, courts sometimes look for "the center of gravity of the accused activity." *Id.* (citing *Trace–Wilco, Inc., v. Symantec Corp.*, 2009 WL 455432, at *23 (S.D. Fla. Feb. 23, 2009)); *see also SEC v. Hill Int'l, Inc.*, 2020 WL 2029591, at *5 (S.D.N.Y. Apr. 28, 2020) (corporate headquarters, where defendant's accounting department was located, was the center of gravity of the alleged accounting fraud scheme and favored transfer to that district). Like *Church-Koegel*, under any test, the locus is in South Carolina—not South Florida. As stated herein, each of the Defendants and Relief Defendants have strong ties to South Carolina and the majority of events and operative facts occurred there. Thus, this factor strongly favors transfer to the District of South Carolina.

### 5. Availability of Process to Compel the Attendance of Unwilling Witnesses

This factor is neutral because the parties have equal ability to compel the attendance of unwilling witnesses in either forum. Under Section 22(a) of the Securities Act and Section 27 of the Exchange Act, parties in proceedings brought by the SEC have nationwide service of process for trial subpoenas. 15 U.S.C. §§ 77v(a), 78aa(a). Accordingly, this factor is neutral. *Church-Koegel*, 2020 WL 5535759, at *5 (finding nationwide subpoena power was a neutral factor in considering transfer).

4909-6401-8248.1

### 6.      Relative Means of the Parties

"Where a disparity exists between the means of the parties, a court may consider the relative means of the parties in determining venue." *Acrotel, Ltd. v. Sprint Corp.*, 100 F. Supp. 2d 189, 197 (S.D.N.Y. 2000) (citation omitted). This factor is not, however, intended to merely switch an inconvenience to the other party. *SEC v. Yaroshinsky*, 2006 WL 8459557, at *5 (S.D.N.Y. Oct. 5, 2006). Here, the SEC, an agency of federal government, has more resources than the Broadstreet parties. Moreover, the cost to the SEC is likely no different if the case is litigated in South Carolina versus Florida. Thus, a transfer of venue will not have a disparate impact on the SEC and this factor favors transfer.

### 7.      Forum's Familiarity with the Governing Law

Both district courts are equally capable of adjudicating alleged violations of the federal securities laws. This factor is considered "one of the least important factors in determining a motion to transfer." *Clinton v. Sec. Benefit Life Ins. Co.*, 2020 WL 6120565, at *7 (S.D. Fla. June 29, 2020) (citing *Posven, C.A. v. Liberty Mut. Ins. Co.*, 303 F. Supp. 2d 391, 405 (S.D.N.Y. 2004)), *report and recommendation adopted*, 2020 WL 6120554 (S.D. Fla. July 21, 2020). This is particularly true because courts presume that "any district court may handle [a federal case] with equal skill." *United States v. Nature's Farm Prod., Inc.*, 2004 WL 1077968, at *6 (S.D.N.Y. May 13, 2004) (alteration in original). Accordingly, this factor is neutral.

### 8.      Weight Accorded to Plaintiff's Choice of Forum

The SEC's choice of forum should not be given considerable deference because the operative facts underlying the SEC's complaint occurred outside of Florida. Normally, courts do give considerable deference to plaintiff's choice of forum. *See Osgood*, 981 F. Supp. 2d at 1266-67. However, in situations such as this, where the operative facts lie outside of Plaintiff's chosen forum, the "choice of forum is entitled to less consideration." *Id.* Thus, this factor is neutral.

4909-6401-8248.1

### 9.      Trial Efficiency and the Interests of Justice

Under this factor, courts consider "[a]ccess to evidence, availability of witnesses, the cost of obtaining witnesses, the possibility of a jury view, and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Tommy Bahama Grp., Inc. v. The Walking Co.*, 2007 WL 3156254, at *3 (N.D. Ga. Oct. 19, 2007) (citation omitted). Courts will also consider any local interest in adjudicating the action in plaintiff's chosen forum. *Internap Corp. v. Noction Inc.*, 114 F. Supp. 3d 1336, 1342 (N.D. Ga. 2015). Here, the local interest in this matter is strong given the impact that Broadstreet's business has had on the local Greenville community. As indicated above, Broadstreet is currently developing approximately 54 communities/infrastructure projects with over 44,000 expected homesites (approximately 70 percent of which are located in South Carolina). During the period at issue, it is estimated that Broadstreet has been responsible for billions of dollars in economic impact in South Carolina. S. Baldassarra Decl. ¶ 10. Given the strong local interest, Defendants and Relief Defendants should be entitled to litigate this matter in Greenville and ultimately be tried before a jury of their peers if necessary. Thus, the interests of justice favor transfer.

Regarding trial efficiencies, the Southern District of Florida has one of the busiest dockets in the country. *Morrissey*, 2015 WL 9583278, at *4; *see also Advanced Aerodynamics, LLC v. Unmanned Cowboys, LLC*, 2016 WL 8738383, at *6 (S.D. Fla. May 31, 2016) (granting a motion to transfer because, in part, "[i]t will thus likely be less expensive and more efficient for the case to proceed in the transferee district"). Thus, there likely will be greater efficiencies in litigating the action in South Carolina. Indeed, given the location of key witnesses and parties in the Greenville, South Carolina area, litigating the case in that district will undoubtedly be more efficient.

For these reasons, this factor clearly favors transfer to the District of South Carolina.

4909-6401-8248.1

## IV.   CONCLUSION

Based on the foregoing, six of the nine factors discussed herein support transfer of venue to the District of South Carolina and the remaining three factors are neutral. Additionally, venue is appropriate in the District of South Carolina. Accordingly, Defendants and Relief Defendants respectfully move this Honorable Court to transfer venue to the District of South Carolina, Greenville Division.

### <u>LOCAL RULE 7.1(a)(2) CERTIFICATION</u>

Counsel for the Defendants and Relief Defendants hereby certify that, on May 28 and 29, 2025, we conferred, by email, with the SEC's counsel regarding the relief requested in this motion. The SEC's counsel indicated that the SEC opposes the requested relief.

Dated: May 30th, 2025
Miami, Florida

Respectfully submitted,

**WELTZ KAKOS GERBI WOLINETZ
        VOLYNSKY LLP**

By: ***Thomas Scot Wolinetz***
Thomas Scot Wolinetz
Florida Bar No. 1001160
Irwin Weltz (PHV)
1 Old Country Road, Suite 275
Carle Place, New York 11514
Telephone: (212) 202-3176
Facsimile: (516) 855-8776
twolinetz@weltz.law
irwin@weltz.law

**GALLIVAN WHITE & BOYD P.A.**

Ioannis (Ian) G. Conits (PHV)
55 Beattie Pl., Suite 1200
Greenville, South Carolina 29601

- 12 -

4909-6401-8248.1

Telephone: 864-271-5432
iconits@gwblawfirm.com

*Attorneys for Broadstreet Inc. and
David Feingold*

**FOLEY & LARDNER LLP**

By: ***Thomas J. Krysa***
Thomas J. Krysa (PHV)
tkrysa@foley.com
1144 15th Street, Suite 2200
Denver, CO 80202
Telephone: 720.437.2000

Andrew A. Howell (PHV)
ahowell@foley.com
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: 214.999.3000

Crystal B. Carswell (FBN 108882)
Primary email: ccarswell@foley.com
Secondary email: andre.melo@foley.com
100 North Tampa Street, Suite 2700
Tampa, Florida 33602
Telephone: 813.229.2300

**BERKELEY LAW P.A.**

By: ***Lorne E. Berkeley***
Lorne E. Berkeley, Esq.
Florida Bar No. 146099
10600 Griffin Road, Suite 104
Cooper City, Florida 33328
Telephone: (954) 719-3484
Lorne@BerkeleyLawFL.com

*Attorneys for Broadstreet Global
Management LLC, Joseph B. Baldassarra,
and Steven B. Baldassarra*

**MARCUS NEIMAN
RASHBAUM & PINEIRO LLP**

By: ***Bryan A. Almeida***

- 13 -

4909-6401-8248.1

Daniel L. Rashbaum, Esq.
Florida Bar No. 75084
drashbaum@mnrlawfirm.com
Michael A. Pineiro, Esq.
Florida Bar No. 41897
mpineiro@mnrlawfirm.com
Bryan A. Almeida, Esq.
Florida Bar No. 1005558
balmeida@mnrlawfirm.com

One Biscayne Tower
2 S. Biscayne Blvd., Ste. 2530
Miami, Florida 33131

Jeffrey A. Neiman, Esq.
Florida Bar No. 544469
jneiman@mnrlawfirm.com

One Financial Plaza
100 S.E. 3rd Ave., Ste. 805
Fort Lauderdale, Florida 33394

*Attorneys for Relief Defendants,
JosephBenjamin, Inc. and Just a Nice Day,
Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on May 30, 2025, I electronically filed the foregoing document through CM/ECF, which will cause a copy of the document to served, by email, on all parties and counsel of record.

By: **_Bryan A. Almeida_**
Bryan A. Almeida, Esq.

- 14 -

4909-6401-8248.1