

| | |
|---|---|
| **From:** | Irwin Weltz |
| **To:** | Jeffrey C. Schneider; James Sallah; Jessica Morales; Krysa, Tom; Thomas Wolinetz; David Feingold |
| **Cc:** | Stephanie L. Hauser; Joseph A. Seara |
| **Subject:** | RE: Monitorship |
| **Date:** | Thursday, July 31, 2025 8:40:23 AM |
| **Attachments:** | image001.png |
| | image003.png |

That is my understanding.

Irwin Weltz, Esq.



**Weltz Kakos Gerbi Wolinetz Volynsky LLP**
1 Old Country Road | Suite 275
Carle Place, New York 11514
Tel:  (516) 506-0561
Fax: (516) 855-8776
Email: Irwin@weltz.law
www.weltz.law

NOTE: This e-mail is from a law firm, Weltz Kakos Gerbi Wolinetz Volynsky LLP (â€œW|Lâ€  ), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of W|L, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to W|L in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of W|L, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

**From:** Jeffrey C. Schneider <jcs@lklsg.com>
**Sent:** Thursday, July 31, 2025 8:31 AM
**To:** Irwin Weltz <irwin@weltz.law>; James Sallah <jds@sallahlaw.com>; Jessica Morales <jessica@sallahlaw.com>; Krysa, Tom <tkrysa@foley.com>; Thomas Wolinetz <twolinetz@weltz.law>; David Feingold <david@feingoldllc.com>
**Cc:** Stephanie L. Hauser <slh@lklsg.com>; Joseph A. Seara <jas@lklsg.com>
**Subject:** RE: Monitorship

Thanks, Irwin.  I don't want any issues down the road, and Paragraph 25 also says that "Defendants shall cause *such firm* to promptly conduct an accounting …"  Please just confirm that the auditing firm—in this case, Premier Accounting—is performing the accounting as opposed to reviewing Broadstreet's work.

Jeff

**Jeffrey C. Schneider, PA**
*Partner*



LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP

Miami Tower

100 SE 2nd Street, 36th Floor

Miami, FL 33131

305.403.8799 (direct)

305.403.8788 (main)

305.403.8789 (fax)

**vCard** | **Bio** | **Website**

This electronic mail message contains CONFIDENTIAL information that is (a) ATTORNEY - CLIENT PRIVILEGED, WORK PRODUCT, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not an Addressee, or the person responsible for delivering this to an Addressee, you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this message in error, please reply to the sender and take the steps necessary to delete the message completely from your computer system.

-------------------------------------------------------------------------------------------

IRS CIRCULAR 230 DISCLOSURE: Unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments, is not intended or written by LKLSG to be used, and any such tax advice cannot be used for the purpose of avoiding penalties that may be imposed by the Internal Revenue Service.

-------------------------------------------------------------------------------------------

PREVENT WIRE FRAUD:  Wire fraud and email hacking attacks are becoming extremely common.  Please be sure to always confirm wiring instructions with LKLSG before sending a wire.  You should never send any funds to any party without verifying, by telephone, the accuracy of the wire instructions that you have been provided.  Our wire instructions will always be credited to LKLSG.  Wire instructions containing any other name or entity are not legitimate.  If you receive an email regarding instructions that contain any suspicious information, including changes or revisions to the wire

instructions, please contact LKLSG immediately.

**From:** Irwin Weltz <irwin@weltz.law>
**Sent:** Thursday, July 31, 2025 8:14 AM
**To:** Jeffrey C. Schneider <jcs@lklsg.com>; James Sallah <jds@sallahlaw.com>; Jessica Morales <jessica@sallahlaw.com>; Krysa, Tom <tkrysa@foley.com>; Thomas Wolinetz <twolinetz@weltz.law>; David Feingold <david@feingoldllc.com>
**Cc:** Stephanie L. Hauser <slh@lklsg.com>; Joseph A. Seara <jas@lklsg.com>
**Subject:** RE: Monitorship

Jeff –

Broadstreet has provided me with the following information in response to your email inquiry below:

1. **Regarding paragraph 25, the SEC agrees that an audit does not have to be performed, but they wanted me to remind you that the auditing firm—in this case, Premier Accounting—must perform the accounting.  In other words, Premier Accounting is not reviewing Broadstreet's work; Premier Accounting is itself performing the accounting required by paragraph 25 of the Monitorship Order.**

**Response**:  Section 25 of the Monitorship Order requires "an accounting of assets, liabilities, profits or losses, expenses, and revenues of each Monitorship Entity, and each series, and to provide that accounting to the SEC."  Broadstreet believes that the work being done by its new accounting firm is consistent with the Monitorship Order and expects to begin to provide the accounting to the Monitor and SEC shortly. To the extent the Monitor or SEC raises issues with the accounting we will address when raised.  As you know, we have through the end of August 2025 to complete the iterative process.

2. **Can you please confirm that Broadstreet (defined in the broadest sense possible to include all members, managers, officers, employees, independent contractors, and agents of any Monitorship Entity, including anyone associated with the broker dealer) is not soliciting potential or actual investors in any way, including through one-on-one or group conversations, or by holding solicitation meetings, promotional events, or any other meeting or event that can be construed as solicitation?  Can you separately confirm that Broadstreet (same broad definition) is not soliciting investors to reinvest their distributions?  In other words, if investors choose to reinvest, they either made that election before the prohibition on solicitations or they are making**

**that election on their own without any encouragement from Broadstreet (same broad definition)?**

**<u>Response</u>**: Section 26(a) of the Monitorship Order provides that "Defendants, including any of their directors, officers, agents, servants, employees, attorneys, depositories, banks, any affiliated (or any Defendant that has an ownership interest) registered investment adviser or registered broker dealer, and those persons in active concert or participation with any one or more of them, shall not solicit any potential or actual investors and shall not accept any additional investments from investors on behalf of Broad Street Global Fund and BSG Series CM, LLC (collectively, the "Fund")."

Broadstreet has taken a number of measures to ensure compliance with Section 26(a) of the Monitorship Order, including:

<u>First</u>, all BSI partners were provided with a copy of the Monitorship Order and advised of its prohibitions.

<u>Second</u>, a ZOOM meeting was held with all BSI partners and Broadstreet's Chief Compliance Officer during which the Monitorship Order was reviewed and, in particular, the prohibitions set forth in Section 26(a).  Further, BSI partners were advised that any violation of the Monitorship Order would have serious adverse consequences for Broadstreet and result in termination for any violators.

<u>Third</u>, Broadstreet's Chief Compliance Officer regularly reviews emails and investor communications to ensure compliance with the Monitorship Order.

<u>Fourth</u>, BSI partners frequently inquire about the status of the SEC action and the prohibition in Section 26(a) and in response advised of its continuation until further notification.

<u>Fifth</u>, any entities involved in marketing the Fund, such as broker-dealers, have been provided with a copy of the Monitorship Order and likewise have their own compliance departments as required by their governing rules.

<u>Sixth</u>, a copy of the Monitorship Order is included in the Fund's data room as a further precaution and reminder.

Consistent with the foregoing, the Fund has not accepted any additional investments from investors, and Defendants (as defined in Monitorship Order) have not solicited any

additional investments for the Fund. The Fund does continue its business operations as contemplated by the Monitorship Order. BSGM continues to manage the Fund, make business decisions and operate business as usual except it is not raising new money as is prohibited. BSI continues to oversee business lines.

The Fund has thousands of existing investors and continues to have a relationship with its existing investors. That relationship continues to be governed by the Private Placement Memorandum and Operating Agreement (and other data room documents and disclosures) which are continually followed and abided by as legally required pursuant to signed agreements with all investors and include making information available to investors, communicating with investors, conveying business developments and transactions to investors and answering questions of investors. The Fund's investor data room remains operational to provide updates and important disclosures. BSI partners continue to communicate with existing investors who they have relationships with and as would be expected given an organization of this size. The Fund continues to hold or sponsor charity and other events that existing investors are invited to attend. The Fund continues to allow existing investors to visit any project they wish to and have a partner in Broadstreet accompany them and respond to any questions or inquiries.

At bottom, the Fund and Defendants are engaging in business as usual consistent with Section 26(a) of the Monitorship Order.

3. **Can you please send me all disclosures, election forms, and other communications that were made in connection with the rollovers/transactions involving MCA, QSBS, and BSG-CM?**

**Response**: Yes, in process.

Best regards,
Irwin Weltz, Esq.



**Weltz Kakos Gerbi Wolinetz Volynsky LLP**
1 Old Country Road | Suite 275
Carle Place, New York 11514
Tel:  (516) 506-0561
Fax: (516) 855-8776
Email: Irwin@weltz.law
www.weltz.law

NOTE: This e-mail is from a law firm, Weltz Kakos Gerbi Wolinetz Volynsky LLP (â€œW|Lâ€ ), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of W|L, do not construe anything in this e-mail to make you a client unless it contains a specific

statement to that effect and do not disclose anything to W|L in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of W|L, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

**From:** Jeffrey C. Schneider <jcs@lklsg.com>
**Sent:** Monday, July 28, 2025 3:14 PM
**To:** Irwin Weltz <irwin@weltz.law>; James Sallah <jds@sallahlaw.com>; Jessica Morales <jessica@sallahlaw.com>; Krysa, Tom <tkrysa@foley.com>; Thomas Wolinetz <twolinetz@weltz.law>; David Feingold <david@feingoldllc.com>
**Cc:** Stephanie L. Hauser <slh@lklsg.com>; Joseph A. Seara <jas@lklsg.com>
**Subject:** Monitorship

Irwin:

1. Regarding paragraph 25, the SEC agrees that an audit does not have to be performed, but they wanted me to remind you that the auditing firm—in this case, Premier Accounting— must perform the accounting.  In other words, Premier Accounting is not reviewing Broadstreet's work; Premier Accounting is itself performing the accounting required by paragraph 25 of the Monitorship Order.

2. Can you please confirm that Broadstreet (defined in the broadest sense possible to include all members, managers, officers, employees, independent contractors, and agents of any Monitorship Entity, including anyone associated with the broker dealer) is not soliciting potential or actual investors in any way, including through one-on-one or group conversations, or by holding solicitation meetings, promotional events, or any other meeting or event that can be construed as solicitation?  Can you separately confirm that Broadstreet (same broad definition) is not soliciting investors to reinvest their distributions?  In other words, if investors choose to reinvest, they either made that election before the prohibition on solicitations or they are making that election on their own without any encouragement from Broadstreet (same broad definition)?

3. Can you please send me all disclosures, election forms, and other communications that were made in connection with the rollovers/transactions involving MCA, QSBS, and BSG-CM?

Thanks.

**Jeffrey C. Schneider, PA**
*Partner*



LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP
Miami Tower
100 SE 2nd Street, 36th Floor
Miami, FL 33131
305.403.8799 (direct)
305.403.8788 (main)
305.403.8789 (fax)

**vCard** | **Bio** | **Website**

This electronic mail message contains CONFIDENTIAL information that is (a) ATTORNEY
- CLIENT PRIVILEGED, WORK PRODUCT, PROPRIETARY IN NATURE, OR OTHERWISE
PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the
Addressee(s) named herein. If you are not an Addressee, or the person responsible for
delivering this to an Addressee, you are hereby notified that reading, copying, or
distributing this message is prohibited. If you have received this message in error, please
reply to the sender and take the steps necessary to delete the message completely from
your computer system.
-------------------------------------------------------------------------------------------------
IRS CIRCULAR 230 DISCLOSURE: Unless expressly stated otherwise, any U.S. federal
tax advice contained in this e-mail, including attachments, is not intended or written by
LKLSG to be used, and any such tax advice cannot be used for the purpose of avoiding
penalties that may be imposed by the Internal Revenue Service.
-------------------------------------------------------------------------------------------------
PREVENT WIRE FRAUD: Wire fraud and email hacking attacks are becoming extremely
common. Please be sure to always confirm wiring instructions with LKLSG before
sending a wire. You should never send any funds to any party without verifying, by
telephone, the accuracy of the wire instructions that you have been provided. Our wire
instructions will always be credited to LKLSG. Wire instructions containing any other
name or entity are not legitimate. If you receive an email regarding instructions that
contain any suspicious information, including changes or revisions to the wire

instructions, please contact LKLSG immediately.