IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-CV-20436-DPG

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

DAVID J. FEINGOLD,
JOSEPH B. BALDASSARRA,
STEVEN S. BALDASSARRA,
BROAD STREET GLOBAL MANAGEMENT, LLC, and
BROAD STREET, INC.,

Defendants,

JOSEPHBENJAMIN, INC., and
JUST A NICE DAY, INC.,

Relief Defendants.

**DEFENDANTS' AND RELIEF DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**

Defendants David J. Feingold ("Feingold"), Joseph B. Baldassarra ("Joseph Baldassarra"), Steven S. Baldassarra ("Steven Baldassarra"), Broad Street Global Management, LLC ("BSG Management"), and Broad Street, Inc. ("BSI") and Relief Defendants Josephbenjamin, Inc. ("Joseph Benajmin") and Just A Nice Day, Inc. ("Just A Nice Day") (collectively, "Defendants") hereby answer and assert affirmative defenses to the Complaint of Plaintiff Securities and Exchange Commission ("the SEC") as follows.[1]

[1] Prior to the filing of this Answer, Defendants filed a Motion to Dismiss ("Motion") (ECF 225). Defendants do not waive the Motion in filing this answer.

## GENERAL DENIAL AND PRELIMINARY STATEMENT

Defendants deny all allegations contained in the Complaint not expressly admitted herein, including without limitation, headings, subheadings and all characterizations of Defendants. Defendants further deny that any false or misleading statements were made to investors. Due to the prolixity and vagueness of the Complaint, this denial is incorporated into each and every response below.

Defendants further object pursuant to Rules 8(a)(2) and (d)(1), FRCP, as the Complaint's allegations are not simple, concise, short or plain. Defendants further object pursuant to Rule 8(e), FRCP, as the Complaint cannot be construed to do justice. Defendants also refer to the extensive testimony provided to the SEC prior to the filing of this action.

## FIRST DEFENSE

### *AS TO THE SEC'S INTRODUCTION*

1. Defendants deny the allegations of paragraph 1, except admit that the SEC instituted this action against Defendants, seeking temporary and preliminary relief, including an asset freeze and injunction, as well as the appointment of a receiver. Defendants further state the SEC abandoned its requests for such relief against Defendants.

2. In response to the allegations of paragraph 2, Defendants refer to the private placement memoranda ("PPM"), operating agreements, data room materials and disclosures, slide decks, subscription agreements, subscription documentation, monthly and quarterly reports, website, series schedules/supplements, and compliance acknowledgement agreements. Defendants deny any allegations inconsistent with the referenced documents and deny any remaining allegations of paragraph 2.

3. Defendants deny the allegations of paragraph 3.

4. Defendants deny the allegations of paragraph 4.

5. Defendants deny the allegations of paragraph 5.

6. Defendants deny the allegations of paragraph 6.

7. Defendants deny the allegations of paragraph 7.

8. Defendants deny the allegations of paragraph 8.

9. Defendants deny the allegations of paragraph 9.

10. Defendants deny the allegations of paragraph 10.

11. Defendants deny the allegations of paragraph 11.

***AS TO THE SEC'S PARTIES AND RELATED ENTITIES***

12. Defendants deny the allegations of paragraph 12, except admit that Feingold is a resident of Aventura, Florida, a licensed attorney in the State of Florida since 1991, the CEO of BSI and that as CEO BSI, Feingold oversaw business lines funded by the BSG Fund.

13. Defendants deny the allegations of paragraph 13, except admit that Joseph Baldassarra is a resident of Simpsonville, South Carolina, a managing member of BSG Management and President of BSI.

14. Defendants deny the allegations of paragraph 14, except admit Steven Baldassarra is a resident of Simpsonville, South Carolina, a managing member of BSG Management and COO of BSI.

15. Defendants deny the allegations of paragraph 15, except admit that BSG Management is a South Carolina LLC formed in October 2018, the manager of the Broadstreet Global Fund LLC ("BSG Fund") and that BSG Management is owned and managed by Joseph and Steven Baldassarra.

16. Defendants deny the allegations of paragraph 16, except admit that BSI is a Delaware corporation formed in June 2022, its voting shares are owned in equal parts by the Baldassarras and Feingold, unanimity by the Baldassarras and Feingold is required for shareholder decisions, Feingold is the CEO, Joseph Baldassarra is the President and Steven Baldassarra is the COO.

17. Defendants deny the allegations of paragraph 17, except admit that Joseph Benjamin is a South Carolina corporation.

18. Defendants deny the allegations of paragraph 18, except admit that Just A Nice Day is a South Carolina corporation.

19. In response to the allegations of paragraph 19, Defendants refer to the PPM, operating agreements, data room materials and disclosures, slide decks, subscription agreements, subscription documentation, monthly and quarterly reports, website, series schedules/supplements, and compliance acknowledgement agreements. Defendants deny any allegations inconsistent with the referenced documents and deny any remaining allegations of paragraph 19.

20. Defendants deny the allegations of paragraph 20, except admit that BSG Holdings is a South Carolina LLC owned and managed by the Baldassarras.

21. Defendants deny the allegations of paragraph 21, except admit that BSG Series CM is a South Carolina LLC owned and managed by the Baldassarras.

22. The allegations of paragraph 22 do not require a response. To the extent a response is necessary, Defendants deny the allegations.

***AS TO THE SEC'S JURISDICTION AND VENUE***

23. Defendants deny the allegations of paragraph 23.

24. Defendants deny the allegations of paragraph 24.

25. Defendants deny the allegations of paragraph 25.

***AS TO THE SEC'S FACTUAL ALLEGATIONS***

26. In response to the allegations of paragraph 26, Defendants refer to the PPM, operating agreements, data room materials and disclosures, slide decks, subscription agreements, subscription documentation, monthly and quarterly reports, website, series schedules/supplements, and compliance acknowledgement agreements. Defendants deny any allegations inconsistent with the referenced documents and deny any remaining allegations of paragraph 26.

27. In response to the allegations of paragraph 27, Defendants refer to the PPM, operating agreements, data room materials and disclosures, slide decks, subscription agreements, subscription documentation, monthly and quarterly reports, website, series schedules/supplements, and compliance acknowledgement agreements. Defendants deny any allegations inconsistent with the referenced documents and deny any remaining allegations of paragraph 27.

28. Defendants deny the allegations of paragraph 28, except admit that the BSG Fund is managed by BSG Management, BSG Management has authority to manage the BSG Fund and the Baldassarras are the managing members of BSG Management.

29. Defendants deny the allegations of paragraph 29, except admit that BSG Management is not registered as an investment advisor with the SEC.

30. Defendants deny the allegations of paragraph 30, except admit that BSI was formed in June 2022, Feingold is the CEO of BSI, Joseph Baldassarra is the President of BSI and Steven Baldassarra is the COO of BSI. Defendants further admit that BSI oversees assets in which BSG Fund has invested and BSI owns some of the real estate interests.

31. In response to the allegations of paragraph 31, Defendants refer to the PPM, operating agreements, data room materials and disclosures, slide decks, subscription agreements,

subscription documentation, monthly and quarterly reports, website, series schedules/supplements and compliance acknowledgement agreements. Defendants deny any allegations inconsistent with the referenced documents and deny any remaining allegations of paragraph 31.

32. In response to the allegations of paragraph 32, Defendants refer to the bank account statements of BSG Fund, BSG Series CM and BSG Management. Defendants deny any allegations inconsistent with the referenced documents and deny any remaining allegations of paragraph 32.

33. Defendants deny the allegations of paragraph 33.

34. Defendants deny the allegations of paragraph 34.

35. Defendants deny the allegations of paragraph 35.

36. Defendants deny the allegations of paragraph 36.

37. Defendants admit the allegations of paragraph 37.

38. Defendants deny the allegations of paragraph 38.

39. The allegations of paragraph 39 set forth legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations of paragraph 39.

40. Defendants deny the allegations of paragraph 40.

41. In response to the allegations of paragraph 41, Defendants refer to the PPM, operating agreements, data room materials and disclosures, slide decks, subscription agreements, subscription documentation, monthly and quarterly reports, website, series schedules/supplements, and compliance acknowledgement agreements. Defendants deny any allegations inconsistent with the referenced documents and deny the remaining allegations of paragraph 41.

42. In response to the allegations of paragraph 42, Defendants refer to the PPM, operating agreements, data room materials and disclosures, slide decks, subscription agreements, subscription documentation, monthly and quarterly reports, website, series schedules/supplements,

and compliance acknowledgement agreements. Defendants deny any allegations inconsistent with the referenced documents and deny the remaining allegations of paragraph 42.

43. Defendants deny the allegations of paragraph 43.

44. In response to the allegations of paragraph 44, Defendants refer to the subscription agreements and documentation. Defendants deny any allegations inconsistent with the referenced documents and deny any remaining allegations of paragraph 44.

45. In response to the allegations of paragraph 45, Defendants refer to the operating agreements. Defendants deny any allegations inconsistent with the referenced documents and deny the remaining allegations of paragraph 45.

46. In response to the allegations of paragraph 46, Defendants refer to the operating agreements. Defendants deny any allegations inconsistent with the referenced documents and deny the remaining allegations of paragraph 46.

47. In response to the allegations of paragraph 47, Defendants refer to the PPM. Defendants deny any allegations inconsistent with the referenced documents and deny the remaining allegations of paragraph 47.

48. In response to the allegations of paragraph 48, Defendants refer to the PPM. Defendants deny any allegations inconsistent with the referenced documents and deny the remaining allegations of paragraph 48.

49. In response to the allegations of paragraph 49, Defendants refer to the operating agreements and PPM. Defendants deny any allegations inconsistent with the referenced documents and deny the remaining allegations of paragraph 49.

50. In response to the allegations of paragraph 50, Defendants refer to the data room materials and disclosures. Defendants deny any allegations inconsistent with the referenced documents and deny the remaining allegations of paragraph 50.

51. In response to the allegations of paragraph 51, Defendants refer to the pitch decks. Defendants deny any allegations inconsistent with the referenced documents and deny the remaining allegations of paragraph 51.

52. Defendants deny the allegations of paragraph 52.

53. Defendants admit the allegations of paragraph 53.

54. In response to the allegations of paragraph 54, Defendants admit that BSG Management manages the BSG Fund and the co-managers of BSG Management are Joseph Baldassarra and Steven Baldassarra. The remaining allegations of paragraph 54 set forth legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the remaining allegations of paragraph 54.

55. Defendants cannot admit or deny the allegations of paragraph 55 because of the lack of specificity in the allegations and therefore deny same.

56. Defendants cannot admit or deny the allegations of paragraph 56 because of the lack of specificity in the allegations and therefore deny same.

57. In response to the allegations of paragraph 57, Defendants refer to the PPM, operating agreements, data room materials and disclosures, slide decks, subscription agreements, subscription documentation, monthly and quarterly reports, website, series schedules/supplements, and compliance acknowledgement agreements. Defendants deny any allegations inconsistent with the referenced documents and deny the remaining allegations of paragraph 57.

58. In response to the allegations of paragraph 58, Defendants refer to the PPM, operating agreements, data room materials and disclosures, slide decks, subscription agreements, subscription documentation, monthly and quarterly reports, website, series schedules/supplements, and compliance acknowledgement agreements. Defendants deny any allegations inconsistent with the referenced documents and deny the remaining allegations of paragraph 58.

59. In response to the allegations of paragraph 59, Defendants refer to the PPM, operating agreements, data room materials and disclosures, slide decks, subscription agreements, subscription documentation, monthly and quarterly reports, website, series schedules/supplements, and compliance acknowledgement agreements. Defendants deny any allegations inconsistent with the referenced documents and deny the remaining allegations of paragraph 59.

60. In response to the allegations of paragraph 60, Defendants refer to the PPM, operating agreements, data room materials and disclosures, slide decks, subscription agreements, subscription documentation, monthly and quarterly reports, website, series schedules/supplements, and compliance acknowledgement agreements. Defendants deny any allegations inconsistent with the referenced documents and deny the remaining allegations of paragraph 60.

61. In response to the allegations of paragraph 61, Defendants refer to the PPM, operating agreements, data room materials and disclosures, slide decks, subscription agreements, subscription documentation, monthly and quarterly reports, website, series schedules/supplements, and compliance acknowledgement agreements. Defendants deny any allegations inconsistent with the referenced documents and deny the remaining allegations of paragraph 61.

62. In response to the allegations of paragraph 62, Defendants refer to the PPM, operating agreements, data room materials and disclosures, slide decks, subscription agreements, subscription documentation, monthly and quarterly reports, website, series schedules/supplements,

compliance acknowledgement agreements and side letters. Defendants deny any allegations inconsistent with the referenced documents and deny the remaining allegations of paragraph 62.

63. Defendants deny the allegations of paragraph 63.

64. In response to the allegations of paragraph 64, Defendants refer to the PPM, operating agreements, data room materials and disclosures, slide decks, subscription agreements, subscription documentation, monthly and quarterly reports, website, series schedules/supplements, and compliance acknowledgement agreements. Defendants deny any allegations inconsistent with the referenced documents and deny the remaining allegations of paragraph 64.

65. In response to the allegations of paragraph 65, Defendants refer to the PPM, operating agreements, data room materials and disclosures, slide decks, subscription agreements, subscription documentation, monthly and quarterly reports, website, series schedules/supplements, and compliance acknowledgement agreements. Defendants deny any allegations inconsistent with the referenced documents and deny the remaining allegations of paragraph 65.

66. In response to the allegations of paragraph 66, Defendants refer to the PPM, operating agreements, data room materials and disclosures, slide decks, subscription agreements, subscription documentation, monthly and quarterly reports, website, series schedules/supplements, and compliance acknowledgement agreements. Defendants deny any allegations inconsistent with the referenced documents and deny the remaining allegations of paragraph 66.

67. Defendants deny the allegations of paragraph 67.

68. In response to the allegations of paragraph 68, Defendants refer to the PPM, operating agreements, data room materials and disclosures, slide decks, subscription agreements, subscription documentation, monthly and quarterly reports, website, series schedules/supplements,

and compliance acknowledgement agreements. Defendants deny any allegations inconsistent with the referenced documents and deny the remaining allegations of paragraph 68.

69. In response to the allegations of paragraph 69, Defendants refer to the PPM, operating agreements, data room materials and disclosures, slide decks, subscription agreements, subscription documentation, monthly and quarterly reports, website, series schedules/supplements, and compliance acknowledgement agreements. Defendants deny any allegations inconsistent with the referenced documents and deny the remaining allegations of paragraph 69.

70. Defendants deny the allegations of paragraph 70.

71. In response to the allegations of paragraph 71, Defendants refer to the PPM, operating agreements, data room materials and disclosures, slide decks, subscription agreements, subscription documentation, monthly and quarterly reports, website, series schedules/supplements, and compliance acknowledgement agreements. Defendants deny any allegations inconsistent with the referenced documents and deny the remaining allegations of paragraph 71.

72. In response to the allegations of paragraph 72, Defendants refer to the PPM, operating agreements, data room materials and disclosures, slide decks, subscription agreements, subscription documentation, monthly and quarterly reports, website, series schedules/supplements, and compliance acknowledgement agreements. Defendants deny any allegations inconsistent with the referenced documents and deny the remaining allegations of paragraph 72.

73. Defendants deny the allegations of paragraph 73.

74. In response to the allegations of paragraph 74, Defendants refer to the PPM, operating agreements, data room materials and disclosures, slide decks, subscription agreements, subscription documentation, monthly and quarterly reports, website, series schedules/supplements,

and compliance acknowledgement agreements. Defendants deny any allegations inconsistent with the referenced documents and deny the remaining allegations of paragraph 74.

75. In response to the allegations of paragraph 75, Defendants refer to the PPM, operating agreements, data room materials and disclosures, slide decks, subscription agreements, subscription documentation, monthly and quarterly reports, website, series schedules/supplements, and compliance acknowledgement agreements. Defendants deny any allegations inconsistent with the referenced documents and deny the remaining allegations of paragraph 75.

76. Defendants deny the allegations of paragraph 76.

77. In response to the allegations of paragraph 77, Defendants refer to the PPM, operating agreements, data room materials and disclosures, slide decks, subscription agreements, subscription documentation, monthly and quarterly reports, website, series schedules/supplements, and compliance acknowledgement agreements. Defendants deny any allegations inconsistent with the referenced documents and deny the remaining allegations of paragraph 77.

78. In response to the allegations of paragraph 78, Defendants refer to the PPM, operating agreements, data room materials and disclosures, slide decks, subscription agreements, subscription documentation, monthly and quarterly reports, website, series schedules/supplements, and compliance acknowledgement agreements. Defendants deny any allegations inconsistent with the referenced documents and deny the remaining allegations of paragraph 78.

79. Defendants deny the allegations of paragraph 79.

80. In response to the allegations of paragraph 80, Defendants refer to the PPM, operating agreements, data room materials and disclosures, slide decks, subscription agreements, subscription documentation, monthly and quarterly reports, website, series schedules/supplements,

and compliance acknowledgement agreements. Defendants deny any allegations inconsistent with the referenced documents and deny the remaining allegations of paragraph 80.

81. Defendants deny the allegations of paragraph 81.

82. Defendants deny the allegations of paragraph 82.

83. In response to the allegations of paragraph 83, Defendants refer to the PPM, operating agreements, data room materials and disclosures, slide decks, subscription agreements, subscription documentation, monthly and quarterly reports, website, series schedules/supplements, and compliance acknowledgement agreements. Defendants deny any allegations inconsistent with the referenced documents and deny the remaining allegations of paragraph 83.

84. In response to the allegations of paragraph 84, Defendants refer to the PPM, operating agreements, data room materials and disclosures, slide decks, subscription agreements, subscription documentation, monthly and quarterly reports, standard series schedule/supplement, and compliance acknowledgement agreements. Defendants deny any allegations inconsistent with the referenced documents and deny the remaining allegations of paragraph 84.

85. Defendants deny the allegations of paragraph 85.

86. In response to the allegations of paragraph 86, Defendants refer to the PPM, operating agreements, data room materials and disclosures, slide decks, subscription agreements, subscription documentation, monthly and quarterly reports, website, series schedules/supplements, and compliance acknowledgement agreements. Defendants deny any allegations inconsistent with the referenced documents and deny the remaining allegations of paragraph 86.

87. In response to the allegations of paragraph 87, Defendants refer to the PPM, operating agreements, data room materials and disclosures, slide decks, subscription agreements, subscription documentation, monthly and quarterly reports, website, series schedules/supplements,

and compliance acknowledgement agreements. Defendants deny any allegations inconsistent with the referenced documents and deny the remaining allegations of paragraph 87.

88. Defendants deny the allegations of paragraph 88.

89. In response to the allegations of paragraph 89, Defendants refer to the PPM, operating agreements, data room materials and disclosures, slide decks, subscription agreements, subscription documentation, monthly and quarterly reports, website, series schedules/supplements, and compliance acknowledgement agreements. Defendants deny any allegations inconsistent with the referenced documents and deny the remaining allegations of paragraph 89.

90. In response to the allegations of paragraph 90, Defendants refer to the PPM, operating agreements, data room materials and disclosures, slide decks, subscription agreements, subscription documentation, monthly and quarterly reports, website, series schedules/supplements, and compliance acknowledgement agreements. Defendants deny any allegations inconsistent with the referenced documents and deny the remaining allegations of paragraph 90.

91. Defendants deny the allegations of paragraph 91.

92. In response to the allegations of paragraph 92, Defendants refer to the PPM, operating agreements, data room materials and disclosures, slide decks, subscription agreements, subscription documentation, monthly and quarterly reports, website, series schedules/supplements, and compliance acknowledgement agreements. Defendants deny any allegations inconsistent with the referenced documents and deny the remaining allegations of paragraph 92.

93. In response to the allegations of paragraph 93, Defendants refer to the PPM, operating agreements, data room materials and disclosures, slide decks, subscription agreements, subscription documentation, monthly and quarterly reports, website, series schedules/supplements,

and compliance acknowledgement agreements. Defendants deny any allegations inconsistent with the referenced documents and deny the remaining allegations of paragraph 93.

94. Defendants deny the allegations of paragraph 94.

95. Defendants deny the allegations of paragraph 95.

96. Defendants deny the allegations of paragraph 96.

97. Defendants deny the allegations of paragraph 97.

98. Defendants deny the allegations of paragraph 98.

99. Defendants deny the allegations of paragraph 99.

100. Defendants deny the allegations of paragraph 100.

101. Defendants deny the allegations of paragraph 101.

102. Defendants deny the allegations of paragraph 102.

103. Defendants deny the allegations of paragraph 103.

104. Defendants deny the allegations of paragraph 104.

105. Defendants deny the allegations of paragraph 105.

106. Defendants deny the allegations of paragraph 106.

107. In response to the allegations of paragraph 107, Defendants refer to the applicable corporate agreements/documentation and bank records for flow of funds. Defendants deny allegations inconsistent with same and the remaining allegations of paragraph 107.

108. Defendants deny the allegations of paragraph 108.

109. Defendants deny the allegations of paragraph 109.

110. The allegations of paragraph 110 set forth legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations of paragraph 110.

111. The allegations of paragraph 111 set forth legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations of paragraph 111.

112. In response to the allegations of paragraph 112, Defendants refer to the PPM. Defendants deny any allegations inconsistent with the referenced document and deny the remaining allegations of paragraph 112.

113. In response to the allegations of paragraph 113, Defendants refer to the PPM. Defendants deny any allegations inconsistent with the referenced document and deny the remaining allegations of paragraph 113.

114. In response to the allegations of paragraph 114, Defendants refer to the PPM, operating agreements, data room materials and disclosures, slide decks, subscription agreements, subscription documentation, monthly and quarterly reports, website, series schedules/supplements, and compliance acknowledgement agreements. Defendants deny any allegations inconsistent with the referenced documents and deny the remaining allegations of paragraph 114.

115. The allegations of paragraph 115 set forth legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations of paragraph 115.

116. Defendants deny the allegations of paragraph 116.

117. Defendants admit that, since approximately June 2022, Feingold has served as CEO of BSI, Joseph Baldassarra has served as President of BSI, and Steven Baldassarra has served as COO of BSI, but deny any remaining allegation in paragraph 117 to the extent it seeks to imply broader control, authority, or liability beyond those titles.

118. Defendants deny the allegations of paragraph 118.

119. Defendants deny the allegations of paragraph 119.

120. Defendants admit that BSG Fund is managed by BSG Management and that Joseph Baldassarra and Steven Baldassarra are the managing members of BSG Management, but deny the remaining allegations of paragraph 120, including any characterization inconsistent with the governing documents and applicable law.

121. Defendants deny the allegations of paragraph 121.

122. In response to the allegations of paragraph 122, Defendants refer to the website. Defendants deny any allegations inconsistent with same and deny any remaining allegations of paragraph 122.

123. Defendants deny the allegations of paragraph 123.

124. In response to the allegations of paragraph 124, Defendants refer to the referenced financial statements. Defendants deny any allegations inconsistent with the referenced documents and deny the remaining allegations of paragraph 124.

125. In response to the allegations of paragraph 125, Defendants refer to the referenced financial statements. Defendants deny any allegations inconsistent with the referenced documents and deny the remaining allegations of paragraph 125.

126. Defendants deny the allegations of paragraph 126.

127. In response to the allegations of paragraph 127, Defendants refer to the PPM, operating agreements, data room materials and disclosures, slide decks, subscription agreements, subscription documentation, monthly and quarterly reports, website, series schedules/supplements, and compliance acknowledgement agreements. Defendants deny any allegations inconsistent with the referenced documents and deny the remaining allegations of paragraph 127.

128. Defendants deny the allegations of paragraph 128.

129. Defendants deny the allegations of paragraph 129.

130. Defendants deny the allegations of paragraph 130.

131. Defendants deny the allegations of paragraph 131.

132. Defendants deny the allegations of paragraph 132.

133. Defendants deny the allegations of paragraph 133.

134. Defendants deny the allegations of paragraph 134.

135. Defendants deny the allegations of paragraph 135.

136. Defendants deny the allegations of paragraph 136.

137. Defendants deny the allegations of paragraph 137.

138. Defendants deny the allegations of paragraph 138.

139. Defendants deny the allegations of paragraph 139.

140. Defendants deny the allegations of paragraph 140.

141. Defendants deny the allegations of paragraph 141.

142. Defendants deny the allegations of paragraph 142.

143. In response to the allegations of paragraph 143, Defendants refer to the documentation concerning the referenced payments. Defendants deny any allegations inconsistent with the referenced documents and deny the remaining allegations of paragraph 143.

144. In response to the allegations of paragraph 144, Defendants refer to the documentation concerning the referenced payments. Defendants deny any allegations inconsistent with the referenced documents and deny the remaining allegations of paragraph 144.

145. Defendants deny the allegations of paragraph 145.

146. In response to the allegations of paragraph 146, Defendants refer to the documentation concerning the referenced fees and commissions. Defendants deny any allegations inconsistent with the referenced documents and deny the remaining allegations of paragraph 146.

147. Defendants deny the allegations of paragraph 147.

148. Defendants deny the allegations of paragraph 148.

149. Defendants deny the allegations of paragraph 149.

150. Defendants deny the allegations of paragraph 150.

151. In response to the allegations of paragraph 151, Defendants refer to the documentation concerning the referenced payments. Defendants deny any allegations inconsistent with the referenced documents and deny the remaining allegations of paragraph 151.

152. Defendants deny the allegations of paragraph 152.

153. Defendants deny the allegations of paragraph 153.

154. Defendants deny the allegations of paragraph 154.

155. Defendants deny the allegations of paragraph 155.

156. In response to the allegations of paragraph 156, Defendants admit that reports titled "Dave's ROI" were created. Defendants deny the remaining allegations of paragraph 156.

157. Defendants deny the allegations of paragraph 157.

158. Defendants deny the allegations of paragraph 158.

159. Defendants deny the allegations of paragraph 159.

160. In response to the allegations of paragraph 160, Defendants admit Feingold reviewed an internal stress test analysis. Defendants deny the remaining allegations of paragraph 160.

161. Defendants deny the allegations of paragraph 161.

162. Defendants deny the allegations of paragraph 162.

163. Defendants deny the allegations of paragraph 163, except admits Feingold is the CEO of BSI.

164. Defendants deny the allegations of paragraph 164.

165. Defendants deny the allegations of paragraph 165.

166. Defendants deny the allegations of paragraph 166.

167. Defendants deny the allegations of paragraph 167.

168. Defendants deny the allegations of paragraph 168, and refer to the referenced account statements.

169. Defendants deny the allegations of paragraph 169, and refer to the referenced account statements.

170. Defendants deny the allegations of paragraph 170.

171. In response to the allegations of paragraph 171, Defendants admit the Baldassarras acted properly in their roles as managers of BSG Management. Defendants deny the allegations of paragraph 171.

172. Defendants deny the allegations of paragraph 172, including subparagraphs (a) – (i) included therein.

173. Defendants deny the allegations of paragraph 173.

174. Defendants deny the allegations of paragraph 174.

175. In response to the allegations of paragraph 175, Defendants refer to the PPM. Defendants deny any allegations inconsistent with the referenced documents and deny any remaining allegations of paragraph 175.

176. In response to the allegations of paragraph 176, Defendants refer to the operating agreements. Defendants deny any allegations inconsistent with the referenced documents and deny any remaining allegations of paragraph 176.

177. In response to the allegations of paragraph 177, Defendants refer to the PPM, operating agreements, data room materials and disclosures, slide decks, subscription agreements, subscription documentation, monthly and quarterly reports, website, series schedules/supplements, and compliance acknowledgement agreements. Defendants deny any allegations inconsistent with the referenced documents and deny the remaining allegations of paragraph 177.

178. Defendants deny the allegations of paragraph 178.

179. Defendants deny the allegations of paragraph 179.

180. In response to the allegations of paragraph 180, Defendants refer to the TPA. Defendants deny any allegations inconsistent with the TPA and deny the remaining allegations of paragraph 180.

181. Defendants deny the allegations of paragraph 181.

182. Defendants deny the allegations of paragraph 182.

183. Defendants deny the allegations of paragraph 183.

184. Defendants deny the allegations of paragraph 184.

185. Defendants deny the allegations of paragraph 185.

186. Defendants deny the allegations of paragraph 186 and refer to the TPA for its signatories and their roles.

187. Defendants deny the allegations of paragraph 187.

188. In response to the allegations of paragraph 188, Defendants refer to the referenced documents. Defendants deny any allegations inconsistent with the referenced documents and deny any remaining allegations of paragraph 188.

189. Defendants deny the allegations of paragraph 189.

190. Defendants deny the allegations of paragraph 190.

191. Defendants deny the allegations of paragraph 191.

192. Defendants deny the allegations of paragraph 192.

193. Defendants deny the allegations of paragraph 193.

194. Defendants deny the allegations of paragraph 194, and refer to the TPA.

195. Defendants deny the allegations of paragraph 195.

196. Defendants deny the allegations of paragraph 196.

197. Defendants deny the allegations of paragraph 197.

198. Defendants deny the allegations of paragraph 198.

199. Defendants deny the allegations of paragraph 199.

200. In response to the allegations of paragraph 200, Defendants refer to the referenced pitch deck. Defendants deny any allegations inconsistent with the referenced documents and deny any remaining allegations of paragraph 200.

201. In response to the allegations of paragraph 201, Defendants refer to the referenced pitch deck. Defendants deny any allegations inconsistent with the referenced documents and deny any remaining allegations of paragraph 201.

202. In response to the allegations of paragraph 202, Defendants refer to the referenced updates. Defendants deny any allegations inconsistent with the referenced updates and deny any remaining allegations of paragraph 202.

203. In response to the allegations of paragraph 203, Defendants refer to the referenced documents. Defendants deny any allegations inconsistent with the referenced documents and deny any remaining allegations of paragraph 203.

204. Defendants deny the allegations of paragraph 204.

205. Defendants deny the allegations of paragraph 205.

206. Defendants deny the allegations of paragraph 206.

207. Defendants deny the allegations of paragraph 207.

208. Defendants deny the allegations of paragraph 208.

209. Defendants deny the allegations of paragraph 209.

210. Defendants deny the allegations of paragraph 210

211. Defendants deny the allegations of paragraph 211.

212. In response to the allegations of paragraph 212, Defendants refer to the referenced pitch deck. Defendants deny any allegations inconsistent with the referenced pitch deck and deny any remaining allegations of paragraph 212.

213. In response to the allegations of paragraph 213, Defendants refer to the referenced pitch deck. Defendants deny any allegations inconsistent with the referenced pitch deck and deny any remaining allegations of paragraph 213.

214. The allegations of paragraph 214 set forth legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations of paragraph 214.

215. Defendants deny the allegations of paragraph 215.

216. In response to the allegations of paragraph 216, Defendants refer to the referenced pitch deck. Defendants deny any allegations inconsistent with the referenced pitch deck and any remaining allegations of paragraph 216.

217. Defendants deny the allegations of paragraph 217.

218. Defendants deny the allegations of paragraph 218, and refer to the document being referenced. Defendants again deny any false or misleading statements.

219. Defendants deny the allegations of paragraph 219.

220. Defendants deny the allegations of paragraph 220.

221. Defendants deny the allegations of paragraph 221.

222. In response to the allegations of paragraph 222, Defendants refer to the PPM and the operating agreements. Defendants deny any allegations inconsistent with those documents and deny any remaining allegations of paragraph 222.

223. The allegations of paragraph 223 set forth legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations of paragraph 223.

224. Defendants deny the allegations of paragraph 224.

225. Defendants deny the allegations of paragraph 225.

226. Defendants deny the allegations of paragraph 226.

227. In response to the allegations of paragraph 227, Defendants refer to the PPM. Defendants deny any allegations inconsistent with such document and deny any remaining allegations of paragraph 227.

228. In response to the allegations of paragraph 228, Defendants refer to the operating agreements. Defendants deny any allegations inconsistent with those documents and deny any remaining allegations of paragraph 228.

229. Defendants deny the allegations of paragraph 229.

230. Defendants deny the allegations of paragraph 230.

231. Defendants deny the allegations of paragraph 231, and refer to the referenced financial statements.

232. Defendants deny the allegations of paragraph 232.

233. Defendants deny the allegations of paragraph 233.

234. Defendants deny the allegations of paragraph 234.

235. Defendants deny the allegations of paragraph 235.

236. Defendants deny the allegations of paragraph 236.

237. Defendants deny the allegations of paragraph 237, and refer to the TPA.

238. In response to the allegations of paragraph 238, Defendants refer to the TPA. Defendants deny any allegations inconsistent with the TPA and deny any remaining allegations of paragraph 238.

239. In response to the allegations of paragraph 239, Defendants refer to the TPA. Defendants deny any allegations inconsistent with the TPA and deny any remaining allegations of paragraph 239.

240. Defendants deny the allegations of paragraph 240.

241. Defendants deny the allegations of paragraph 241.

242. Defendants deny the allegations of paragraph 242, and refer to the account statements.

243. Defendants deny the allegations of paragraph 243, and refer to the account statements.

244. Defendants deny the allegations of paragraph 244, and refer to the account statements and closing statements.

245. Defendants deny the allegations of paragraph 245, and refer to the account statements.

246. Defendants deny the allegations of paragraph 246.

247. Defendants deny the allegations of paragraph 247, and refer to the documents referenced.

248. Defendants deny the allegations of paragraph 248.

249. Defendants deny the allegations of paragraph 249, and refer to the documents referenced.

250. Defendants deny the allegations of paragraph 250.

251. Defendants deny the allegations of paragraph 251.

252. Defendants deny the allegations of paragraph 252.

253. Defendants deny the allegations of paragraph 253.

***AS TO THE SEC'S FIRST CLAIM FOR RELIEF***
***(VIOLATIONS OF SECTIONS 17(A)(1)AND (3) OF THE SECURITIES ACT)***
***(AGAINST ALL DEFENDANTS)***

254. In response to the allegations of paragraph 254, Defendants reallege and incorporate their responses to paragraphs 1-253 as if set forth fully herein.

255. Defendants deny the allegations of paragraph 255.

256. Defendants deny the allegations of paragraph 256.

***AS TO THE SEC'S SECOND CLAIM FOR RELIEF***
**(VIOLATION OF SECTION 17(A)(2) OF THE SECURITIES ACT)**

**(AGAINST BSG MANAGEMENT, JOSEPH BALDASSARRA, STEVEN BALDASSARRA, AND FEINGOLD)**

257. In response to the allegations of paragraph 257, Defendants reallege and incorporate their responses to paragraphs 1-256 as if set forth fully herein.

258. Defendants deny the allegations of paragraph 258.

259. Defendants deny the allegations of paragraph 259.

***AS TO THE SEC'S THIRD CLAIM FOR RELIEF***
***(VIOLATIONS OF SECTIONS 10(B) OF THE EXCHANGE ACT AND RULES 10B-5(A) AND (C))***
***(AGAINST ALL DEFENDANTS)***

260. In response to the allegations of paragraph 260, Defendants reallege and incorporate their responses to paragraphs 1-259 as if set forth fully herein.

261. Defendants deny the allegations of paragraph 261.

262. Defendants deny the allegations of paragraph 262.

***AS TO THE SEC'S FOURTH CLAIM FOR RELIEF***
***(VIOLATIONS OF SECTIONS 10(B) OF THE EXCHANGE ACT AND RULES 10B-5(B))***
***(AGAINST BSG MANAGEMENT, JOSEPH BALDASSARRA, AND STEVEN BALDASSARRA)***

263. In response to the allegations of paragraph 263, Defendants reallege and incorporate their responses to paragraphs 1-253 as if set forth fully herein.

264. Defendants deny the allegations of paragraph 264.

265. Defendants deny the allegations of paragraph 265.

***AS TO THE SEC'S FIFTH CLAIM FOR RELIEF***
***(VIOLATIONS OF SECTIONS 206(1) AND 206(2) OF THE ADVISERS ACT)***
***(AGAINST BSG MANAGEMENT, JOSEPH BALDASSARRA, AND STEVEN BALDASSARRA)***

266. In response to the allegations of paragraph 266, Defendants reallege and incorporate their responses to paragraphs 1-253 as if set forth fully herein.

267. Defendants deny the allegations of paragraph 267.

268. Defendants deny the allegations of paragraph 268.

269. Defendants deny the allegations of paragraph 269.

***AS TO THE SEC'S SIXTH CLAIM FOR RELIEF***
***(CONTROL PERSON LIABILITY FOR BSG MANAGEMENT'S AND BSI'S VIOLATIONS OF THE EXCHANGE ACT)***
***(AGAINST FEINGOLD, JOSEPH BALDASSARRA, AND STEVEN BALDASSARRA)***

270. In response to the allegations of paragraph 270, Defendants reallege and incorporate their responses to paragraphs 1-253 as if set forth fully herein.

271. Defendants deny the allegations of paragraph 271.

272. Defendants deny the allegations of paragraph 272.

273. Defendants deny the allegations of paragraph 273.

274. Defendants deny the allegations of paragraph 274.

275. Defendants deny the allegations of paragraph 275.

***AS TO THE SEC'S SEVENTH CLAIM FOR RELIEF***
***(DISGORGEMENT FROM RELIEF DEFENDANTS – PURSUANT TO SECTION 6501 OF THE NATIONAL DEFENSE AUTHORIZATION ACT FOR FISCAL YEAR 2021, PUB. L. NO. 116-283 AND EQUITABLE PRINCIPLES)***
***(AGAINST RELIEF DEFENDANTS)***

276. In response to the allegations of paragraph 276, Defendants reallege and incorporate their responses to paragraphs 1-253 as if set forth fully herein.

277. Defendants deny the allegations of paragraph 277.

278. Defendants deny the allegations of paragraph 278.

***THE SEC'S PRAYER FOR RELIEF***

Defendants deny the allegations and relief requested by the SEC in the "**WHEREFORE**" paragraph under paragraph 278, including subparagraphs (A)-(E) included therein.

## SECOND DEFENSE[2]
## (FAILURE TO STATE A CLAIM)

The Complaint fails to state a claim against Defendants upon which relief can be granted.

## THIRD DEFENSE
## (LACK OF JURISDICTION)

The Court lacks jurisdiction over the subject matter and, therefore, the SEC's claims must be dismissed pursuant to Rule 12(b)(1), FRCP.

## FOURTH DEFENSE
## (IMPROPER VENUE)

Venue is improper and, therefore, the SEC's claims must be dismissed pursuant to Rule 12(b)(3), FRCP.

## FIFTH DEFENSE
## (LACK OF STANDING)

The SEC lacks standing to pursue this action.

## SIXTH DEFENSE
## (CONDITIONS PRECEDENT)

The SEC has failed to satisfy all conditions precedent to bringing these causes of action.

## SEVENTH DEFENSE
## (FAILURE TO PLEAD WITH PARTICULARITY)

The Complaint fails to plead claims with requisite particularity in compliance with Rule 9(b), FRCP.

[2] The assertion of these defenses should not be construed to alleviate the burdens of proof associated with the SEC's purported claims.

**EIGHTH DEFENSE**
**(EQUITABLE DEFENSES)**

Some or all of the SEC's claims are barred by equitable defenses, including, without limitation, waiver, estoppel, acquiescence, delay, laches, unclean hands, and related principles of equity, to the extent applicable.

**NINTH DEFENSE**
**(GOOD FAITH)**

Any actions taken by Defendants and/or procedures followed by Defendants concerning the matters stated herein were taken in good faith, in a reasonable manner, and said actions and/or procedures were reasonable in time and manner, and the SEC is therefore precluded from recovery against Defendants under the SEC's theories of liability.

**TENTH DEFENSE**
**(BUSINESS JUDGMENT RULE)**

The SEC's claims are barred by the business judgment rule.

**ELEVENTH DEFENSE**
**(NO VIOLATIONS OF LAW)**

Some or all of the SEC's claims against Defendants fail because violations of GAAP or SEC guidance do not, in and of themselves, amount to violations of law.

**TWELFTH DEFENSE**
**(NO INVESTOR LOSS OR HARM)**

The Complaint should be dismissed because there has been no investor loss or harm.

**THIRTEENTH DEFENSE**
**(OBEY THE LAW INJUNCTION)**

The Complaint should be dismissed because it requests improper obey the law injunctive relief.

**FOURTEENTH DEFENSE**
**(STATUTE OF LIMITATIONS)**

The Complaint should be dismissed to the extent barred by the applicate statute of limitations.

**FIFTEENTH DEFENSE**
**(WAIVER)**

The Complaint should be dismissed because the SEC abandoned its position that there was even a likelihood it would succeed on the merits of this case.

**SIXTEENTH DEFENSE**
**(WAIVER)**

The Complaint should be dismissed because the SEC has abandoned its claims about the business.

**SEVENTEENTH DEFENSE**
**(RELIEF EXCEEDS LAWFUL AUTHORITY)**

The relief sought by the SEC exceeds its lawful authority.

**EIGHTEENTH DEFENSE**
**(CIVIL PENALTIES)**

The Complaint and each count thereof fail to allege facts and fail to make a showing sufficient to support the imposition of any civil penalties.

**NINETEENTH DEFENSE**
**(DISGORGEMENT)**

The Complaint and each count thereof fail to allege facts and fail to make a showing sufficient to support disgorgement.

**TWENTIETH DEFENSE**
**(RELIANCE ON OTHER PROFESSIONAL AND EXPERTS)**

In executing or authorizing the execution and/or publication of any document containing statements complained of in the Complaint, Defendants were entitled to, and did, reasonably and in good faith, rely upon the work and conclusions of other professionals and experts.

**TWENTY-FIRST DEFENSE**
**(UNCONSTITUTIONALITY)**

The SEC's claims fail because the relief sought by the SEC violates the federal constitution to the extent that the SEC seeks disgorgement in excess of constitutionally permissible levels, which would constitute an unconstitutional forfeiture and and/or an excessive fine.

**TWENTY-SECOND DEFENSE**
**(RESERVATION OF DEFENSES)**

To the extent additional defenses become apparent during the course of discovery and further litigation of this case, Defendants expressly reserve the right to amend and/or add additional any and all such additional affirmative defenses.

**DEMAND FOR TRIAL BY JURY**

Defendants hereby demand a trial by jury as to all issues so triable.

**WHEREFORE**, having fully answered the SEC's Complaint, Defendants pray that this Court: (a) dismiss the SEC's claims with prejudice and/or otherwise deny all relief sought by the SEC against Defendants; (b) enter a judgment in favor of Defendants in this action; and (c) award Defendants such other and further relief as this Court may deem just and proper.

**[signature page follows]**

Dated: April 17, 2026

Respectfully submitted,

**WELTZ KAKOS GERBI WOLINETZ VOLYNSKY LLP**

By: ***Thomas Scot Wolinetz***
Thomas S. Wolinetz, Esq.
Florida Bar No. 1001160
Irwin Weltz (PHV)
1 Old Country Road, Suite 275
Carle Place, New York 11514
Telephone: (212) 202-3176
Facsimile: (516) 855-8776
twolinetz@weltz.law
irwin@weltz.law

**GALLIVAN WHITE & BOYD P.A.**

Ioannis (Ian) G. Conits (PHV)
55 Beattie Pl., Suite 1200
Greenville, South Carolina 29601
Telephone: 864-271-5432
iconits@gwblawfirm.com

**LETT LAW FIRM**

By: ***Ariel Lett***
Ariel Lett, Esq.
Florida Bar No. 115513
6303 Blue Lagoon Dr., Suite 400
Miami, FL 33126
Telephone: 305-912-5388
alett@lettlawfirm.com

*Attorneys for Broadstreet Inc. and David Feingold*

**BERKELEY LAW P.A.**

By: ***Lorne E. Berkeley***
Lorne E. Berkeley, Esq.
Florida Bar No. 146099
10600 Griffin Road, Suite 104
Cooper City, Florida 33328

Telephone: (954) 719-3484
Lorne@BerkeleyLawFL.com

*Attorneys for Broadstreet Global Management LLC, Joseph B. Baldassarra, and Steven B. Baldassarra*

**LOMAX LEGAL PLLC**

By: ***Brianna P. Hathaway***
Brianna P. Hathaway, Esq.
Florida Bar No. 1019219
95 Merrick Way, 3rd Floor
Coral Gables, FL 33134
Telephone: 305.582.6506
Brianna@LomaxLegal.com

*Attorneys for Broadstreet Global Management LLC*

**NEIMAN MAYS FLOCH & ALMEIDA, PLLC**

By: ***Bryan A. Almeida***
Jeffrey A. Neiman, Esq.
Florida Bar No. 544469
jneiman@nmfalawfirm.com
Bryan A. Almeida, Esq.
Florida Bar No. 1005558
balmeida@nmfalawfirm.com

201 S. Biscayne Blvd., Suite 1300
Miami, Florida 33131

*Attorneys for Relief Defendants, JosephBenjamin, Inc. and Just a Nice Day, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on April 17, 2026, I filed this document through the CM/ECF system, which will cause a copy of this document to be served by Notice of Electronic Filing on all counsel and parties of record.

By: ***Bryan A. Almeida***
Bryan A. Almeida, Esq.