**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:25-cv-20436-GAYLES/SHAW-WILDER**

SECURITIES AND EXCHANGE
COMMISSION,

*Plaintiff,*

v.

DAVID J. FEINGOLD,
JOSEPH B. BALDASSARRA,
STEVEN S. BALDASSARRA,
BROAD STREET GLOBAL MANAGEMENT
LLC, and BROAD STREET INC.,

*Defendants, and*

JOSEPHBENJAMIN, INC.,
JUST A NICE DAY, INC.,

*Relief Defendants.*
_______________________________________/

**PLAINTIFF SEC'S EXPEDITED MOTION TO UNSEAL THE MONITOR'S SEVENTH, SIXTH, AND FIFTH STATUS REPORTS AND MEMORANDUM IN SUPPORT**

The SEC submits this Expedited Motion to Unseal the Monitor's Seventh, Sixth, and Fifth Status Reports and Memorandum in Support pursuant to Local Rule 5.4 and the Order Granting Stipulated Motion to Appoint a Monitor and Other Additional Relief (ECF 95) ("Monitor Order") ¶ 15.

Since filing their Motion to Discharge the Monitor in November 2025, Defendants and Relief Defendants (collectively referred to as "Defendants") have repeatedly misused the sealing procedures set forth in the Monitor Order and the Local Rules to prevent investors and the public from seeing the Monitor's full reports, including any information that they perceive as critical of them or inconsistent with their version of events. They have done so while publicly speaking on the same topics, setting forth their side of the story in "Investor Updates" filed on this docket and in a complaint against their own investors who have demanded to receive the cash they were promised in another docket. *See* ECF 230.1, 234.1, 245.1, 250.1, 261.1, and 264.1; *Broad Street Global Management LLC v. Schulman, et al.*, No. 26-cv-23998-DPG, Complaint filed June 8, 2026). Defendants' redactions to the Monitor's Seventh Status Report, filed June 2, 2026, after they had publicly filed an Investor Update on May 22, 2026, regarding the same issues discussed in the Monitor's Seventh Status Report, as well as the numerous investor complaints and questions received by the SEC and the Monitor, have prompted the SEC to file this Expedited Motion so that investors may promptly have access to the Monitor's reports on this subject.

**<u>Expedited Treatment Requested</u>**

The SEC requests an expedited ruling on this motion under Local Rule 7.1(d)(2). The SEC requests a ruling on this motion by Wednesday, June 24, 2026. Since Defendants filed their Investor Update on Friday, May 22 (immediately before Memorial Day weekend) stating that they would not redeem investors in cash, numerous investors have contacted the SEC and the

Monitor to try to understand the status of the cash redemption and what their rights are. *See, e.g.*, ECF 280 (Sealed Exhibit B to the Monitor's Seventh Status Report (attaching 122 pages of emails from complaining investors)). On Tuesday, June 2, 2026, the Monitor filed the redacted Seventh Status Report. ECF 269. Given that Defendants have spoken publicly on the same topics that they seek to shield in the Monitor's Report, the SEC moves on an expedited basis to unseal the Monitor's Seventh Status Report (ECF 280), so that investors may have access to the Monitor's report addressing these issues. An expedited ruling is needed to permit investors to see the full Seventh Status Report. Given that the Fifth and Sixth Monitor Reports suffer from similar overbroad redactions that do not appear to fall within the parameters for commercially sensitive information, the SEC requests that those reports be unsealed as well.

## I. Legal Standard

"Unless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record." S.D. Fla. L.R. 5.4(a). While courts "have discretion to determine which portions of the record should be placed under seal, [such] discretion is guided by the presumption of public access to judicial documents." *PayRange, Inc. v. KioSoft Technologies, LLC*, Case No., 20-cv-20970-SMITH/LOUIS, 2021 WL 11726567, at *1 (S.D. Fla. Aug. 13, 2021) (citing *Perez-Guerrero v. U.S. Attorney Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013) (alteration added)). Indeed, Local Rule 5.4(b)(1) requires a party seeking to file information or documents under seal to file a motion to seal that "sets forth the factual and legal basis for departing from the policy that Court filings are public."[1] When exercising that discretion, courts balance the competing interests of the parties to

[1] Although the Monitor has filed the Motions to Seal, the SEC understands that all redactions to the reports have been proposed by the Defendants, with one exception: when the Defendants sought to redact only the second half of two sentences in the Monitor's Seventh Report, the Monitor proposed redacting the whole sentences for

determine whether "good cause" exists to deny the public's access to documents. *PayRange*, 2021 WL 11726567, at *1.

> In considering the public interest of disclosure against a party's interest in preventing that disclosure, courts consider, among other things: (1) whether allowing access would impair court functions or harm legitimate privacy interests, (2) the degree of and likelihood of injury if made public, (3) the reliability of the information, (4) whether there will be an opportunity to respond to the information, (5) whether the information concerns public officials or public concerns, and (6) the availability of a less onerous alternative to sealing the documents.

*Id.* (cleaned up).

Defendants have the burden to "illustrate the need for these documents to remain confidential." *See Chiron Recovery Center, LLC v. AmeriHealth HMO of New Jersey, Inc.*, Case No. 9:16-CV-82043-ROSENBERG/HOPKINS, 2018 WL 8582983, at *1 (S.D. Fla. Jan. 5, 2018). Defendants' burden is "very high." *See*, e.g., *Smith v. Target Corp.*, Case No. 21-80307-CIV-MATTHEWMAN, 2021 WL 5501566, at *2 (S.D. Fla. Nov. 23, 2021).

Pursuant to the Monitor Order, the "Monitor will consult with the BSG Parties to redact or file under seal any commercially sensitive information. The SEC reserves its right to seek relief from the court to oppose (and remove) any such redactions or motion to seal." ECF 95 ¶ 15. The SEC files this Motion precisely to oppose and seek relief to remove all redactions to the Monitor's Seventh, Sixth, and Fifth Reports (collectively, the "Monitor's Reports").

**II. Defendants Do Not Meet Their High Burden to Seal the Monitor's Reports**

Defendants have demonstrated a pattern throughout this case of trying to publicly tell their story through this case's docket, while stifling any opposing views under seal. At the outset of this case, the SEC sought only to temporarily seal its initial Expedited Motion and

---

completeness because the second half of the sentences qualified the Monitor's statements in the first halves. Accordingly, the burden is on the Defendants to justify the redactions, not the Monitor.

Memorandum of Law for Temporary Injunctions, Asset Freeze, and Other Relief (ECF 9), in an abundance of caution given another court's order (*see* ECF 4). To date, that Motion remains under seal at Defendants' request. Notwithstanding their request to keep the SEC's motion under seal, Defendants publicly filed their opposition to that motion and declarations in support of that opposition (*see* ECF 54).

This pattern has continued in recent months with the Seventh, Sixth, and Fifth Monitor's Reports (collectively, the "Monitor's Reports"). The SEC has been conservative, understanding that the Monitor may have access to certain potentially sensitive commercial information, and accordingly has not previously sought to unseal any parts of the Monitor's Reports. However, Defendants' recent behavior and egregious redactions to the Monitor's Reports, while simultaneously publicly telling their side of the story in Investor Updates filed on the docket, have prompted the SEC to make this Motion. The SEC has heard from counsel to investors who wish to see the unredacted Monitor's Reports and from numerous investors who are wondering whether Defendants are permitted to substitute locked-up stock for cash and what their rights are or what they should do now. Investors, who have now been told by Defendants that Defendants will not honor the cash redemption that they promised to investors, should be able to hear the Monitor's full views. The Court should not permit Defendants' self-serving, selective use of "confidential information" to shield opposing views.

**A. The Monitor's Seventh Status Report Should Be Unsealed (Redacted Version at ECF 269; Sealed Version at ECF 280)**

Defendants have not met their high burden to show that the redacted information in this Report is commercially sensitive as required by the Monitor Order and the Local Rules.

First, Defendants have caused the Monitor to redact from his report information on the same topics about which Defendants have filed Investor Updates that are not sealed (*compare*

ECF 264.1 discussing "our authority to complete the redemption in kind" and quoting the Operating Agreement with the redactions to Section C of the Monitor's Report). Similarly, on June 8, 2026, Defendant Broad Street Global Management filed a lawsuit quoting the operating agreement and again proffering its views on the operating agreement. *Broad Street Global Management LLC v. Schulman, et al.*, No. 26-cv-23998-DPG, ECF 1. Defendants should not be permitted to make public filings concerning the operating agreement while simultaneously redacting any opinion that disagrees with them under the guise that the contrary view is "commercially sensitive information." Defendants have not, and cannot show, that this information is commercially sensitive.

Second, other information that Defendants redacted from the Seventh Report, such as statements BSG Fund investors have made to the Monitor, on its face does not appear to contain commercially sensitive information, and Defendants have certainly never explained how or why it does contain such information (*see* Paragraph 47 of the Monitor's Seventh Status Report).

Third, in a clear example of Defendants' overreach, Defendants redacted statements that they had publicly made in a hearing before this Court (*see* Paragraph 15). These statements certainly cannot be commercially sensitive, but they are different from the Defendants' later preferred method of minimizing the number of investors who sought to redeem in cash.

**B. The Monitor's Sixth Status Report Should be Unsealed (Redacted Version Filed at ECF 254; Sealed Version at ECF 258)**

Defendants' pattern of publicly making certain statements while redacting the same or similar information in the Monitor's Report is also an issue with the Monitor's Sixth Status Report. In that report as well, Defendants caused the Monitor to redact information that they have referenced in numerous public filings such as the investor letters. For example:

- *Compare* ECF 254 at 2 (redaction of line B.iii in the Table of Contents of the Monitor's Report) *with* ECF 230-1 at 2 ("The remaining 6% of the Redemption Consideration is payable as Cash");
- *Compare* ECF 254 at 3 (redaction of ¶ 3) with ECF ¶ 230-1 at 1 ("Collectively, the Stock and Cash payments . . . to be made to investors has a payment deadline of May 27, 2026 . . . . Broadstreet hereby reports that the total Redemption Consideration due is approximately $2.14 billion . . . and Broadstreet is further pleased to report that 94% of the Redemption Consideration has already been secured through a binding agreement.")

Other redactions do not reflect any commercially sensitive information. *See* ECF 254 ¶ 23-24 (first sentence), ¶ 27 (both not commercially sensitive and also described previously in ECF 131 ¶ 2). Further, with respect to any transactions that Defendants admit are now not occurring, such information is no longer commercially sensitive. *See, e.g.*, ECF 254 ¶¶ 30-31.

**C. The Monitor's Fifth Status Report Should be Unsealed (Redacted Version filed at ECF 236; Sealed Version at ECF 239).**

Defendants baseless, overbroad redactions were particularly egregious in the Monitor's Fifth Status Report: of the 90 paragraphs of the Monitor's Fifth Status Report, only 10 paragraphs are not redacted in the public version. The issues with these redactions are evident as soon as one compares the redacted table of contents with the unredacted table of contents, in which Defendants had the Monitor redact most of the table of contents, even though those headings refer to information that is already public (*i.e.*, Headings B, C, and E) or which is not commercially sensitive (*i.e.,* Heading D). These issues persist throughout the report. For brevity, the SEC highlights only a few examples of Defendant's redactions of information that is not

commercially sensitive (but which contradicts the story that they seek to tell in a one-sided fashion):

- *Compare* Paragraphs 6, 9, and 10, which are redacted and discuss generally the Monitor's view of how he was being treated by the Monitorship Entities, *with* ECF 230.1, an Investor Update filed nearly a month earlier in which Defendants include an entire paragraph dedicated to the "Monitor Relationship."
- *Compare* Paragraphs 17-20 which generally discuss the Redemption Transaction (which transaction is also discussed in numerous other ECF filings) *with* ECF 230.1, an Investor Update filed nearly a month earlier (among other Investor Updates) discussing details of the redemption transaction.
- Paragraph 25 discusses an investor's concern that was expressed to the Monitor. This information does not appear to be commercially sensitive.
- Paragraph 36 redacts a paragraph discussing a public filing by Defendants on this Court's docket.

These examples make clear that Defendants have not been redacting information in the Monitor's Reports on a good faith basis limited to commercially sensitive information.

## III. Conclusion

Consistent with the Local Rules and policy favoring public filings, the Court should unseal the Monitor's Seventh, Sixth, and Fifth Reports.

## Certification of Conferral

Counsel for the SEC has conferred with all Defendants and Relief Defendants who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

The SEC has also conferred with the Monitor regarding this Motion who confirmed that all proposed redactions in the Fifth, Sixth, and Seventh Status Reports, with the one exception discussed in footnote 1 above, were proposed by Defendants and that he believed the appropriate method to challenge any redactions under the Monitor Order would be for the SEC to file a Motion such as this one. The Monitor further stated that he takes no position on any of the redactions.

Dated: June 10, 2026

Respectfully submitted,

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION**

By: *__/s Jacqueline M. Moessner__*

Jacqueline M. Moessner
S.D. Fla. Bar No. A5503301
(303) 844-1031
moessnerj@sec.gov

Terry R. Miller, Esq.
S.D. Fla. Bar No. A5503312
(303) 844-1041
millerte@sec.gov

Zachary T. Carlyle
S.D. Fla. Bar No. A5502167
(303) 844-1084
Carlylez@sec.gov

Attorneys for Plaintiff United
States Securities and
Exchange Commission
1961 Stout Street, 17th Floor
Denver, Colorado 80294
(303) 844-1000