AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

SECURITIES AND EXCHANGE COMMISSION,
*Plaintiff*
v.
DAVID J. FEINGOLD, JOSEPH B. BALDASSARRA, STEVEN S. BALDASSARRA, BROAD STREET GLOBAL MANAGEMENT, LLC, and BROAD STREET INC., Defendants. and
*Defendant*

Civil Action No. 1:25-CV-20436-DPG

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Christopher Martin

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See Schedule A (deposition topics) and Schedule B (documents).

| Place: 20551 North Pima Road, Suite 200, Scottsdale, AZ 85255 | Date and Time: 07/15/2026 10:00 am |
|---|---|

The deposition will be recorded by this method: stenographic and videographic means

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See attached Schedule B.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/01/2026

*CLERK OF COURT*

OR

/s/ Lorne E. Berkeley

*Signature of Clerk or Deputy Clerk* | *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Broad Street Global Management, LLC, Joseph B. Baldassarra, and Steven S. Baldassarra, who issues or requests this subpoena, are:
Lorne E. Berkeley, Esq. (Fla. Bar No. 146099), Berkeley Law P.A., 10600 Griffin Road, Suite 104, Cooper City, FL 33328; Lorne@BerkeleyLawFL.com; (954) 719-3484

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:25-CV-20436-DPG

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ______________ .

❐ I served the subpoena by delivering a copy to the named individual as follows: ______________________
______________________ on *(date)* ______________ ; or

❐ I returned the subpoena unexecuted because: ______________________
______________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-CV-20436-GAYLES/SHAW-WILDER

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

DAVID J. FEINGOLD,
JOSEPH B. BALDASSARRA,
STEVEN S. BALDASSARRA,
BROAD STREET GLOBAL MANAGEMENT, LLC, and
BROAD STREET, INC.,

Defendants, and

JOSEPHBENJAMIN, INC., and
JUST A NICE DAY, INC.,

Relief Defendants.

**SCHEDULE A MATTERS FOR EXAMINATION**

Pursuant to Federal Rule of Civil Procedure 45, the deponent is required to testify regarding the factual matters set forth below. These matters are limited to non-privileged, factual information relevant to the claims and defenses in the above-captioned action. This Schedule does not seek, and the deponent is not asked to disclose, the mental impressions, conclusions, opinions, or legal theories of counsel, attorney work product, deliberative or pre-decisional materials, or information protected by the attorney-client privilege or any applicable law-enforcement or governmental privilege.

**Definitions and Instructions**

1. “The Fund” means Broad Street Global Fund, LLC, including each of its Series. “BSG Management” means Broad Street Global Management, LLC. “BSI” means Broad Street Inc.

2. “Defendants” means David J. Feingold, Joseph B. Baldassarra, Steven S. Baldassarra, BSG Management, and BSI. “Relief Defendants” means Josephbenjamin, Inc. and Just A Nice Day, Inc.

3. “The Investigation” means the Commission’s investigation of the Defendants and Relief Defendants that preceded the filing of the Complaint in this action.

4. “Relevant Period” means January 1, 2020 through the present, unless otherwise specified.

**Matters for Examination**

1. The factual basis, if any, for the allegation that David J. Feingold is or was a control person of, or otherwise controlled, the Fund or BSG Management, including the identity of each document and witness statement said to support that allegation.

2. The factual basis, if any, for the allegation that any individual Defendant had authority to accept, direct, manage, or disburse investor funds, and the identity of the persons who in fact exercised such authority.

3. The identity of the investors, witnesses, and other persons interviewed during the Investigation, and the dates and factual substance (as opposed to attorney mental impressions) of any statements they provided concerning the offer or sale of interests in the Fund.

4. The documents and categories of documents obtained, reviewed, or relied upon during the Investigation in connection with the allegations against the Defendants and Relief Defendants, including the approximately one million pages produced by the Broadstreet parties.

5. Factual information known to the deponent concerning the receipt, segregation, use, and disposition of investor funds, and the identity of the persons and entities that received or directed those funds.

6. Factual information concerning representations or disclosures made to investors in the Fund's offering materials, and any factual basis for contending that such representations were false or misleading.

7. Factual communications between the Commission's staff and any third party (including the monitor, the Relief Defendants, investors, or financial institutions) concerning the Fund or the Defendants, exclusive of privileged or work-product communications.

8. The factual chronology of the Investigation, including the dates of principal investigative steps, document requests, and testimony taken, to the extent not protected by privilege.

9. Factual information concerning claims and allegations asserted in the action captioned Broadstreet, Inc. v. U.S. Securities and Exchange Commission, No. 4:24-cv-00803-O (N.D. Tex.), and the relationship, if any, between that action and the Investigation or the claims asserted in this action.

10. The authenticity, source, and custody of the documents identified in Schedule B.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-CV-20436-GAYLES/SHAW-WILDER

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

DAVID J. FEINGOLD,
JOSEPH B. BALDASSARRA,
STEVEN S. BALDASSARRA,
BROAD STREET GLOBAL MANAGEMENT, LLC, and
BROAD STREET, INC.,

Defendants, and

JOSEPHBENJAMIN, INC., and
JUST A NICE DAY, INC.,

Relief Defendants.

**SCHEDULE B DOCUMENTS TO BE PRODUCED**

Pursuant to Federal Rule of Civil Procedure 45, the deponent shall produce the documents, electronically stored information, and tangible things described below.

**Definitions and Instructions**

1. "Defendants" means David J. Feingold, Joseph B. Baldassarra, Steven S. Baldassarra, Broad Street Global Management, LLC ("BSG Management"), and Broad Street Inc. ("BSI"). "Relief Defendants" means Josephbenjamin, Inc. and Just A Nice Day, Inc.

2. "The Fund" means Broad Street Global Fund, LLC, including each of its Series.

3. "The Action" means Securities and Exchange Commission v. Feingold, et al., No. 1:25-CV-20436-GAYLES/SHAW-WILDER (S.D. Fla.).

4. "The Investigation" means the Commission's investigation that preceded the filing of the Complaint in the Action, including the Commission's file number(s) for that investigation.

5. "Document" and "communication" have the broadest meaning permitted under Federal Rules of Civil Procedure 26 and 34 and include electronically stored information ("ESI") in any form.

6. Unless otherwise stated, the relevant time period is January 1, 2018 through the present.

7. Documents shall be produced as they are kept in the ordinary course of business or organized and labeled to correspond to the categories below. ESI shall be produced in its native format with all metadata intact, or in a reasonably usable form that preserves metadata.

8. For any document or communication withheld on a claim of privilege, work product, or other protection, the deponent shall produce a privilege log identifying the document's date, author, recipients, type, general subject matter, and the specific privilege or protection asserted, in sufficient detail to permit the parties and the Court to assess the claim.

**Documents Requested**

1. Documents and communications reviewed, considered, or relied upon in connection with the allegation that David J. Feingold controlled or was a control person of the Fund or BSG Management.

2. Documents and communications reviewed, considered, or relied upon in connection with the allegation that any Defendant had authority to accept, direct, manage, or disburse investor funds.

3. Transcripts, recordings, notes, memoranda, summaries, and exhibits of or relating to investigative testimony, interviews, or proffers taken or received during the Investigation, including of investors, employees, agents, or third parties.

4. Documents and communications exchanged between the Commission and the monitor appointed in the Action, or between the Commission and any forensic accountant, expert, or consultant retained in connection with the Action.

5. Documents and communications between the Commission and any financial institution, custodian, or third party concerning the receipt, transfer, segregation, or disposition of investor funds or assets of the Fund, the Defendants, or the Relief Defendants.

6. Bank records, account statements, wire records, and fund-flow analyses obtained during the Investigation concerning the Fund, the Defendants, or the Relief Defendants.

7. Offering materials, subscription agreements, private placement memoranda, marketing materials, and investor communications for the Fund obtained during the Investigation.

8. Complaints, tips, referrals, or whistleblower submissions received by the Commission concerning the Fund, the Defendants, or the Relief Defendants.

9. Documents concerning communications between the Commission and any other governmental, regulatory, or law-enforcement authority concerning the Fund, the Defendants, or the Relief Defendants.

10. Documents concerning claims and allegations asserted in the action captioned Broadstreet, Inc. v. U.S. Securities and Exchange Commission, No. 4:24-cv-00803-O (N.D. Tex.), and the relationship, if any, between that action and the Investigation or the claims asserted in this Action.

11. Documents and communications identified, referenced, or relied upon in preparing the Complaint or the Commission's abandoned Expedited Motion for Temporary Injunctions, Asset Freeze, and Other Relief in the Action.

12. Documents and communications the deponent intends to rely upon or reference during the deposition.