**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:25-cv-20436-GAYLES/SHAW-WILDER**

SECURITIES AND EXCHANGE
COMMISSION,

*Plaintiff,*

v.

DAVID J. FEINGOLD,
JOSEPH B. BALDASSARRA,
STEVEN S. BALDASSARRA,
BROAD STREET GLOBAL MANAGEMENT
LLC, and BROAD STREET INC.,

*Defendants, and*

JOSEPHBENJAMIN, INC.,
JUST A NICE DAY, INC.,

*Relief Defendants.*

---

**PLAINTIFF SEC'S REPLY IN SUPPORT OF ITS EXPEDITED MOTION TO UNSEAL THE MONITOR'S SEVENTH, SIXTH, AND FIFTH REPORTS [ECF 281] AND OPPOSITION TO DEFENDANTS' CROSS-MOTION TO STRIKE [ECF 294]**

Since November, when Defendants moved to discharge the Monitor and vacate the Monitor Order (ECF 175), the Defendants have instructed the Monitor to redact significant portions of his reports, based, at least in large part, not on what is confidential or sensitive but what is critical of their conduct. Due to the procedure that has been followed since the initial Monitor's report, Defendants have ***never*** justified a single redaction in the Monitor's reports, including in response to the SEC's Motion. In an effort to keep critical information from their investors – many of whom are now demanding this information – Defendants and Relief Defendants' Opposition to the SEC's Expedited Motion to Unseal The Monitor's Seventh, Sixth, and Fifth Reports (the "Opposition" or "Opp."): (1) regurgitates their usual irrelevant, incorrect, and rote background regarding this matter (which the SEC does not respond to herein); (2) attempts to create a procedural catch-22 under which the SEC has no notice and opportunity to be heard on issues related to Defendants' improper redactions, notwithstanding the Monitor Order's explicit provision that "the SEC reserves its right to seek relief from the court to oppose (and remove) any such redactions or motion to seal" Monitor Order, ECF 95 ¶ 15; and (3) seeks to evade their burden to demonstrate that the material should be sealed by attempting to flip the burden to the SEC to purportedly go line-by-line to show that things should be unsealed. Defendants wish to keep this information under seal, and they must show good cause for it to be sealed (and, indeed, for how long it should remain under seal). They never argue that their redactions are appropriate. The SEC has properly invoked its rights to challenge the redacted material in the Monitor's Reports through the Motion, which should be granted.

Defendants engage in these tactics because they wish to conceal information contained within the Monitor's Reports which contradicts their repeated assertions that there is no investor harm in this case. There is. Defendants had also previously claimed that there had been no

missed payments to investors. *See, e.g.,* ECF 54 Defendants and Relief Defendants Opposition to SEC's Expedited Motion for Temporary Injunctions, Asset Freeze, and Other Relief ("TRO Opp.") at 30 ("BSG Management has not missed any investor payments related to any of its fund subseries); ECF 141 Defendants and Relief Defendants Motion to Discharge Monitor and Vacate Monitor Order at 4 ("And they have met all investor obligations since the filing of the TRO motion on January 29, 2025, despite not being able to raise any additional capital from investors.") Notably, Defendants no longer make that representation. *Compare* Opposition at 3 with *e.g.*, TRO Opp. at 5. However, Defendants stopped paying investors their promised dividends over sixth months ago, yet they still hold investors' funds. They further promised to redeem investors who wanted a cash redemption by May 27, but they have not done so. And, Defendants have now indicated that despite investors' repeated expressions that they want their cash redemption, investors will not be paid back in cash. That is investor harm.

The applicable sealing factors as set forth in the Motion establish that the information in the Monitors Reports should not be sealed. Indeed, 23 investors, who are collectively owed approximately $57 million in cash from BSG Fund have sought to join in seeking the relief the SEC seeks. *See* ECF 293 Non-Party Investor GSC Capital Holding, LLC's Motion to Intervene and Incorporated Memorandum of Law; ECF 296 Notice of Joinder in Non-Party GSC Capital Holding, LLC's Motion to Intervene and Incorporated Memorandum of Law (ECF 293).

Defendants' unsupported cross-motion, which seeks to strike the Motion, apparently because the Motion references generalized categories of information, is ill-founded and should be denied. The Motion did not improperly reveal any sealed information, and the fact that Defendants filed the cross-motion two weeks after the Motion was publicly filed, instead of

filing it immediately and asked to postpone any hearing on the Motion from July 7 to August 18, reflects that there is no improper commercially sensitive information referred to in the Motion.

**The Monitor Order and Sealing Process In Practice**

In arguing that the SEC somehow waived its objections to the Monitor's Reports being sealed, the Opposition deliberately and misleadingly obscures the process by which the Monitor's Reports have been sealed. As the Monitor Order sets forth, the Monitor "will consult with the BSG Parties to redact or file under seal any commercially sensitive information." Monitor Order, ECF 95 ¶ 15. The SEC understands from the Monitor and his counsel that the Monitor drafted his report and then sent it to the Monitorship Entities so that they could propose redactions. The SEC understands that for earlier reports, the Monitor had proposed some redactions and then the Monitorship Entities could propose additional or different redactions. However, at some point, that process changed and the Monitor sent reports with no proposed redactions and asked the Monitorship Entities to indicate what they wanted redacted.[1]

Importantly, until the Seventh Report, the SEC generally received the unredacted report either after, or within 20-30 minutes before, the motion to seal was filed.[2] The SEC further understands that there is no way for the Monitor to have filed the unredacted reports, permitting the Court to review them, without the motions to seal having been granted, which then permits the Monitor to file them under seal on ECF. Thus, the Court has understandably and appropriately ruled quickly on the Monitor's motions to seal, so that it could review the unredacted reports.

---

[1] As set forth in the Motion, the SEC understands that the Monitor is not and has not taken a position on whether the redactions are appropriately considered sensitive or confidential business information, but has simply redacted what Defendants have asked to be redacted. *See, e.g.*, ECF 271 Monitor's Motion to Seal ¶ 4.

[2] As the table below indicates, transmission of the unredacted report to the SEC and the filing of the Motion to Seal were generally roughly concurrent (within approximately 20 to 30 minutes of each other) until the Seventh Report, which the SEC received approximately one day prior to the Motion to Seal being filed.

The chart below reflects when the redacted reports were filed on ECF, when the SEC received the unredacted reports, when the motions to seal were filed, and when the Court ruled on the motions to seal.

| **Monitor Report** | **Date and Time Redacted Report was filed on ECF** | **Date and Time Motion to Seal was Filed[3]** | **Date and time the SEC received the Unredacted Report** | **Date and Time Motion to Seal was Granted[4]** |
|---|---|---|---|---|
| First Status Report | 5/5/25 4:04 pm | 5/5/25 4:18 pm | 5/5/25 4:19 pm | 5/6/25 12:23 pm |
| Second Status Report | 5/30/25 2:44 pm | 5/30/25 2:48 pm | 5/30/25 2:56 pm | 5/30/25 5:36 pm |
| Third Status Report | 7/30/25 4:12 pm | 7/30/25 4:42 pm | 7/30/25 4:19 pm | 7/31/25 12:18 pm |
| Fourth Status Report[5] | 10/30/25 12:33 pm | 10/30/25 12:55pm | 10/30/25 12:38 pm | 10/31/25 4:51 pm |
| Fifth Status Report | 3/2/26 1:27 pm | 3/2/26 1:43 pm | 3/2/26 1:34 pm | 3/2/26 4:15 pm |
| Sixth Status Report | 5/5/26 11:42 am | 5/5/26 11:58 am | 5/5/26 11:48 am | 5/6/26 1:56 pm |
| Seventh Status Report[6] | 6/2/26 2:19 pm | 6/3/26 12:09 pm | 6/2/26 3:13 pm | 6/5/26 2:55 pm |

As the chart reflects, the SEC had no meaningful ability to even review the unredacted reports prior to the motions to seal being filed and correspondingly had no meaningful opportunity to oppose the motions to seal given the Court's understandably prompt rulings to permit the Court to see the unredacted reports. As the chart further reflects, the Court typically granted the motions to seal within a day, if not hours, and the longest that any motion to seal was pending was three days.

**<u>Argument</u>**

The weakness of Defendants' response is revealed by their first argument. Given the Monitor Order and the practicalities of the procedures used in connection with sealing the

[3] Based on date and time set forth in the body of the ECF Notice of Electronic Filing email.
[4] Based on date and time set forth in the body of the ECF Notice of Electronic Filing email.
[5] As Defendants note, there was a supplement to the third status report, but there were no redactions to that report.
[6] As discussed herein, the SEC received the unredacted version of this report the day prior to the motion to seal being filed for the first time.

Monitor's Reports, it is disingenuous for Defendants to argue that the SEC "waived and forfeited its objections by failing to oppose the motions to seal." Opp. at 6. Defendants' argument that "a party that fails to oppose a motion to seal when it is filed – when the Court is actually deciding whether the material should be protected – cannot later resurrect the issue by styling a belated challenge as a 'motion to unseal'" (Opp. at 6) is not well-grounded here, as the SEC *did not* have a meaningful opportunity to oppose the motions to seal and the motions to seal served the primary purpose of getting the Monitor's unredacted reports to the Court.

As the Supreme Court has recently observed, albeit in a very different circumstance, "Under ordinary litigation principles, a waiver of a right requires some affirmative signal of 'abandonment.' Staying silent – as here, not picking a fight – does not qualify." *Hunter v. United States*, No. 24-1063, ___ S.Ct. ___ , 2026 WL 1751815, *6 (June 18, 2026) (quotations omitted). The SEC certainly has not affirmatively indicated in any way that it was abandoning its rights under the Local Rules and the Monitor Order. Indeed, in the Monitor's Motion to Seal the Sixth Status Report, at the SEC's request, he included the SEC's position that

> The SEC has not been provided information that the motion seeks to seal and has not been provided a reason why a party contends that information should be sealed. Because the SEC cannot assess the request, the SEC opposes the request to file information under seal. The SEC will submit an opposition under the Court's rules or at the Court's direction after it has an opportunity to review the information sought to be sealed and any basis for the request stated in the motion.

ECF 255 ¶ 6; *see also* Monitor's Motion to Seal the Seventh Status Report, ECF 271 ¶ 6 (specifically noting that the SEC did not object to the report being filed *temporarily* under seal to permit the Court to receive and review it as soon as possible, but that the SEC did object to the overbroad redactions and noting specifically that the SEC may file a "motion to unseal").

Nor has the SEC forfeited any rights by not immediately burdening the Court with any prior motions on this subject given the timing on the motions to seal and the circumstances at the

time. Instead, as the issue reached a tipping point considering the redactions to the Seventh Status Report, the SEC promptly brought the matter to the Court's attention and sought to adjudicate similar issues together and thus raised issues with respect to the prior redactions.[7]

Defendants' second argument is that the Court has already decided that permanent sealing is warranted. But given the procedures in practice and that the Court did not have the unredacted reports in front of it when ruling on the motions to seal, the SEC does not believe that this is a circumstance where the Court had considered and rejected SEC arguments that were never made. Indeed, in the Monitor's Motion to Seal the Sixth Status Report, the Monitor set forth the SEC's position (quoted above), which was informed by the SEC's view of the improper redactions to the Fifth Status Report (Defendants redacted 90% of that report), but the SEC had not yet seen the unredacted Sixth Status Report. Accordingly, and contrary to Defendants' arguments (Opp. at 7), those were not objections before the Court and the Court made no mention of them in its summary order (ECF 257).

Although the SEC did have an opportunity to review the Seventh Status Report prior to the motion to seal being filed, and thus asked the Monitor to state that the SEC did not object to temporarily filing the report under seal to permit the Court to review it, but that the SEC did object to the redactions and may file a motion to unseal. The Court's ruling permitting sealing took no position on the Motion to Unseal, which the SEC has now filed. ECF 279.

Given the specific provisions of the Monitor Order, the SEC does not believe it needs to seek reconsideration of the Court's orders. *See* Monitor Order, ECF 95, ¶15. But even if it were, new evidence with respect to the sealed material in the reports and the need to correct manifest

---

[7] It is Defendants not the SEC who seek to engage in gamesmanship. They seek to avoid their burden to set forth the factual and legal basis for departing from the policy that Court filings are public under Local Rule 5.4(b) by seeking to interpret the Monitor Order and the parties' and the Monitor's practice in such a way that the SEC has no notice and opportunity to challenge their overbroad redactions.

injustice make reconsideration appropriate. *See SEC v. BankAtlantic Bancorp, Inc*., No. 12-60085-CIV-GAYLES/TURNOFF, 2014 WL 11531363, at *1 (S.D. Fla. Sept. 16, 2014) ("Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice.") (citation omitted). Defendants have now spoken on certain topics, and other topics that may have arguably been commercially sensitive months ago when certain transactions were being contemplated are no longer sensitive given the passage of time and the fact that the Monitorship Entities are no longer pursuing those transactions. Accordingly, even if the reports were appropriately redacted previously, it is appropriate for the Defendants to now explain why those redactions are still appropriate. *See* Local Rule 5.4(b) ("the motion to file under seal shall specify the proposed duration of the requested sealing.")

Defendants' third argument seeks to upend the well-established standard that a party seeking to seal material must do so on a "granular, document-specific" basis (Opp. at 8). The SEC agrees with Defendants that binding authority confirms that particularity is required and that good cause is needed to support sealing and that the decision must be made with respect to the specific material at issue. Opp. at 8. However, it is the ***Defendants' burden***, not the SEC's. Indeed, in *Romero v. Drummond Co.*, 480 F.3d 1234, 1238 (11th Cir. 2007), which the Opposition cites, the Eleventh Circuit reversed the district court's order sealing certain documents where no good cause to seal the documents had been shown. Here too, Defendants have not shown good cause to seal the Monitor's Reports, and thus the reports should be unsealed. Defendants should not be permitted to escape their obligation to do so by pointing to a technicality that the Monitor filed the motions to seal and that the SEC now seeks to unseal given the way the process has played out. Similarly, *FTC v. Abbvie Prods. LLC*, 713 F.3d 54, 58 (11th

Cir. 2013), also cited in the Opposition, does not support Defendants' position that the reports should remain sealed. There, the Eleventh Circuit affirmed a district court's determination to unseal a document based on the district court's finding that any harm had been reduced by the passage of time.[8]

Defendants' fourth argument, that they did not misuse the sealing process because they followed the process dictated by the Monitor Order, fails for two independent reasons. First, Defendants again attempt to recast the procedure used under the Monitor Order in a manner that should not be countenanced. Defendants argue "it was the *Monitor* – an appointee and fiduciary of this Court, not Defendants – who filed each motion to seal. The redaction-and-sealing process the SEC now attacks is the very process the Monitorship Order prescribes" in a seeming attempt to deflect responsibility for their proposed redactions. Opp. at 10 (emphasis in original). However, the SEC is not objecting to the Monitor filing the motions to seal. The SEC objects to Defendants failing to justify their redactions, sealing information that contradicts their public statements on the sealed topics, and otherwise sealing information that does not appear commercially sensitive.

Second, Defendants assert that the "SEC's argument also rests on an unduly narrow conception of commercial sensitivity." Opp. at 11. This is not true. As the SEC noted in the Motion, "the SEC has been conservative, understanding that the Monitor may have access to certain potentially sensitive commercial information, and accordingly has not previously sought to unseal any parts of the Monitor's Reports." Motion at 4. However, the situation is different

[8] With respect to Defendants' argument in footnote 6, the Monitor's reports are not discovery documents presumed to be confidential. Rather, the Monitor's reports, submitted by a fiduciary of the court, should be treated as more akin to a judicial document that presumes public access. *Cf. Hernandez v. County of Monterey,* No. 13-cv-02354-BLF, 2023 WL 4688522, *1 (N.D. Ca. July 21, 2023) (rejecting a request to seal in their entirety thirty neutral monitor's reports).

now than it was when the Monitor's Fifth and Sixth Reports were sealed. The SEC understands that prior transactions referenced in the reports are no longer being pursued and that with respect to the current transaction, as of May 22, they had "last week signed the bill of sale transaction document with our purchasing counterparty in the stock-based transaction referenced in the Investor Updates." ECF 164-1 at 1. Information regarding those abandoned or consummated transactions should not now be redacted, if redaction was ever appropriate. Moreover, much of the redacted information in the Monitor's Seventh Report is his interpretation of the BSG Fund's operating agreements. Defendants have publicly put forward their interpretation of those same documents. It cannot be that the Monitor's interpretation is commercially sensitive, but the Defendants' is not.

With respect to Defendants' fifth argument, there is nothing procedurally improper about the Motion, and it should not be stricken. Defendants provide no support for this position. Defendants speak in generalities, arguing that "[w]ere the Court to deny unsealing in whole or in part, the SEC's public Motion would nonetheless have placed the protected content on the record, rendering the Court's ruling a nullity as to whatever the SEC has already revealed." Opp. at 13. The Opposition does not specify what it believes was inappropriate about the SEC's Motion. However, during our conferral, Defendants' counsel raised two categories of statements in the Motion that they believed were improper: statements regarding the redemption transaction and statements regarding investor complaints.

The general descriptions of those matters in the Motion are not commercially sensitive, and the SEC scrupulously complied with the local rules to describe the sealed material only generally. *See, e.g.*, Motion at 7 ("*Compare* Paragraphs 17-20 which generally discuss the Redemption Transaction (which transaction is also discussed in numerous other ECF filings)

*with* ECF 230.1, an Investor Update filed nearly a month earlier (among other Investor Updates) discussing details of the redemption transaction.") In other places in the Motion, the SEC said nothing about what was being said in the Monitor's report, but merely suggested comparing certain paragraphs. *See* Motion at 6 ("Other redactions do not reflect any commercially sensitive information. *See* ECF 254 ¶ 23-24 (first sentence), ¶ 27 (both not commercially sensitive and also described previously in ECF 131 ¶ 2)"). The SEC has not shown any bad faith whatsoever here, as Defendants baldly claim. Opp. at 13.

Further, if Defendants truly believed there was confidential, commercially sensitive information that was on the docket, they would not have waited two weeks to file the cross-motion. Defendants also sought to delay the hearing on the Motion from July 7 to August 18, again belying the idea that there is any inappropriate information contained in the Motion that needs to be promptly purged from the public record.

Finally, the SEC is not harassing Defendants, nor is it overreaching in the Motion.[9]

For the reasons set forth herein and in the Motion the SEC requests that the Court unseal the Monitor's Seventh, Sixth, and Fifth Reports.

Dated: July 1, 2026

Respectfully submitted,

By: <u>*s/ Jacqueline M. Moessner*</u>

Jacqueline M. Moessner
S.D. Fla. Bar No. A5503301
(303) 844-1031
moessnerj@sec.gov

Terry R. Miller, Esq.
S.D. Fla. Bar No. A5503312

[9] Defendants also misstate the SEC's Motion, which was made on an expedited basis not an emergency basis. The SEC set forth the basis for seeking expedited treatment in the Motion and stands by that request.

(303) 844-1041
millerte@sec.gov

Zachary T. Carlyle
S.D. Fla. Bar No. A5502167
(303) 844-1084
carlylez@sec.gov

Attorneys for Plaintiff
UNITED STATES SECURITIES AND
EXCHANGE COMMISSION
1961 Stout Street, 17th Floor
Denver, Colorado 80294
(303) 844-1000