**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:25-CV-20436-GAYLES/SHAW-WILDER**

SECURITIES AND EXCHANGE
COMMISSION,

      **Plaintiff,**

    v.

DAVID J. FEINGOLD,
JOSEPH B. BALDASSARRA,
STEVEN S. BALDASSARRA,
BROAD STREET GLOBAL
MANAGEMENT, LLC, and
BROAD STREET, INC.,

      **Defendants, and**

JOSEPHBENJAMIN, INC., and
JUST A NICE DAY, INC.,

      **Relief Defendants.**

## CONFIDENTIALITY ORDER

**THIS CAUSE** is before the Court on Plaintiff's, Securities and Exchange Commission,

and Defendants', David J. Feingold, Joseph B. Baldassarra, Steven S. Baldassarra, Broad Street

Global Management, LLC and Broad Street, Inc. And Relief Defendants, JOSEPHBENJAMIN,

Inc. and JUST A NICE DAY, INC. (each a "Party" and collectively, "Parties") Joint Virtual

Motion for the Entry of Confidentiality Order ("Joint Motion"). The Court, having reviewed the

Joint Motion and being otherwise fully advised in the premises, it is **ORDERED AND**

**ADJUDGED** that the Joint Motion is **GRANTED**. It is further **ORDERED** as follows:

**The Confidentiality Order.** This Confidentiality Order governs the use, maintenance and confidentiality of documents, information and material produced in this Lawsuit by any Party or Non-Party1, including, but not limited to, electronically stored information ("ESI"), testimony, exhibits, interrogatory answers, responses to requests for admission, responses to requests for production, productions in response to subpoenas, and any other materials and information (collectively, "Discovery Materials").

1. **Terms.**

    a.    The "Lawsuit" refers to the above-styled action.

    b.    A "Disclosing Party" is a Party or Non-Party that produces or discloses Discovery Materials in connection with this Lawsuit.

    c.    A "Receiving Party" is a Party or Non-Party that receives Discovery Materials in connection with this Lawsuit.

    d.    "Confidential Information" or "Confidential Discovery Material" is Discovery Material that the Disclosing Party reasonably and in good faith believes contains or reflects trade secrets or other confidential research and development, financial or commercial information, or personal information regarding individuals.

2. **Limited Use.** All Confidential Discovery Material produced or disclosed in connection with this Lawsuit shall be used solely for the prosecution or the defense of this Lawsuit, including any appeal(s) therefrom.

3. **Disclosure, Maintenance and Production of Confidential Discovery Material.** Any Party or Non-Party seeking to obtain confidential treatment hereunder for Confidential

---

1 For the purposes of this Confidentiality Order, a "Non-Party" shall mean any person or entity who is not a Party to this Lawsuit, but who is required to produce or otherwise furnish documents or information to any Party to this Lawsuit. "Non-Parties" shall mean more than one Non-Party.

Discovery Material must properly designate such Confidential Discovery Material prior to production in the following manner:

a.      Any Confidential Discovery Material produced in native electronic form shall be so designated as "CONFIDENTIAL INFORMATION" by (1) including such designation in the body or file name of the electronic document, (2) affixing a stamp with such designation on the medium on which the electronic data are stored when copies are delivered to a Receiving Party, or (3) affixing a stamp on the cover page of an image to which a native file is linked.  Print-outs of any such electronic information designated as Confidential Discovery Material shall be treated in accordance with the terms of this Confidentiality Order. When native documents designated as Confidential Discovery Material are printed and used during testimony, they shall be designated as such by handwriting on or typing on the face of each page of the document that the document is "Confidential Information."

b.      Confidential Discovery Material contained in the answer or response to any interrogatory or response to a request for admission or request for production shall be so designated by including the words "CONFIDENTIAL INFORMATION", in the answer or response containing such information.

c.      In the case of depositions, any party may, on the record of any deposition, or in writing within twenty-one (21) days after the receipt of the transcript of such deposition, designate the portion or portions (by page numbers and line numbers) of the deposition that includes "Confidential Information."  Until such time period expires without any designation having been made, the entire deposition transcript shall be treated as Confidential Discovery Material, unless otherwise specified in writing or on the record of the deposition by the designating party.  All copies of deposition transcripts that contain

material designated as Confidential Discovery Material shall be prominently marked "Confidential Information" (1) on the cover thereof, and (2) at the beginning and end of any portions thereof so designated.

d.      All other Confidential Discovery Material shall be so designated by placing or affixing on each page of such material (in such manner as to limit interference with the legibility thereof) a "CONFIDENTIAL INFORMATION" designation.

e.      The production by any Party or Non-Party of any Confidential Discovery Material in this Lawsuit without a "CONFIDENTIAL INFORMATION" designation shall be without prejudice to any subsequent claim that such material should be provided confidential treatment hereunder.  In such a case, the Disclosing Party shall notify the Receiving Party in writing of the previously produced Confidential Discovery Material for which the Disclosing Party is then seeking confidential treatment and whether the Disclosing Party is designating such material as "Confidential Information."  Thereafter, the properly designated Confidential Discovery Material shall receive the designated confidential treatment under this Confidentiality Order.

f.      The Receiving Party shall use a reasonable degree of care in maintaining properly designated Confidential Discovery Material received from a Disclosing Party in this Lawsuit.

g.      Mass, indiscriminate, or routinized confidentiality designations made without good cause are prohibited.

4.      **Use and Disclosure of Confidential Information.** Properly designated Confidential Information and the contents thereof shall not be disclosed, summarized, or otherwise made available to anyone except the following persons:

a.      The Court and court personnel, any appellate court(s) and appellate court

personnel, and jurors;

b.      Counsel of record for the respective parties, including attorneys, paraprofessionals, employees, and agents of such law firms that are counsel of record and counsel and its personnel assisting in the Lawsuit;

c.      The Parties, and employees, in-house counsel, officers, and directors of each Party, to the extent such person(s) is assisting in the prosecution or defense of the Lawsuit;

d.      Expert witnesses or consultants (and their staff) who are employed or retained in connection with the prosecution or defense of the Lawsuit, provided that (1) any report created by such expert or consultant relying on or incorporating Confidential Information in whole or in part shall be designated as "Confidential Information" by the Party responsible for its creation, and (2) such person(s) execute the Acknowledgement in the form attached hereto as Appendix A (the "Acknowledgement") prior to disclosure, a copy of which shall be retained by counsel for the Party making such disclosures;

e.      Professional court reporters, stenographers, or video operators, transcribing court hearings, depositions or testimony in the Lawsuit;

f.      Persons who are named on the face of the Confidential Information;

g.      Deponents and witnesses or prospective witnesses (and counsel for such witnesses or prospective witnesses) to the extent reasonably necessary in connection with their testimony in this Lawsuit or the preparation thereof; provided that counsel for the Party making the disclosure shall require the execution of the Acknowledgement prior to disclosure, a copy of which shall be retained by counsel for the Party making such disclosure.  However, in the event such deponent, witnesses or prospective witnesses shall refuse to execute an Acknowledgement nothing herein shall prejudice any Party's right to

move for appropriate relief from the Court;

h. Outside or third-party photocopying, data processing, graphic production services, or litigation support services employed or utilized by any Party or their counsel to assist in the Lawsuit;

i. Any mediator or arbitrator engaged by the Parties and their staff;

j. Any person or entity who counsel for the Parties and the Disclosing Party agree in advance in a writing signed by all Parties and the Disclosing Party should have access to Confidential Information or who, upon motion with good cause shown, the Court orders may have access; and

k. Any other federal or state authority, agency, or department.

5. **Filing of Confidential Discovery Material.** In the event that any Party seeks to file any properly designated Confidential Discovery Material with the Court, that Party must take appropriate action to reasonably insure that such Confidential Discovery Material receives proper protection from public disclosure including: (i) filing a redacted document, (ii) submitting the document for in camera review where appropriate (*e.g.*, in relation to discovery or evidentiary motions), or (iii) seeking permission to file the document under seal pursuant to Local Rule 5.4 by filing a motion for leave to file under seal when the preceding measures are inadequate. Nothing in this Confidentiality Order shall be construed as a prior directive to allow any document to be filed under seal and the Parties reserve the right to object to any motion to seal and  recognize that the Court may determine that any proposed sealed documents may not warrant sealing. The Parties understand that the proposed sealed documents may be filed under seal only with the permission of the Court after proper motion.

6. **<u>Use at Hearings and Trial.</u>**  Nothing contained herein is intended to prevent any Party from using properly designated Confidential Discovery Material at a hearing or trial in this Lawsuit, provided, however, Parties may make an application that the Court take reasonable steps at the appropriate time to protect confidentiality and the use and treatment of properly designated Confidential Discovery Material at a hearing or trial and Parties may object to any such application.

7. **<u>Challenge to Designations.</u>** A Receiving Party may challenge an assertion by a Disclosing Party  that particular information or particular documents, or parts thereof, are Confidential Information.   A Receiving Party may object to a designation of "Confidential Information" by the close of fact discovery or 21 days after disclosure, whichever is later.   After identifying in writing the challenged documents to the Disclosing Party, the Receiving Party and the Disclosing Party shall meet and confer in good faith to try to resolve the dispute consistent with the Court's pre-trial order. If the dispute cannot be resolved informally, the Receiving Party may make any such challenge by filing a motion to de-designate the challenged document(s) as Confidential Discovery Material.  Pending a ruling from the Court, the Receiving Party shall comply with the terms of this Confidentiality Order in connection with any challenged document. Any such motion must be consistent with the Court's discovery procedures.  The Disclosing Party seeking to designate any material as Confidential Discovery Material shall have the burden of proof to establish that such material qualifies for confidential treatment hereunder.

8. **<u>Subpoenas/Orders in Other Litigation.</u>**   If any Party receives a subpoena, order or other directive that compels a disclosure that would otherwise be prohibited by this Confidentiality Order, the Receiving Party shall notify the Disclosing Party by email promptly after receiving the subpoena, order or other directive.  Such written notification must include a copy of the subpoena, order or other directive.  The Receiving Party shall reasonably cooperate with respect to any reasonable procedures sought to be pursued by the Disclosing Party in

furtherance of protecting properly designated Confidential Discovery Material.  The purpose of imposing these duties is to afford the Disclosing Party a reasonable opportunity to try to protect any confidentiality interest it may have in the court or with the body from which the subpoena, order or other directive was issued.  Nothing in this Confidentiality Order shall be construed as authorizing any Party or Non-Party to disobey a lawful subpoena, order or other directive.

9.     **No Waivers.** No failure or delay by any Party in exercising any right, power, or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise of any right, power, or privilege granted hereunder or provided at law or in equity.

10.     **FRE 502(d) Order.**  Pursuant to Federal Rule of Evidence (FRE) 502(d), the production of privileged or work-product protected documents, ESI or other information is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This order and provision shall be interpreted to provide the maximum protection allowed by FRE 502 and shall be enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S. Code § 1738. In the event of any subsequent conflict of law, the law that is most protective of privilege and work product shall apply. Nothing contained herein is intended to or shall serve to limit a Party's or Non-Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Nothing in this Confidentiality Order shall affect any Party's or Non-Party's right or obligation to withhold from disclosure documents or information that is privileged or information that is otherwise protected from disclosure. The provisions of FRE 502(b) do not apply. Nothing in this Confidentiality Order shall be construed to amend or change the effect of FRE 502(a).

11.     **Non-Parties**. A copy of this Confidentiality Order shall be simultaneously served

with any discovery request made to a Non-Party in this Lawsuit. A Non-Party from whom discovery is sought by any Party to this Lawsuit may designate Confidential Discovery Material as "Confidential Information" consistent with the terms of this Confidentiality Order.  Under such circumstances, Confidential Discovery Material designated "Confidential Information" by a Non-Party shall be assigned the same protection as Confidential Discovery Material so designated by a Disclosing Party, and all duties applicable to a Disclosing Party under this Confidentiality Order shall apply to the Non-Party.

12.     **Modifications.** This Confidentiality Order may be changed only by agreement of the Parties or by an order of the Court.  Nothing in this Confidentiality Order shall prejudice the right of any Party or Non-Party to move the Court to broaden or restrict the rights of access to and use of particular properly designated Confidential Discovery Material, or to seek modification of this Confidentiality Order upon due notice to all other Parties and affected Non-Parties.

13.     **Without Prejudice.** This Confidentiality Order is without prejudice to the assertion of any rights, objections, or positions by any Party or Non-Party.  Nothing contained in this Confidentiality Order shall waive, preclude, or estop any Party or Non-Party from asserting that any Discovery Materials or potential Discovery Materials are not adequately protected by this Confidentiality Order and can be withheld from production; provided, however, that such Discovery Materials are adequately identified (taking into account the nature of the materials) to the other Parties to allow them to challenge those documents being withheld.  In addition, nothing in this Confidentiality Order restricts the ability of any Party from using their own Discovery Materials or Confidential Discovery Materials as they see fit.

14.     **Jurisdiction.** The Court retains jurisdiction even after final disposition of this Lawsuit to enforce this Confidentiality Order and to make such amendments, modifications, deletions, and additions to this Confidentiality Order as the Court may from time to time deem

appropriate. In the event this Lawsuit is transferred to another court, the transferee court shall

have jurisdiction for all such purposes.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 10th day of August

2026.

 

 

**DETRA SHAW-WILDER**
**UNITED STATES MAGISTRATE JUDGE**

cc: Counsel of Record

## CONFIDENTIALITY ORDER APPENDIX A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:25-CV-20436-GAYLES/SHAW-WILDER**

SECURITIES AND EXCHANGE
COMMISSION,

      **Plaintiff,**

  **v.**

DAVID J. FEINGOLD,
JOSEPH B. BALDASSARRA,
STEVEN S. BALDASSARRA,
BROAD STREET GLOBAL
MANAGEMENT, LLC, and
BROAD STREET, INC.,

      **Defendants, and**

JOSEPHBENJAMIN, INC., and
JUST A NICE DAY, INC.,

      **Relief Defendants.**

_____

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY**
**CONFIDENTIALITY ORDER**

1.     I have been provided a copy of the Confidentiality Order entered in the above-styled action (the "Confidentiality Order").

2.     Information, including documents and things, designated as "Confidential Information" as defined in the Confidentiality Order, is being provided to me pursuant to the terms and restrictions of the Confidentiality Order.

3.     I am familiar with the terms of the Confidentiality Order and I agree to comply with and to be bound by its terms.

4.     I submit to the jurisdiction of the United States District Court for the Southern District of Florida, and to venue in Miami, Florida, for purposes of enforcement of the Confidentiality Order.

5.  I acknowledge that violation of the Confidentiality Order may result in penalties for contempt of court.

6.  I agree not to use any Confidential Discovery Material disclosed to me pursuant to the Confidentiality Order except for purposes of the above-captioned lawsuit and not to disclose any of this information to persons other than those specifically authorized by the Confidentiality Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

7.  I agree to notify any stenographic, clerical, technical, or other personnel who are required to assist me, of the terms of this Confidentiality Order and of its binding effect on them and me.

Name: _____

Job Title: _____

Employer: _____

Signed at _____, _____this _____ day of _____202____.

_____
Signature