# ALTERNATIVE GLOBAL PARTNERS

## AMENDED AND RESTATED PARTNERSHIP AGREEMENT

This Amended and Restated PARTNERSHIP AGREEMENT is effective on 3rd day of March, 2020 between Alternative Global Management LLC ("First Party") and Broad Street Global Management LLC ("Second Party") and with all of the parties together being referred to collectively as the Partners or individually as a Partner.

1. **NAME AND BUSINESS**. The Partners hereby agree to form a venture under the name of Alternative Global Partners.

2. **TERM**. The partnership shall begin on the date of complete execution by all of the Parties to this Agreement and shall continue until terminated as herein provided.

3. **CAPITAL**. The capital of the venture shall be contributed as follows: A single capital account shall be maintained by the partnership and each party shall equally contribute to the capital account unless otherwise modified as per agreement of the parties. The capital account, to the extent needed to fund projects, shall be maintained at a bank of the unanimous choosing of the parties and no expenditure may be made from said account without the unanimous consent of the parties. In the event that expenditures need to be made before a capital account has been set up with a bank then any party who advances monies on behalf of the partnership shall be entitled to deem that payment as credit for capital contributed to the partnership and no such advancement shall be deemed a loan. Similarly if the capital account of the partnership is deficient, any partner who advances money on behalf of the partnership shall be entitled to deem that payment as credit for capital contributed to the partnership but no such advancement shall be deemed a loan.

4. **PROFIT AND LOSS**. Upon inception, the net profits of the venture shall be divided equally between the parties and the net losses shall be borne equally by them, unless depending upon the transaction, the parties have not placed equal funds into said transaction and in that case, the net profits shall be divided based upon percentage of contribution as hereafter addressed. A separate income account shall be maintained for each party. Profits and losses shall be charged or credited to the separate income account of each party. If a party has no credit balance in his income account, losses shall be charged to his capital account. In the event capital is unequally contributed by a party then the allocation of profits and losses shall be reflective of the proportion of contributed capital, provided however, each party shall be given the opportunity to equalize the contributed capital before any allocation of profits and losses is made. Profit and Loss distributions shall be made on a regular basis, as so determined by the unanimous consent of the partners.

5. **SALARIES AND DRAWINGS/MANAGEMENT**. Neither party shall receive any salary for services rendered to the venture and any salary paid to any employee must be approved by the unanimous consent of all parties. Overall management of the Partnership is hereby equally vested in the Parties. No material decision regarding the business that shall have any financial impact upon the business shall be made without the unanimous consent of the Parties.

6. **TRANSFER**. No Partner may agree to sell, assign, transfer, mortgage, pledge or otherwise encumber, or contract to do or permit any of the foregoing as to any or all of their interest to any person, corporation or other entity without the express written

consent of all of the other partners. Any purported transfer or pledge in violation of this Agreement shall be void and ineffective, shall not operate to transfer any interest or title in the purported transferee, and any partner(s) who transfers or pledges their interest in violation of this Agreement shall indemnify and the hold the partnership and/or the other partner(s) harmless from all costs and expenses, including reasonable attorneys' fees and court costs, incurred by such other partner(s) as a result of any breach of this.
Notwithstanding anything herein to the contrary, the partners agree that in the event of the death of any partner with linear issue, the transfer by intestacy or by will to such issue shall NOT be deemed a permitted transfer except in the event that the Board of Managers approve and consent to such transfer and to the extent that such issue, if consisting of more than one individual, agrees to enter into a voting trust and appoint one representative. If said transfer upon death is not approved then the remaining Partners agree to appoint an accounting firm and/or business valuation expert to assert a valuation on the interest of the deceased partner and payment shall be made to the linear issue of the deceased partner in the amount so determined by the accounting firm and/or business valuation expert.

7. **FINANCIAL RESTRICTIONS**. Without the consent of all partners no partner shall on behalf of the venture borrow or lend money, or make, deliver, or accept any commercial paper, or execute any mortgage, security agreement, bond, or lease, or purchase or contract to purchase, or sell or contract to sell any property for or of the venture other than the type of property bought and sold in the regular course of its business.

8. **BANKING**. All funds of the venture shall be deposited in its name in such checking account or accounts as shall be designated by the partners. All withdrawals are to be made upon checks signed by all of the partners.

9. **BOOKS**. The partnership books shall be maintained at the principal office of the venture, and each party shall at all times have access thereto. The books shall be kept on a fiscal year basis, commencing January and ending December, and shall be closed and balanced at the end of each fiscal year.

10.**VOLUNTARY TERMINATION**. The venture may be dissolved at any time by agreement of the parties, in which event the parties shall proceed with reasonable promptness to liquidate the business of the venture. The venture name shall be sold with the other assets of the business. The assets of the venture business shall be used and distributed in the following order: (a) to pay or provide for the payment of all liabilities and liquidating expenses and obligations; (b) to equalize the income accounts of the parties; (c) to discharge the balance of the income accounts of the parties; (d) to equalize the capital accounts of the parties; and (e) to discharge the balance of the capital accounts of the parties.

11.**ARBITRATION**. Any controversy or claim arising out of or relating to this Agreement, or the breach hereof, shall be settled by arbitration in accordance with the rules, then obtaining, of the American Arbitration Association, and judgment upon the award rendered may be entered in any court having jurisdiction thereof.

12. **RIGHTS TO COUNSEL/WAIVER OF CONFLICT/APPOINTMENT OF AGENT.** Each of the parties hereto has had the right to their own legal counsel to review this Agreement and to approve the same. The parties may have in the past or may in the future conduct other



CASE NO. 22-cv-20375-ALTMAN/REID

business or legal services amongst themselves and each of the parties hereby waives any conflict of interest that may have existed in the past or may exist in the future including but not limited with attorney David Feingold and he is hereby appointed to act as agent on behalf of this venture.

13. **SUCCESSORS AND ASSIGNS.** This Agreement shall be binding on each parties successor and assigns, however, this Agreement or the rights hereunder may not be assigned without the consent of all of the parties.

14. **GOVERNING LAW**. This Agreement and the rights of the parties hereunder shall be governed by and interpreted in accordance with the laws of the State of Florida.

15. **SEVERABILITY.** If any portion of this Agreement is deemed illegal or unenforceable then said illegal or unenforceable provision shall be severed from this Agreement and the remaining terms and conditions of this Agreement shall remain in full force and effect.

Executed to be effective this date first above written.



First Party – Alternative Global Management LLC



Second Party – Broad Street Global Management LLC

CASE NO. 22-cv-20375-ALTMAN/REID