# ALTERNATIVE GLOBAL PARTNERS

## TERMINATION OF PARTNERSHIP AGREEMENT

This Termination of Partnership Agreement ("Termination Agreement") is effective on this 11th day of November, 2021 between Alternative Global Management LLC ("First Party") and Broad Street Global Management LLC ("Second Party") and with all of the parties together being referred to collectively as the Partners or individually as a Partner.

Whereas, the Partners previously agreed to a partnership agreement, as reflected in that certain amended and restated partnership agreement of March 3, 2020 (the "March 3 Agreement"); and

Whereas, the Partners, pursuant to paragraph 10 of the March 3 Agreement desire to terminate said partnership effective immediately upon the terms and conditions set forth herein.

NOW THEREFORE, for good and valuable consideration, the parties agree to as follows:

1. The Partners hereby agree that the venture knowns as Alternative Global Partners is terminated effective immediately, with all prior business dealings operating under said name to continue and with the Second Party to be sole authorized party to execute all documents, make all decisions and carry out all duties under the name of Alternative Global Partners so that all assets or monies due to Alternative Global Partners are recovered and distributed as set forth below. Any monies not specifically identified as being paid to the First Party in this Termination Agreement shall thereafter be paid to the Second Party and Second Party shall receive all monies, sign all documents, do all tasks and be responsible to make the distributions discussed herein. Hence, First Party shall, as discussed hereafter, receive certain guarantees of payment and all other monies shall thereby be paid to Second Party which shall not have any such guarantees and which shall be responsible for the payment of said guarantees.
2. The Partners acknowledge that First Party previously ceased providing capital for ventures and more specifically infrastructure ventures involving Alternative Global Partners and indicated its intent to no longer fund real estate related ventures (the "Projects") with Second Party in any material nature in the future. The majority of said capital from First Party was being provided, either directly or indirectly, through an entity known as Alternative Global Two, LLC. As a result the ventures which were previously funded by First Party shall receive distributions as determined by Second Party with the understanding that First Party shall receive a return of its initial capital plus at least a forty percent return (the "Guaranteed Total Return to First Party"). The Guaranteed Total Return to First Party shall begin distribution when Second Party begins to receive distributions from the Projects.
3. The Projects are identified as:

   1. Anderson Harper
   2. Gaffney Project
   3. Gap Creek Group
   4. Hunts Bridge
   5. Standing Springs Dev
   6. Wilson Bridge Development
   7. Woodruff 101 Dev.

4. The Second Party shall have the right to apportion, in its sole discretion, the percentages of distributions received from each of the Projects to be paid to the First Party in order to achieve the Guaranteed Total Return to First Party. In the event the Projects, after fully completed and after all distributions have been made, do not pay the Guaranteed Total Return to First Party, then in return for being given full discretion and the operational and decision making rights in this agreement, the Second Party shall make up and pay any difference so that First Party does receive the Guaranteed Total Return to First Party.

5. There are additional projects (the "Additional Projects") which Second Party may also use to repay any investment made by an entity known as Alternative Global Four LLC and said capital received from said entity shall be apportioned to Alternative Global Four LLC so that it shall also receive a return of its initial capital plus at least a forty percent return (the "Guaranteed Total Return to First Party regarding Alt. 4"). The Guaranteed Total Return to First Party regarding Alt 4 shall begin distribution when Second Party begins to receive distributions from the Additional Projects. The Second Party shall have the right to apportion, in its sole discretion, the percentages of distributions received from each of the Additional Projects to be paid to the First Party in order to achieve the Guaranteed Total Return to First Party regarding Alt. 4. In the event the Additional Projects, after fully completed and after all distributions have been made, do not pay the Guaranteed Total Return to First Party regarding Alt. 4, then in return for being given full discretion and the operational and decision making rights in this agreement, the Second Party shall make up and pay any difference so that First Party does receive the Guaranteed Total Return to First Party regarding Alt 4.

6. The Additional Projects are identified as:

   1. Hwy 296 / Bennett's Bridge
   2. Chestnut - Mauldin
   3. Chestnut - Woodruff
   4. Greer
   5. Gaffney Project
   6. Chestnut 1
   7. Chestnut 2

7. In return for all of the above, the First Party hereby waives any further rights, claims of ownership, claims to records, claims to relationships, claims to any monies or thing of value in any way or any manner involving any business regarding any of the matters discussed herein or any way whatsoever involving the projects, business, profits, the Projects, the Additional Projects or anything of value that may in any manner arise from business relationships involving the parties hereto. First Party acknowledges that it is receiving a guaranteed return as expressed in the definitions of Guaranteed Return to First Party and Guaranteed Return to First Party regarding Alt. 4 and as a result, the First Party is relinquishing involvement in the venture known as Alternative Global Partners. From this point forward First Party shall be treated as if it has not been, nor ever was a partner and that it is simply a creditor of Second Party with guarantees of payments as expressed herein.

8. The First Party shall be entitled to receive general informational updates from the Second Party as to the status of completion of the Projects and Additional Projects to have a general understanding of when payments might be received but since it is leaving the venture with a guaranteed payment, any further access to information or any involvement in projects is hereby waived as the actual operation of the Projects and Additional Projects is irrelevant in lights of the guaranteed returns in this agreement that are being provided by Second Party.

9. Any controversy or claim arising out of or relating to this Termination Agreement, or the breach hereof, shall be resolved by arbitration in accordance with the rules, then in effect, of the American Arbitration Association, and judgment upon the award rendered may be entered in any court having jurisdiction thereof.

10. Each of the parties hereto has had the right to their own legal counsel to review this Termination Agreement and to approve the same. The parties may have in the past or may in the future conduct other business or legal services amongst themselves and each of the parties hereby waives any conflict of interest that may have existed in the past or may exist in the future including but not limited with attorney David Feingold and he is hereby appointed to act as agent on behalf of this venture.

11.This Termination Agreement shall be binding on each parties successor and assigns, however, this Termination Agreement or the rights hereunder may not be assigned without the consent of all of the parties.

12.This Termination Agreement and the rights of the parties hereunder shall be governed by and interpreted in accordance with the laws of the State of Florida.

13.If any portion of this Termination Agreement is deemed illegal or unenforceable then said illegal or unenforceable provision shall be severed from this Termination Agreement and the remaining terms and conditions of this Termination Agreement shall remain in full force and effect.

Executed to be effective this date first above written.

______________________________

First Party – Alternative Global Management LLC

______________________________

Second Party – Broad Street Global Management LLC