Case 1:22-cv-20375-RKA Document 48 Entered on FLSD Docket 06/04/2022 Page 2 of 4

[redacted]

---

[redacted]

---------- Forwarded message ---------
From: **David Feingold** <d[redacted]
Date: Fri, Jan 28, 2022 at 8:31 AM
Subject: URGENT/EMERGENCY/NOTICE OF RESIGNATION COMMUNICATION
To: <SCohen@s[redacted]
Cc: <l3capitalmanagement@g[redacted] Mike Dazzo [redacted]

Please consider this communication notice that Mr. David Feingold and Mr. Michael Dazzo, effective immediately, resign as managers and members of Alternative Global One LLC, Alternative Global Two LLC, Alternative Global Three LLC, Alternative Global Four LLC, Alternative Global Five LLC, and Alternative Global Six LLC (collectively "Alternative Global Numbered Entities").

As the operating agreements of the Alternative Global Numbered Entities provide that manager resignation is effective immediately, Mr. Cardinale solely is responsible for all operational duties as manager as well as all common law duties under Delaware law to all of the members of the Alternative Global Numbered Entities. He should strictly adhere to Delaware law when making any decisions and we ask that you counsel him accordingly due to the complex nature of matters and his fiduciary duties that he owes to the myriad of entities for which he now manages.

In addition, now that Mr. Feingold and Mr. Dazzo have resigned as members of the Alternative Global Numbered Entities, Mr. Feingold and Mr. Dazzo are entitled to the fair value of their interests. The operating documents of the Alternative Global Numbered Entities provide that membership resignation becomes effective upon six months notice, however, Delaware law is clear that Mr. Cardinale and his entities now lawfully owe Mr. Feingold and Mr. Dazzo compensation for the fair market value of all of their interests. This interest is to be based on their right to share in distributions from the Alternative Global Numbered Entities. See 6 Del.C. § 18-604.

Please review the statutes and case law as I urge you to have your client cooperate with settled law in Delaware involving compensation of members. He indisputably now

owes compensation to Mr. Feingold and Mr. Dazzo for the Alternative Global Numbered Entities.

Mr. Feingold's and Mr. Dazzo's resignations mean that Mr. Cardinale is now the sole manager of both a lender, L3 Capital Income Fund LLC, and the sole manager and voting member of various borrower transactions as may be applicable in the Alternative Global Numbered Entities.

Furthermore, Mr. Feingold and Mr. Dazzo are still managers and members of Alternative Global Management LLC, hence Mr. Cardinale may not make any distributions at all from that entity without approval and consent of Mr. Feingold and Mr. Dazzo and all receipts that said entity regularly receives must continue and not be disturbed or in any manner altered without the consent of Mr. Feingold and Mr. Dazzo.

I trust you will carefully counsel your client on his obligations under Delaware law. We expect payment arrangements to be made pursuant to Section 18-604. Any payments made to any others prior to these priority creditor rights would be unlawful pursuant to Delaware Law and void as Mr. Feingold and Mr. Dazzo are now first priority creditors with regards to each of the Alternative Global Numbered Entities and their payments are valued at time of resignation as provided under Delaware law.

--
David Feingold
Feingold LLC
4440 PGA Blvd. Suite 600
Palm Beach Gardens, Fl 33410
(561) 515-7279
https://www.feingoldllc.com

--
David Feingold
Feingold LLC
4440 PGA Blvd. Suite 600
Palm Beach Gardens, Fl 33410
(561) 515-7279

Case 1:22-cv-20375-RKA Document 35-4 Entered on FLSD Docket 06/04/2022 Page 4 of 4

https://www.feingoldllc.com