# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 1:25-cv-20436-GAYLES/SHAW-WILDER

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

vs.

DAVID J. FEINGOLD,
JOSEPH B. BALDASSARRA,
STEVEN S. BALDASSARRA,
BROAD STREET GLOBAL MANAGEMENT, LLC, and
BROAD STREET INC.,

Defendants, and

JOSEPHBENJAMIN, INC.,
JUST A NICE DAY, INC.,

Relief Defendants.

---

**DECLARATION OF DAVID FEINGOLD IN SUPPORT OF NOTICE IDENTIFYING DOCUMENTS AND INFORMATION THAT SHOULD REMAIN UNDER SEAL**

I, David Feingold, pursuant to 28 U.S.C. § 1746, declare and state under penalty of perjury as follows:

1. I am over the age of 18 and am competent to make this declaration.

2. I am an attorney in good standing in the State of Florida and presently the Chief Executive Officer of Broadstreet Inc. ("BSI").

3. The information contained in this declaration is based on my personal knowledge along with my review of the business records, policies, and/or reports generated and maintained by BSI and its relevant affiliates (collectively "Broadstreet") in the ordinary course of their

regularly conducted business. I routinely view, search, and interpret those records while performing my job duties.

4. If called and sworn as a witness, I could and would competently testify to the matters discussed here.

5. I submit this declaration in support of Defendants' Notice Identifying Documents and Information That Should Remain Under Seal ("Notice"), filed in compliance with ECF 329. I have reviewed each of the documents and each of the redactions identified in the table set forth in the Notice, and I am familiar with the confidential business information they contain.

**A. <u>Documents and Information Previously Ordered Filed Under Seal</u>**

6. A number of the materials are already the subject of separate, previously entered sealing orders of this Court. Defendants have relied on those orders, and on the confidentiality they afford in the conduct of Broadstreet's business and in their communications with investors, lenders, vendors, and contracting parties. Those documents should remain under seal and should not be relitigated.

7. The redactions in the redacted Motion (defined in the Notice) are numbered 1 through 20 and correspond to the numbering used in the table set forth in the Notice. A copy of the redacted Motion is annexed to the Notice as Exhibit B.

8. Redactions numbered 1, 2, 6, 8, 9, 12, 13, 14, 15, 16, 17, and 20 quote, characterize, or otherwise disclose the substance of materials that are subject to separate sealing orders entered in this action. Unsealing those redactions would disclose publicly the very information that those prior orders protect. In addition, they contain commercially sensitive and non-public business information, including information that constitutes or reflects trade secrets or other confidential research and development, financial or commercial information, and/or personal information

regarding individuals, including investors. Those documents should remain under seal and should not be relitigated.

9. Redactions numbered 3, 4, 5, 7, 10, 11, 18, and 19 contain commercially sensitive and non-public business information, including information that constitutes or reflects trade secrets or other confidential research and development, financial or commercial information, and/or personal information regarding individuals, including investors.

**B. <u>The Exhibits Identified in the Notice</u>**

10. The exhibits identified in the Notice likewise contain commercially sensitive and non-public business information. I address each below.

(a) Exhibits 1 and 3 are redemption notices. These documents contain confidential and commercially sensitive, non-public business information of Broadstreet, including financial and commercial information and personal information regarding individuals.

(b) Exhibit 2 consists of AAYU emails to the Monitor. These communications reflect non-public information exchanged in connection with the monitorship, internal business information regarding Broadstreet, and confidential commercial information regarding a contracting party.

(c) Exhibit 14 is the Supplemental Declaration of Melissa Davis dated August 5, 2026. That declaration extensively discusses, quotes, and characterizes (mischaracterizes) Broadstreet's confidential financial records and non-public financial and commercial information, including information drawn from materials that are themselves subject to sealing, including but not limited to banking and financial information concerning numerous individuals and companies.

(d) Exhibit 15 is a Private Placement Memorandum Supplement (Tennessee Supplement). Private placement memoranda and their supplements are confidential offering materials that disclose Broadstreet's proprietary practices that are provided only to prospective investors under expectations of confidentiality and are not publicly available.

(e) Exhibit 17 is the Broadstreet Quarterly Report for Q1 2025. Quarterly reports are furnished on a non-public basis and contains confidential internal reporting, project status information, and other competitively sensitive business information.

(f) Exhibit 18 is an email regarding the monitorship dated August 6, 2025, which reflects non-public information concerning the monitorship and internal confidential business information of Broadstreet.

(g) Exhibit 21 is BSI – Preparation of Financial Statements – Q2 2025, and Exhibit 22 is the BSG 2024 Reviewed Financial Statements. These are non-public financial statements and work product prepared in connection with them. They disclose Broadstreet's confidential financial and commercial information that is not disclosed publicly.

## C. Harm From Public Disclosure

11. Broadstreet does not publicly disclose the categories of information described above. Access to that information within Broadstreet is limited, and may be shared with investors, lenders, vendors, and contracting parties only subject to confidentiality expectations or obligations.

12. Publicly divulging that confidential business information would damage Broadstreet/Defendants by revealing to competitors, potential future vendors and investors, and others, Broadstreet's competitively sensitive and confidential, non-public business information.

13. Broadstreet likely will suffer competitive harm if such commercial and financial information is disclosed publicly, because this information is non-public and proprietary.

14. Public disclosure would also reveal personal information regarding individuals, including the identities and financial positions of individual investors, who provided that information to Broadstreet with the expectation that it would remain confidential.

15. Due to the highly sensitive nature of the confidential business and personal information, should this information enter the public domain, it is believed Broadstreet/Defendants would suffer, among other things; (1) lasting competitive disadvantages through impairment of their ability to effectively compete in the business space; (2) it would contravene the expectations to keep such information confidential; and (3) it would dilute or eliminate propriety protections.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 14th day of August, 2026 in Miami, Florida.

David Feingold