**+UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 1:25-cv-20436-DPG/DSW**

**SECURITIES AND EXCHANGE COMMISSION,**

**Plaintiff,**

**v.**

**DAVID J. FEINGOLD,**
**JOSEPH B. BALDASSARRA,**
**STEVEN S. BALDASSARRA,**
**BROAD STREET GLOBAL MANAGEMENT LLC,**
**and BROAD STREET INC.**

**Defendants, and**

**JOSEPHBENJAMIN, INC.,**
**JUST A NICE DAY, INC.,**

**Relief Defendants.**
_________________________________________/

**ORDER GRANTING PLAINTIFF'S REQUEST FOR A PROTECTIVE ORDER AND DENYING DEFENDANTS' CROSS-MOTION TO COMPEL**

**THIS CAUSE** is before the Court on the Securities and Exchange Commission's ("SEC") Request for a Protective Order and Defendants David Feingold, Joseph Baldassarra, Steven Baldassarra, Broad Street Global Management, LLC, and Broad Street, Inc. (collectively, "Defendants"), Cross-Motion to Compel. [ECF Nos. 297, 304]. The Court held a discovery hearing. [ECF No. 320]. Having considered the parties' filings, argument from counsel, and the record, the SEC's request for a protective order is **GRANTED IN PART AND DENIED IN PART**, and Defendants' Cross-Motion is **GRANTED IN PART AND DENIED IN PART**, for the reasons set forth below.

## I. BACKGROUND

This action concerns a private equity fund operated by Defendants, which the SEC alleges Defendants used to mislead investors about the fund's returns and operations while diverting substantial sums to accounts Defendants controlled. *See generally* [ECF No. 1]. The SEC seeks to prohibit the depositions of its retained expert and eight current or former SEC personnel who participated in the pre-suit investigation, in the Texas Action,[1] and in this litigation. [ECF Nos. ECF Nos. 284-7, 284-8, 284-9, 284-10; 304 at 2–4]. The proposed deponents are Melissa Davis ("Davis"), the SEC's retained expert; Christopher Martin ("Martin") and Jacqueline Moessner ("Moessner"), SEC counsel of record and investigators; Julian Lee Robinson ("Robinson") and Emily Scruggs ("Scruggs"), SEC investigators; Donna Walker ("Walker"), a staff accountant; and Ian Karpel ("Karpel"), Nicholas Heinke ("Heinke"), and Gregory Kasper ("Kasper"), SEC supervisory attorneys. [ECF Nos. 297 at 2–3; 304 at 5].

The SEC invokes the work-product doctrine, the attorney-client privilege, and the rule permitting the deposition of a party's litigation counsel only upon a showing of extreme circumstances as grounds to preclude the depositions. [ECF No. 304 at 3]. The SEC maintains that these protections extend to subpoenas served on its personnel, all of whom—except Walker, a staff accountant—are attorneys who participated in formulating the SEC's litigation strategy and the claims asserted in its Complaint. [*Id.* at 5]. Defendants oppose and cross-move to compel all nine depositions and the production of responsive documents. *See generally* [ECF No. 297 at 2-

---

[1] In 2024, Defendant Broad Street, Inc. sued the SEC. *See Broadstreet, Inc. v. SEC*, No. 4:24-cv-00803-O (N.D. Tex. filed Aug. 22, 2024) ("Texas Action"). In the Texas Action, Broad Street alleged that the SEC acted in bad faith to prolong an investigation that disrupted Broad Street's business and damaged its reputation. [ECF No. 265-2]. The Texas Action was dismissed without prejudice on jurisdictional grounds and forms the basis of Defendants' equitable defenses in this action. [ECF No. 297 at 4].

3]. Defendants also ask the Court to require the SEC to assert privilege objections on a question by question basis rather than bar the depositions outright. [*Id.* at 13].

## II. DISCUSSION

### A. Depositions of SEC Attorneys

Defendants seek to depose SEC counsel of record and supervisory attorneys, Martin, Moessner, Karpel, Heinke, and Kasper, who participated in the underlying investigation that forms the basis of this action. Through these depositions, Defendants intend to establish what the SEC knew or should have known about the facts underlying this action, including from witness interviews the SEC conducted during the investigation. Defendants contend that they only seek nonprivileged facts, including the "factual basis" for specified allegations, the "factual chronology of the Investigation," the "factual substance" of witness statements, and "[f]actual communications between the Commission's staff and any third party." [ECF No. 297 at 5]. The SEC contends that Defendants' noticed topics necessarily impinge on attorney-client and work-product privileges because they seek information regarding the evidence that the SEC attorneys and investigators relied on and the factual basis for their advice to the SEC to pursue this litigation.

The Federal Rules of Civil Procedure do not provide a blanket prohibition on depositions of attorneys. "Federal courts, however, have held that depositions of attorneys inherently constitute an invitation to harass the attorney and parties, and to disrupt and delay the case." *W. Peninsular Title Co. v. Palm Beach Cnty.*, 132 F.R.D. 301, 302 (S.D. Fla. 1990). A party seeking such a deposition must show that the information sought will not invade the realm of the attorney's work product, or any attorney-client privilege, that the information is relevant, and that the need for the information outweighs the dangers of deposing a party's attorney. *Id.* at 302-303. On this premise, where a party seeks to depose opposing counsel, as Defendants do here, federal courts have

adopted a heightened framework under the three-part test in *Shelton v. Am. Motors Corp.,* 805 F.2d 1323, 1327 (8th Cir. 1986), which requires Defendants to show "extreme circumstances," meaning that (1) no other means exist to obtain the information sought; (2) the information sought is relevant and nonprivileged; and (3) the information sought is crucial to preparation of the case. 805 F.2d at 1327. *James v. Conley*, No. 23-CV-24467, 2025 WL 2456872, at *5 (S.D. Fla. Aug. 26, 2025) (applying the *Shelton* test and noting, "[w]hile the Eleventh Circuit has not yet adopted a test determining when the deposition of a litigation attorney is permissible, district courts in the Northern, Middle, and Southern Districts of Florida and other Circuits have adopted the *Shelton* test, which this Court has also adopted in the past.").

The Court finds Defendants' purpose in deposing the SEC attorneys about their investigative activities, interviews, and efforts to gather information from investors and third parties is, in essence, to obtain "both sides of the same story." That purpose itself cuts against the required showing under *Shelton* that no other means exist to obtain the information. Defendants have not established that no other means exist to obtain the information it seeks from depositions of the SEC attorneys. Rather than relying on less intrusive forms of discovery that could be directed to the SEC and/or discovery from investors and third parties, Defendants seek the SEC's attorney's account of the fact-gathering process conducted in anticipation of litigation.

While Defendants contend that they are not seeking privileged information, this Court is unpersuaded that the depositions would avoid the attorneys' core opinions and mental impressions, however carefully Defendants' counsel intends to proceed. Courts confronting the same issue have consistently refused to permit depositions of SEC attorneys and other agency counsel where the examination would elicit even "factual" information gathered during a pre-suit investigation. *See Sec. & Exch. Comm'n v. Princeton Alternative Funding, LLC*, No. CV 21-12971 (RK)(JBD), 2025

WL 50377, at *6 (D.N.J. Jan. 8, 2025) (collecting cases and holding that deposing SEC counsel about "what the SEC attorneys knew or should have known through the witness interviews" would intrude on the attorneys' "core protected opinions and mental impressions"). The SEC represents that the noticed attorneys have no firsthand knowledge of the alleged wrongdoing. What the SEC knows, it learned through its investigation in anticipation of litigation, including by interviewing witnesses who have such knowledge, and whom Defendants are free to depose.

Defendants also argue that they are entitled to depose their opposing counsel because the topics are relevant to and crucial to their equitable defenses in this case. *See* [ECF No. 249 at 30]. They contend that their equitable defenses—unclean hands, waiver, estoppel, acquiescence, delay, laches, and good faith—place the SEC's conduct directly at issue and permit discovery of its motives for bringing this lawsuit. *[Id.*] But the SEC has moved to strike those defenses, and that motion remains pending before the district court. *See* [ECF No. 259]. Even if Defendants' need for such discovery to support their equitable defenses could otherwise supply the extreme circumstances required for these depositions—which this Court is not convinced that it does—the district court's ruling on the SEC's motion to strike will bear strongly on the resolution of this issue.

The Court has broad discretion to stay discovery as part of its inherent authority to control its docket. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) ("[A] magistrate [judge] has broad discretion to stay discovery pending decision on a dispositive motion."). And because insufficient affirmative defenses "should be stricken to eliminate the unnecessary delay and expense of litigating [them]," the Court therefore declines to allow the sought depositions on this ground, with leave to renew should the Court deny the SEC's motion to strike. *See Benson v. Enter. Leasing Co. of Fla., LLC*,

No. 6:20-cv-891-Orl-37LRH, 2020 WL 9762513, at *2 (M.D. Fla. Oct. 29, 2020); *see e.g., Charleston Labs., Inc. v. Takigiku*, No. 15-81694-CIV, 2016 WL 7479549, at *2 (S.D. Fla. Apr. 29, 2016).

Accordingly, the Court finds that Defendants fall short of the extreme circumstances required to depose the SEC attorneys as opposing counsel based on Defendants seeking the factual basis of the SEC's claims. Given that Defendants have not satisfied the *Shelton* factors, this Court declines to require the SEC's attorneys to sit for deposition by their opposing counsel to raise privilege objections on a question-by-question basis. Any potential benefit of this approach is far outweighed by the costs, time, and likely heightened adversarial nature and heated disagreements on the appropriateness of privilege objections that will likely occur at the deposition, even among the most civil and professional attorneys.

**B. Deposition of SEC Investigators**

Defendants also seek to depose Robinson and Scruggs, SEC investigators involved in the investigation underlying this action. [ECF No. 297 at 10]. The SEC contends that they are also attorneys. Even if Robinson and Scruggs are solely deemed investigators rather than attorneys, the conclusion is the same. The heightened framework applicable to deposing opposing counsel may extend to litigation personnel acting as counsel's agents if the proposed inquiry would expose counsel-directed investigative work or litigation strategy. See, e.g., *SEC v. Morelli*, No. 91 Civ. 3874 (PKL), 1992 WL 182902 (S.D.N.Y. July 30, 1992) (rejecting argument that SEC could avoid privilege concerns by designating investigator who acted as counsel's agent, and barring noticed Rule 30(b)(6) deposition under the work-product doctrine as it sought to reveal how SEC would marshal its evidence and inferences drawn from that evidence); *Broyles v. Convergent Outsourcing, Inc.*, No. C16-775-RAJ, 2017 WL 2256773, at *2 (W.D. Wash. May 23, 2017)

(applying the *Shelton* framework to a non-attorney litigation-support specialist acting as counsel's agent).

However, the Court has considered that Robinson submitted a declaration in support of the SEC's withdrawn TRO motion, [ECF No. 12], which is a ground for Robinson's deposition to go forward given that the SEC's concerns about attorney client and work product privilege did not trouble the SEC when it put him forward as a TRO witness. Robinson, however, is not a general fact witness as Defendants suggest and, absent a waiver, his involvement in the pre-suit investigation is protected under the *Shelton* framework discussed above. As such, Robinson's deposition should be limited to topics, if any, that directly and specifically relate to the facts contained in his TRO declaration. The SEC can make any appropriate privilege objections on a question-by-question basis.

**C. Deposition of SEC Staff Accountant**

The Court turns next to whether Walker, the SEC's staff accountant, is entitled to the same protection from deposition as the SEC attorneys. Defendants note that Walker is not an attorney, and they cast her as a fact witness on accounting issues that form the basis of the SEC's claims against Defendants. [ECF No. 297 at 3, 10]. The SEC responds that Walker performed her work solely at the direction of SEC attorneys in anticipation of litigation. The SEC therefore characterizes Walker's work as counsel-directed litigation support protected by the work-product doctrine. [ECF No. 304 at 2, 5].

Consistent with courts that look to a nonlawyer's function rather than professional title, the Court finds that Walker should be treated as a nonlawyer member of the SEC's litigation team for purposes of the work-product doctrine and the heightened scrutiny governing depositions of litigation counsel. *See e.g., SEC v. SBM Investment Certificates, Inc.*, No. DKC-06-0866, 2007

WL 609888, at *24 (D. Md. Feb. 23, 2007) (rejecting proposal that the SEC designate its supervisory staff accountant rather than investigating counsel for a Rule 30(b)(6) deposition because the accountant worked under counsel's supervision and the deposition would still inevitably reveal attorney work product for the same reasons as a deposition of SEC counsel).

**D. Defendants' Request for Expert Discovery Concerning Davis is Premature**

Finally, Defendants seek to depose Davis, who the SEC has listed as an expert on its witness list. The SEC argues that discovery from Davis should be precluded at this time because expert discovery is premature under Rules 26(a)(2) and 26(b)(4). The Court agrees.

Davis's testimony at the TRO hearing does not accelerate her trial-expert discovery. If the SEC identifies Davis as an expert whose opinions may be presented at trial, Defendants may depose her only after any required report is provided. Fed. R. Civ. P. 26(a)(2)(A), (B), (D), 26(b)(4)(A). If the SEC does not intend to call Davis at trial, Defendants may depose her only upon showing the exceptional circumstances required by Rule 26(b)(4)(D), which they have not done. *See Wreal, LLC v. Amazon.com, Inc.*, No. 14-21385-CIV, 2015 WL 1281042, at *2–4 (S.D. Fla. Mar. 20, 2015) (quashing discovery from expert who submitted a declaration and testified at preliminary injunction hearing because he had not been designated for trial and the preliminary-injunction phase had concluded).

Because Davis is a retained expert who has not yet served her Rule 26(a)(2)(B) report, Rule 26(b)(4)(A) expressly provides that her deposition may be conducted only after the report is provided. *See Walter Int'l Prods., Inc. v. Salinas*, 650 F.3d 1402, 1413 (11th Cir. 2011) (explaining that an expert report must precede the deposition so opposing counsel can use it to examine the expert). Defendants have the right to depose Davis after service of her Rule 26(a)(2)(B) report and within the expert discovery period established by the Court's Scheduling Order, [ECF No. 318].

## III. CONCLUSION

Accordingly, based on the foregoing, it is **ORDERED AND ADJUDGED**

1. The SEC's request for a protective order is **GRANTED IN PART AND DENIED IN PART,** and Defendants' Cross-Motion is **GRANTED IN PART AND DENIED IN PART.** [ECF Nos. 297, 304].

2. Pursuant to Federal Rule of Civil Procedure 26(c), the Court hereby orders that the Defendants shall not proceed with or otherwise pursue the noticed depositions of Christopher Martin, Jacqueline Moessner, Emily Scruggs, Donna Walker, Ian Karpel, Nicholas Heinke, and Gregory Kasper. This ruling is without prejudice to Defendants' renewing their request concerning any affirmative defense that survives the SEC's Motion to Strike [ECF No. 259].[2]

3. Defendants shall not proceed with Melissa Davis's deposition before service of her Rule 26(a)(2)(B) report. Defendants may depose Davis after her report is served and within the expert-discovery period established by the Court's Scheduling Order.

4. Defendants shall amend their deposition topics for Julian Lee Robinson to include only those topics that specifically relate to facts contained in Robinson's TRO declaration. Defendants shall provide the amended topics to the SEC within two business days from the date of this Order.

---

[2] As the SEC suggested at the hearing, Rule 45(d)(3)(A) assigns a motion to quash a subpoena to "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(3)(A). Accordingly, to the extent any subpoena at issue commands compliance outside the Southern District of Florida and the subpoena-related dispute has not been transferred to this Court under Rule 45(f), the Court does not purport to quash that subpoena or adjudicate the subpoenaed individual's obligations under Rule 45. *See* Fed. R. Civ. P. 45(f). Rather, the Court grants relief under Rule 26(c) by prohibiting Defendants, as parties before this Court, from proceeding with or otherwise pursuing the noticed depositions. *See* Fed. R. Civ. P. 26(c)(1)(A); *see e.g., Lake as Tr. of Richard D. Lake Revocable Living Tr. Dated Aug. 24, 2011 v. Charlotte Cnty. Bd. of Cnty. Comm'rs*, No. 2:20-cv-809-JLB-NPM, 2021 WL 2351178, at *1–2 (M.D. Fla. June 9, 2021) (construing a motion to quash subpoenas requiring compliance in another district as a Rule 26(c) motion and granting protective relief).

The parties shall meet and confer, if needed, as to whether the revised topics specifically relate to the TRO declaration. If the parties cannot agree, they shall provide three mutually agreeable dates and times to the Court via email for a discovery hearing to address the dispute.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, on this 17th day of August 2026.

**DETRA SHAW-WILDER**
**UNITED STATES MAGISTRATE JUDGE**

cc: Counsel of Record