# EXHIBIT 5

# Monitorship-20260615_135900-Meeting Recording

June 15, 2026, 5:59PM

39m 28s

[redacted]

S [redacted]

AL [redacted]

BH [redacted]

S [redacted]

AL [redacted]

IC [redacted]

S [redacted]

IC [redacted]

AL [redacted]

DF [redacted]

[redacted]

J

[redacted]

DF

[redacted]

J

[redacted]

DF

[redacted]

J **jcs@lklsg.com** 6:51

It is your business decision to make. What I said in the report, well, I said two things. Number one, I don't know to what extent a motion is required because the cash

component of the redemption came from.
a recommendation. What I seem to be, what I am saying, what I seem to think, I didn't draft the monitor order. I don't know that you all drafted the monitor order. I've read in briefing that you all have said the SEC did, but I certainly didn't draft it. I'm just reading it and section.
three, my humble opinion, for what it's worth, maybe the SEC is going to disagree, maybe the judge is going to disagree, talks about compliance with recommendations, and the way I read it, Dave, I could be wrong, is that if I make a recommendation, I don't want to refer to myself in third person, that
The entities have to.
implement it or sufficiently address it. So the conversation I had with Ian and Tommy a couple of weeks back was, I think you just need to file a motion to get relief from that. You guys, you're going a slightly different route, which is ultimately going to get you to the same place.
You filed, you know, I saw you filed the action against the investors to tee up the debt judgment claim for res judicata, collateral estoppel, preclusive effect. All of that makes perfect sense to me. You're ultimately going to get, I imagine, in front of Judge Gales, who is going to make a decision
on paragraph three of the monitor supporter. I think you're going to get there. [redacted]

S [redacted]

[redacted]