# EXHIBIT 26

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:25-CV-20436-GAYLES/SHAW-WILDER**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

DAVID J. FEINGOLD,
JOSEPH B. BALDASSARRA,
STEVEN S. BALDASSARRA,
BROAD STREET GLOBAL MANAGEMENT, LLC, and
BROAD STREET, INC.,

Defendants, and

JOSEPHBENJAMIN, INC., and
JUST A NICE DAY, INC.,

Relief Defendants.

Pursuant to 28 U.S.C.§ 1746, I hereby declare as follows:

1. I am one of the majority of Broadstreet investors who voted to receive stock in the publicly traded SPAC. I oppose appointment of a Receiver. Broadstreet did an outstanding job selling the business for billions in value.

2. This is a desirable exit for me and consistent with my investment objective as reflected in the Private Placement Memorandum ("PPM"). And, as far as the potential for a 42-month lock up (as I understand that under certain

circumstances it could be shorter) - when I made my investment in Broadstreet I certified that I could wait as I was utilizing risk capital. I am in no rush and any investor who was or is should not have made the investment in Broadstreet as they were cautioned not to by the disclaimers in the PPM. I should not suffer by the hand of those who now suddenly claim they cannot read plain language.

3. For those minority of investors who selected cash and are complaining, I understand there is already a pending lawsuit in which they can pursue complaints. The minority voice should not control. Remember, we gave the Manager very broad discretion in the investment documents.

4. **I strongly object to a Receiver.** A Receiver will help no one.

5. Finally, I am satisfied with the number of shares that I am calculated to receive as reflected in Juniper for my account.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 12th day of August, 2026.

[signature]

Augustus T Hall

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:25-CV-20436-GAYLES/SHAW-WILDER**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

DAVID J. FEINGOLD,
JOSEPH B. BALDASSARRA,
STEVEN S. BALDASSARRA,
BROAD STREET GLOBAL MANAGEMENT, LLC, and
BROAD STREET, INC.,

Defendants, and

JOSEPHBENJAMIN, INC., and
JUST A NICE DAY, INC.,

Relief Defendants.

Pursuant to 28 U.S.C.§ 1746, I hereby declare as follows:

1. I am one of the majority of Broadstreet investors who voted to receive stock in the publicly traded SPAC. I oppose appointment of a Receiver. Broadstreet did an outstanding job selling the business for billions in value.

2. This is a desirable exit for me and consistent with my investment objective as reflected in the Private Placement Memorandum ("PPM"). And, as far as the potential for a 42-month lock up (as I understand that under certain

circumstances it could be shorter) - when I made my investment in Broadstreet I certified that I could wait as I was utilizing risk capital. I am in no rush and any investor who was or is should not have made the investment in Broadstreet as they were cautioned not to by the disclaimers in the PPM. I should not suffer by the hand of those who now suddenly claim they cannot read plain language.

3. For those minority of investors who selected cash and are complaining, I understand there is already a pending lawsuit in which they can pursue complaints. The minority voice should not control. Remember, we gave the Manager very broad discretion in the investment documents.

4. **I strongly object to a Receiver.** A Receiver will help no one.

5. Finally, I am satisfied with the number of shares that I am calculated to receive as reflected in Juniper for my account.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 13 day of August, 2026 in _County: Queens State: NY.

Signed by:

9E36B1F2E0434CE...

______________________________

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:25-CV-20436-GAYLES/SHAW-WILDER**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

DAVID J. FEINGOLD,
JOSEPH B. BALDASSARRA,
STEVEN S. BALDASSARRA,
BROAD STREET GLOBAL MANAGEMENT, LLC, and
BROAD STREET, INC.,

Defendants, and

JOSEPHBENJAMIN, INC., and
JUST A NICE DAY, INC.,

Relief Defendants.

Pursuant to 28 U.S.C.§ 1746, I hereby declare as follows:

1. I am one of the majority of Broadstreet investors who voted to receive stock in the publicly traded SPAC. I oppose appointment of a Receiver. Broadstreet did an outstanding job selling the business for billions in value.

2. This is a desirable exit for me and consistent with my investment objective as reflected in the Private Placement Memorandum ("PPM"). And, as far as the potential for a 42-month lock up (as I understand that under certain

circumstances it could be shorter) - when I made my investment in Broadstreet I certified that I could wait as I was utilizing risk capital. I am in no rush and any investor who was or is should not have made the investment in Broadstreet as they were cautioned not to by the disclaimers in the PPM. I should not suffer by the hand of those who now suddenly claim they cannot read plain language.

3. For those minority of investors who selected cash and are complaining, I understand there is already a pending lawsuit in which they can pursue complaints. The minority voice should not control. Remember, we gave the Manager very broad discretion in the investment documents.

4. **I strongly object to a Receiver.** A Receiver will help no one.

5. Finally, I am satisfied with the number of shares that I am calculated to receive as reflected in Juniper for my account.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 14 day of August, 2026 in _County: USA State: SC.

Signed by:

E7F97033DF7E4FD...

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:25-CV-20436-GAYLES/SHAW-WILDER**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

DAVID J. FEINGOLD,
JOSEPH B. BALDASSARRA,
STEVEN S. BALDASSARRA,
BROAD STREET GLOBAL MANAGEMENT, LLC, and
BROAD STREET, INC.,

Defendants, and

JOSEPHBENJAMIN, INC., and
JUST A NICE DAY, INC.,

Relief Defendants.

Pursuant to 28 U.S.C.§ 1746, I hereby declare as follows:

1. I am one of the majority of Broadstreet investors who voted to receive stock in the publicly traded SPAC. I oppose appointment of a Receiver. Broadstreet did an outstanding job selling the business for billions in value.

2. This is a desirable exit for me and consistent with my investment objective as reflected in the Private Placement Memorandum ("PPM"). And, as far as the potential for a 42-month lock up (as I understand that under certain

circumstances it could be shorter) - when I made my investment in Broadstreet I certified that I could wait as I was utilizing risk capital. I am in no rush and any investor who was or is should not have made the investment in Broadstreet as they were cautioned not to by the disclaimers in the PPM. I should not suffer by the hand of those who now suddenly claim they cannot read plain language.

3. For those minority of investors who selected cash and are complaining, I understand there is already a pending lawsuit in which they can pursue complaints. The minority voice should not control. Remember, we gave the Manager very broad discretion in the investment documents.

4. **I strongly object to a Receiver.** A Receiver will help no one.

5. Finally, I am satisfied with the number of shares that I am calculated to receive as reflected in Juniper for my account.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 14 day of August, 2026 in _County: allen State: in.

DocuSigned by:
MURUGAVEL MUTHUSAMY
E12ADC8148B7471...

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:25-CV-20436-GAYLES/SHAW-WILDER**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

DAVID J. FEINGOLD,
JOSEPH B. BALDASSARRA,
STEVEN S. BALDASSARRA,
BROAD STREET GLOBAL MANAGEMENT, LLC, and
BROAD STREET, INC.,

Defendants, and

JOSEPHBENJAMIN, INC., and
JUST A NICE DAY, INC.,

Relief Defendants.

Pursuant to 28 U.S.C.§ 1746, I hereby declare as follows:

1. I am one of the majority of Broadstreet investors who voted to receive stock in the publicly traded SPAC. I oppose appointment of a Receiver. Broadstreet did an outstanding job selling the business for billions in value.

2. This is a desirable exit for me and consistent with my investment objective as reflected in the Private Placement Memorandum ("PPM"). And, as far as the potential for a 42-month lock up (as I understand that under certain

circumstances it could be shorter) - when I made my investment in Broadstreet I certified that I could wait as I was utilizing risk capital. I am in no rush and any investor who was or is should not have made the investment in Broadstreet as they were cautioned not to by the disclaimers in the PPM. I should not suffer by the hand of those who now suddenly claim they cannot read plain language.

3. For those minority of investors who selected cash and are complaining, I understand there is already a pending lawsuit in which they can pursue complaints. The minority voice should not control. Remember, we gave the Manager very broad discretion in the investment documents.

4. **I strongly object to a Receiver.** A Receiver will help no one.

5. Finally, I am satisfied with the number of shares that I am calculated to receive as reflected in Juniper for my account.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 12 day of August, 2026 in _County: US State: NY.

Signed by:
BRIAN MANCINI
B961B97DC5F54A1...

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:25-CV-20436-GAYLES/SHAW-WILDER**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

DAVID J. FEINGOLD,
JOSEPH B. BALDASSARRA,
STEVEN S. BALDASSARRA,
BROAD STREET GLOBAL MANAGEMENT, LLC, and
BROAD STREET, INC.,

Defendants, and

JOSEPHBENJAMIN, INC., and
JUST A NICE DAY, INC.,

Relief Defendants.

Pursuant to 28 U.S.C.§ 1746, I hereby declare as follows:

1. I am one of the majority of Broadstreet investors who voted to receive stock in the publicly traded SPAC. I oppose appointment of a Receiver. Broadstreet did an outstanding job selling the business for billions in value.

2. This is a desirable exit for me and consistent with my investment objective as reflected in the Private Placement Memorandum ("PPM"). And, as far as the potential for a 42-month lock up (as I understand that under certain

circumstances it could be shorter) - when I made my investment in Broadstreet I certified that I could wait as I was utilizing risk capital. I am in no rush and any investor who was or is should not have made the investment in Broadstreet as they were cautioned not to by the disclaimers in the PPM. I should not suffer by the hand of those who now suddenly claim they cannot read plain language.

3. For those minority of investors who selected cash and are complaining, I understand there is already a pending lawsuit in which they can pursue complaints. The minority voice should not control. Remember, we gave the Manager very broad discretion in the investment documents.

4. **<u>I strongly object to a Receiver</u>.** A Receiver will help no one.

5. Finally, I am satisfied with the number of shares that I am calculated to receive as reflected in Juniper for my account.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 13 day of August, 2026 in _County: madison State: TN.

Signed by:
Kumar P Yogesh
5793254CBF4B43D...
___________________________

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:25-CV-20436-GAYLES/SHAW-WILDER**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

DAVID J. FEINGOLD,
JOSEPH B. BALDASSARRA,
STEVEN S. BALDASSARRA,
BROAD STREET GLOBAL MANAGEMENT, LLC, and
BROAD STREET, INC.,

Defendants, and

JOSEPHBENJAMIN, INC., and
JUST A NICE DAY, INC.,

Relief Defendants.

Pursuant to 28 U.S.C.§ 1746, I hereby declare as follows:

1. I am one of the majority of Broadstreet investors who voted to receive stock in the publicly traded SPAC. I oppose appointment of a Receiver. Broadstreet did an outstanding job selling the business for billions in value.

2. This is a desirable exit for me and consistent with my investment objective as reflected in the Private Placement Memorandum ("PPM"). And, as far as the potential for a 42-month lock up (as I understand that under certain

circumstances it could be shorter) - when I made my investment in Broadstreet I certified that I could wait as I was utilizing risk capital. I am in no rush and any investor who was or is should not have made the investment in Broadstreet as they were cautioned not to by the disclaimers in the PPM. I should not suffer by the hand of those who now suddenly claim they cannot read plain language.

3. For those minority of investors who selected cash and are complaining, I understand there is already a pending lawsuit in which they can pursue complaints. The minority voice should not control. Remember, we gave the Manager very broad discretion in the investment documents.

4. **I strongly object to a Receiver.** A Receiver will help no one.

5. Finally, I am satisfied with the number of shares that I am calculated to receive as reflected in Juniper for my account.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 11 day of August, 2026 in _County: Laurens State: SC.

Signed by:
LANCEN HALBERT
5289993C7CD1493...
______________________________

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:25-CV-20436-GAYLES/SHAW-WILDER**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

DAVID J. FEINGOLD,
JOSEPH B. BALDASSARRA,
STEVEN S. BALDASSARRA,
BROAD STREET GLOBAL MANAGEMENT, LLC, and
BROAD STREET, INC.,

Defendants, and

JOSEPHBENJAMIN, INC., and
JUST A NICE DAY, INC.,

Relief Defendants.

Pursuant to 28 U.S.C.§ 1746, I hereby declare as follows:

1. I am one of the majority of Broadstreet investors who voted to receive stock in the publicly traded SPAC. I oppose appointment of a Receiver. Broadstreet did an outstanding job selling the business for billions in value.

2. This is a desirable exit for me and consistent with my investment objective as reflected in the Private Placement Memorandum ("PPM"). And, as far as the potential for a 42-month lock up (as I understand that under certain

circumstances it could be shorter) - when I made my investment in Broadstreet I certified that I could wait as I was utilizing risk capital. I am in no rush and any investor who was or is should not have made the investment in Broadstreet as they were cautioned not to by the disclaimers in the PPM. I should not suffer by the hand of those who now suddenly claim they cannot read plain language.

3. For those minority of investors who selected cash and are complaining, I understand there is already a pending lawsuit in which they can pursue complaints. The minority voice should not control. Remember, we gave the Manager very broad discretion in the investment documents.

4. **<u>I strongly object to a Receiver</u>.** A Receiver will help no one.

5. Finally, I am satisfied with the number of shares that I am calculated to receive as reflected in Juniper for my account.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 11 day of August, 2026 in _County: Broward State: Fl.

Signed by:

[signature]

561FD391C4B848C...

______________________________

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:25-CV-20436-GAYLES/SHAW-WILDER**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

DAVID J. FEINGOLD,
JOSEPH B. BALDASSARRA,
STEVEN S. BALDASSARRA,
BROAD STREET GLOBAL MANAGEMENT, LLC, and
BROAD STREET, INC.,

Defendants, and

JOSEPHBENJAMIN, INC., and
JUST A NICE DAY, INC.,

Relief Defendants.

Pursuant to 28 U.S.C.§ 1746, I hereby declare as follows:

1. I am one of the majority of Broadstreet investors who voted to receive stock in the publicly traded SPAC. I oppose appointment of a Receiver. Broadstreet did an outstanding job selling the business for billions in value.

2. This is a desirable exit for me and consistent with my investment objective as reflected in the Private Placement Memorandum ("PPM"). And, as far as the potential for a 42-month lock up (as I understand that under certain

circumstances it could be shorter) - when I made my investment in Broadstreet I certified that I could wait as I was utilizing risk capital. I am in no rush and any investor who was or is should not have made the investment in Broadstreet as they were cautioned not to by the disclaimers in the PPM. I should not suffer by the hand of those who now suddenly claim they cannot read plain language.

3. For those minority of investors who selected cash and are complaining, I understand there is already a pending lawsuit in which they can pursue complaints. The minority voice should not control. Remember, we gave the Manager very broad discretion in the investment documents.

4. **I strongly object to a Receiver.** A Receiver will help no one.

5. Finally, I am satisfied with the number of shares that I am calculated to receive as reflected in Juniper for my account.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 12 day of August, 2026 in _County: Queens State: NY.

DocuSigned by:
Caroline Petruzzi
2FA1E893B606423...

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:25-CV-20436-GAYLES/SHAW-WILDER**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

DAVID J. FEINGOLD,
JOSEPH B. BALDASSARRA,
STEVEN S. BALDASSARRA,
BROAD STREET GLOBAL MANAGEMENT, LLC, and
BROAD STREET, INC.,

Defendants, and

JOSEPHBENJAMIN, INC., and
JUST A NICE DAY, INC.,

Relief Defendants.

Pursuant to 28 U.S.C.§ 1746, I hereby declare as follows:

1. I am one of the majority of Broadstreet investors who voted to receive stock in the publicly traded SPAC. I oppose appointment of a Receiver. Broadstreet did an outstanding job selling the business for billions in value.

2. This is a desirable exit for me and consistent with my investment objective as reflected in the Private Placement Memorandum ("PPM"). And, as far as the potential for a 42-month lock up (as I understand that under certain

circumstances it could be shorter) - when I made my investment in Broadstreet I certified that I could wait as I was utilizing risk capital. I am in no rush and any investor who was or is should not have made the investment in Broadstreet as they were cautioned not to by the disclaimers in the PPM. I should not suffer by the hand of those who now suddenly claim they cannot read plain language.

3. For those minority of investors who selected cash and are complaining, I understand there is already a pending lawsuit in which they can pursue complaints. The minority voice should not control. Remember, we gave the Manager very broad discretion in the investment documents.

4. **I strongly object to a Receiver.** A Receiver will help no one.

5. Finally, I am satisfied with the number of shares that I am calculated to receive as reflected in Juniper for my account.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 13 day of August, 2026 in _County: Rockland State: NY.

Signed by:
SAMUEL FRIEDMAN
A5BB8B614A8845D...

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:25-CV-20436-GAYLES/SHAW-WILDER**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

DAVID J. FEINGOLD,
JOSEPH B. BALDASSARRA,
STEVEN S. BALDASSARRA,
BROAD STREET GLOBAL MANAGEMENT, LLC, and
BROAD STREET, INC.,

Defendants, and

JOSEPHBENJAMIN, INC., and
JUST A NICE DAY, INC.,

Relief Defendants.

Pursuant to 28 U.S.C.§ 1746, I hereby declare as follows:

1. I am one of the majority of Broadstreet investors who voted to receive stock in the publicly traded SPAC. I oppose appointment of a Receiver. Broadstreet did an outstanding job selling the business for billions in value.

2. This is a desirable exit for me and consistent with my investment objective as reflected in the Private Placement Memorandum ("PPM"). And, as far as the potential for a 42-month lock up (as I understand that under certain

circumstances it could be shorter) - when I made my investment in Broadstreet I certified that I could wait as I was utilizing risk capital. I am in no rush and any investor who was or is should not have made the investment in Broadstreet as they were cautioned not to by the disclaimers in the PPM. I should not suffer by the hand of those who now suddenly claim they cannot read plain language.

3. For those minority of investors who selected cash and are complaining, I understand there is already a pending lawsuit in which they can pursue complaints. The minority voice should not control. Remember, we gave the Manager very broad discretion in the investment documents.

4. **I strongly object to a Receiver.** A Receiver will help no one.

5. Finally, I am satisfied with the number of shares that I am calculated to receive as reflected in Juniper for my account.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 11 day of August, 2026 in _County: Bulloch State: Ga.

DocuSigned by:
Sowjanya Immaneni
CB1E6CD6BBBC4DD...

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:25-CV-20436-GAYLES/SHAW-WILDER**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

DAVID J. FEINGOLD,
JOSEPH B. BALDASSARRA,
STEVEN S. BALDASSARRA,
BROAD STREET GLOBAL MANAGEMENT, LLC, and
BROAD STREET, INC.,

Defendants, and

JOSEPHBENJAMIN, INC., and
JUST A NICE DAY, INC.,

Relief Defendants.

Pursuant to 28 U.S.C.§ 1746, I hereby declare as follows:

1. I am one of the majority of Broadstreet investors who voted to receive stock in the publicly traded SPAC. I oppose appointment of a Receiver. Broadstreet did an outstanding job selling the business for billions in value.

2. This is a desirable exit for me and consistent with my investment objective as reflected in the Private Placement Memorandum ("PPM"). And, as far as the potential for a 42-month lock up (as I understand that under certain

circumstances it could be shorter) - when I made my investment in Broadstreet I certified that I could wait as I was utilizing risk capital. I am in no rush and any investor who was or is should not have made the investment in Broadstreet as they were cautioned not to by the disclaimers in the PPM. I should not suffer by the hand of those who now suddenly claim they cannot read plain language.

3. For those minority of investors who selected cash and are complaining, I understand there is already a pending lawsuit in which they can pursue complaints. The minority voice should not control. Remember, we gave the Manager very broad discretion in the investment documents.

4. **I strongly object to a Receiver.** A Receiver will help no one.

5. Finally, I am satisfied with the number of shares that I am calculated to receive as reflected in Juniper for my account.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 13 day of August, 2026 in _County: Monmouth State: Nj.

DocuSigned by:
James Cassidy
5EF726FF81B0410...

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:25-CV-20436-GAYLES/SHAW-WILDER**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

DAVID J. FEINGOLD,
JOSEPH B. BALDASSARRA,
STEVEN S. BALDASSARRA,
BROAD STREET GLOBAL MANAGEMENT, LLC, and
BROAD STREET, INC.,

Defendants, and

JOSEPHBENJAMIN, INC., and
JUST A NICE DAY, INC.,

Relief Defendants.

Pursuant to 28 U.S.C.§ 1746, I hereby declare as follows:

1. I am one of the majority of Broadstreet investors who voted to receive stock in the publicly traded SPAC. I oppose appointment of a Receiver. Broadstreet did an outstanding job selling the business for billions in value.

2. This is a desirable exit for me and consistent with my investment objective as reflected in the Private Placement Memorandum ("PPM"). And, as far as the potential for a 42-month lock up (as I understand that under certain

circumstances it could be shorter) - when I made my investment in Broadstreet I certified that I could wait as I was utilizing risk capital. I am in no rush and any investor who was or is should not have made the investment in Broadstreet as they were cautioned not to by the disclaimers in the PPM. I should not suffer by the hand of those who now suddenly claim they cannot read plain language.

3. For those minority of investors who selected cash and are complaining, I understand there is already a pending lawsuit in which they can pursue complaints. The minority voice should not control. Remember, we gave the Manager very broad discretion in the investment documents.

4. **I strongly object to a Receiver.** A Receiver will help no one.

5. Finally, I am satisfied with the number of shares that I am calculated to receive as reflected in Juniper for my account.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 12 day of August, 2026 in _County: Broward State: FL.

Signed by:
Jason Luebbers
7EA34EB641C3456...

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:25-CV-20436-GAYLES/SHAW-WILDER**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

DAVID J. FEINGOLD,
JOSEPH B. BALDASSARRA,
STEVEN S. BALDASSARRA,
BROAD STREET GLOBAL MANAGEMENT, LLC, and
BROAD STREET, INC.,

Defendants, and

JOSEPHBENJAMIN, INC., and
JUST A NICE DAY, INC.,

Relief Defendants.

Pursuant to 28 U.S.C.§ 1746, I hereby declare as follows:

1. I am one of the majority of Broadstreet investors who voted to receive stock in the publicly traded SPAC. I oppose appointment of a Receiver. Broadstreet did an outstanding job selling the business for billions in value.

2. This is a desirable exit for me and consistent with my investment objective as reflected in the Private Placement Memorandum ("PPM"). And, as far as the potential for a 42-month lock up (as I understand that under certain

circumstances it could be shorter) - when I made my investment in Broadstreet I certified that I could wait as I was utilizing risk capital. I am in no rush and any investor who was or is should not have made the investment in Broadstreet as they were cautioned not to by the disclaimers in the PPM. I should not suffer by the hand of those who now suddenly claim they cannot read plain language.

3. For those minority of investors who selected cash and are complaining, I understand there is already a pending lawsuit in which they can pursue complaints. The minority voice should not control. Remember, we gave the Manager very broad discretion in the investment documents.

4. **I strongly object to a Receiver.** A Receiver will help no one.

5. Finally, I am satisfied with the number of shares that I am calculated to receive as reflected in Juniper for my account.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this IZ day of August, 2026 in _County: IZ State: NY.

DocuSigned by:

549DCAE19EA04CF...

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:25-CV-20436-GAYLES/SHAW-WILDER**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

DAVID J. FEINGOLD,
JOSEPH B. BALDASSARRA,
STEVEN S. BALDASSARRA,
BROAD STREET GLOBAL MANAGEMENT, LLC, and
BROAD STREET, INC.,

Defendants, and

JOSEPHBENJAMIN, INC., and
JUST A NICE DAY, INC.,

Relief Defendants.

Pursuant to 28 U.S.C.§ 1746, I hereby declare as follows:

1. I am one of the majority of Broadstreet investors who voted to receive stock in the publicly traded SPAC. I oppose appointment of a Receiver. Broadstreet did an outstanding job selling the business for billions in value.

2. This is a desirable exit for me and consistent with my investment objective as reflected in the Private Placement Memorandum ("PPM"). And, as far as the potential for a 42-month lock up (as I understand that under certain

circumstances it could be shorter) - when I made my investment in Broadstreet I certified that I could wait as I was utilizing risk capital. I am in no rush and any investor who was or is should not have made the investment in Broadstreet as they were cautioned not to by the disclaimers in the PPM. I should not suffer by the hand of those who now suddenly claim they cannot read plain language.

3. For those minority of investors who selected cash and are complaining, I understand there is already a pending lawsuit in which they can pursue complaints. The minority voice should not control. Remember, we gave the Manager very broad discretion in the investment documents.

4. **I strongly object to a Receiver.** A Receiver will help no one.

5. Finally, I am satisfied with the number of shares that I am calculated to receive as reflected in Juniper for my account.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 13_____ day of August, 2026 in _County: Greenville State: SC___.

DocuSigned by:

[signature]

8A9C45E26FB5470...

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:25-CV-20436-GAYLES/SHAW-WILDER**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

DAVID J. FEINGOLD,
JOSEPH B. BALDASSARRA,
STEVEN S. BALDASSARRA,
BROAD STREET GLOBAL MANAGEMENT, LLC, and
BROAD STREET, INC.,

Defendants, and

JOSEPHBENJAMIN, INC., and
JUST A NICE DAY, INC.,

Relief Defendants.

Pursuant to 28 U.S.C.§ 1746, I hereby declare as follows:

1. I am one of the majority of Broadstreet investors who voted to receive stock in the publicly traded SPAC. I oppose appointment of a Receiver. Broadstreet did an outstanding job selling the business for billions in value.

2. This is a desirable exit for me and consistent with my investment objective as reflected in the Private Placement Memorandum ("PPM"). And, as far as the potential for a 42-month lock up (as I understand that under certain

circumstances it could be shorter) - when I made my investment in Broadstreet I certified that I could wait as I was utilizing risk capital. I am in no rush and any investor who was or is should not have made the investment in Broadstreet as they were cautioned not to by the disclaimers in the PPM. I should not suffer by the hand of those who now suddenly claim they cannot read plain language.

3. For those minority of investors who selected cash and are complaining, I understand there is already a pending lawsuit in which they can pursue complaints. The minority voice should not control. Remember, we gave the Manager very broad discretion in the investment documents.

4. **I strongly object to a Receiver.** A Receiver will help no one.

5. Finally, I am satisfied with the number of shares that I am calculated to receive as reflected in Juniper for my account.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 14 day of August, 2026 in _County: Etowah State: Alabama.

DocuSigned by:
Bankim J. Patel
01FB85CAC2FE45C...

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:25-CV-20436-GAYLES/SHAW-WILDER**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

DAVID J. FEINGOLD,
JOSEPH B. BALDASSARRA,
STEVEN S. BALDASSARRA,
BROAD STREET GLOBAL MANAGEMENT, LLC, and
BROAD STREET, INC.,

Defendants, and

JOSEPHBENJAMIN, INC., and
JUST A NICE DAY, INC.,

Relief Defendants.

Pursuant to 28 U.S.C.§ 1746, I hereby declare as follows:

1. I am one of the majority of Broadstreet investors who voted to receive stock in the publicly traded SPAC. I oppose appointment of a Receiver. Broadstreet did an outstanding job selling the business for billions in value.

2. This is a desirable exit for me and consistent with my investment objective as reflected in the Private Placement Memorandum ("PPM"). And, as far as the potential for a 42-month lock up (as I understand that under certain

circumstances it could be shorter) - when I made my investment in Broadstreet I certified that I could wait as I was utilizing risk capital. I am in no rush and any investor who was or is should not have made the investment in Broadstreet as they were cautioned not to by the disclaimers in the PPM. I should not suffer by the hand of those who now suddenly claim they cannot read plain language.

3. For those minority of investors who selected cash and are complaining, I understand there is already a pending lawsuit in which they can pursue complaints. The minority voice should not control. Remember, we gave the Manager very broad discretion in the investment documents.

4. **<u>I strongly object to a Receiver</u>.** A Receiver will help no one.

5. Finally, I am satisfied with the number of shares that I am calculated to receive as reflected in Juniper for my account.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 12 day of August, 2026 in _County: Greenville State: SC.

Signed by:
MEENA HANDA
9DC119E0D82344F...
_______________________________

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:25-CV-20436-GAYLES/SHAW-WILDER**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

DAVID J. FEINGOLD,
JOSEPH B. BALDASSARRA,
STEVEN S. BALDASSARRA,
BROAD STREET GLOBAL MANAGEMENT, LLC, and
BROAD STREET, INC.,

Defendants, and

JOSEPHBENJAMIN, INC., and
JUST A NICE DAY, INC.,

Relief Defendants.

Pursuant to 28 U.S.C.§ 1746, I hereby declare as follows:

1. I am one of the majority of Broadstreet investors who voted to receive stock in the publicly traded SPAC. I oppose appointment of a Receiver. Broadstreet did an outstanding job selling the business for billions in value.

2. This is a desirable exit for me and consistent with my investment objective as reflected in the Private Placement Memorandum ("PPM"). And, as far as the potential for a 42-month lock up (as I understand that under certain

circumstances it could be shorter) - when I made my investment in Broadstreet I certified that I could wait as I was utilizing risk capital. I am in no rush and any investor who was or is should not have made the investment in Broadstreet as they were cautioned not to by the disclaimers in the PPM. I should not suffer by the hand of those who now suddenly claim they cannot read plain language.

3. For those minority of investors who selected cash and are complaining, I understand there is already a pending lawsuit in which they can pursue complaints. The minority voice should not control. Remember, we gave the Manager very broad discretion in the investment documents.

4. **I strongly object to a Receiver.** A Receiver will help no one.

5. Finally, I am satisfied with the number of shares that I am calculated to receive as reflected in Juniper for my account.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 13 day of August, 2026 in _County: Westchester State: Ny.

Signed by:

[signature]

3BCBC518EBB242B...

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:25-CV-20436-GAYLES/SHAW-WILDER**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

DAVID J. FEINGOLD,
JOSEPH B. BALDASSARRA,
STEVEN S. BALDASSARRA,
BROAD STREET GLOBAL MANAGEMENT, LLC, and
BROAD STREET, INC.,

Defendants, and

JOSEPHBENJAMIN, INC., and
JUST A NICE DAY, INC.,

Relief Defendants.

Pursuant to 28 U.S.C.§ 1746, I hereby declare as follows:

1. I am one of the majority of Broadstreet investors who voted to receive stock in the publicly traded SPAC. I oppose appointment of a Receiver. Broadstreet did an outstanding job selling the business for billions in value.

2. This is a desirable exit for me and consistent with my investment objective as reflected in the Private Placement Memorandum ("PPM"). And, as far as the potential for a 42-month lock up (as I understand that under certain

circumstances it could be shorter) - when I made my investment in Broadstreet I certified that I could wait as I was utilizing risk capital. I am in no rush and any investor who was or is should not have made the investment in Broadstreet as they were cautioned not to by the disclaimers in the PPM. I should not suffer by the hand of those who now suddenly claim they cannot read plain language.

3. For those minority of investors who selected cash and are complaining, I understand there is already a pending lawsuit in which they can pursue complaints. The minority voice should not control. Remember, we gave the Manager very broad discretion in the investment documents.

4. **I strongly object to a Receiver.** A Receiver will help no one.

5. Finally, I am satisfied with the number of shares that I am calculated to receive as reflected in Juniper for my account.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 13 day of August, 2026 in _County: Bulloch State: GA.

Signed by:
Courage Atekha
81D5C2A82650437...
_______________________

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:25-CV-20436-GAYLES/SHAW-WILDER**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

DAVID J. FEINGOLD,
JOSEPH B. BALDASSARRA,
STEVEN S. BALDASSARRA,
BROAD STREET GLOBAL MANAGEMENT, LLC, and
BROAD STREET, INC.,

Defendants, and

JOSEPHBENJAMIN, INC., and
JUST A NICE DAY, INC.,

Relief Defendants.

Pursuant to 28 U.S.C.§ 1746, I hereby declare as follows:

1. I am one of the majority of Broadstreet investors who voted to receive stock in the publicly traded SPAC. I oppose appointment of a Receiver. Broadstreet did an outstanding job selling the business for billions in value.

2. This is a desirable exit for me and consistent with my investment objective as reflected in the Private Placement Memorandum ("PPM"). And, as far as the potential for a 42-month lock up (as I understand that under certain

circumstances it could be shorter) - when I made my investment in Broadstreet I certified that I could wait as I was utilizing risk capital. I am in no rush and any investor who was or is should not have made the investment in Broadstreet as they were cautioned not to by the disclaimers in the PPM. I should not suffer by the hand of those who now suddenly claim they cannot read plain language.

3. For those minority of investors who selected cash and are complaining, I understand there is already a pending lawsuit in which they can pursue complaints. The minority voice should not control. Remember, we gave the Manager very broad discretion in the investment documents.

4. **I strongly object to a Receiver.** A Receiver will help no one.

5. Finally, I am satisfied with the number of shares that I am calculated to receive as reflected in Juniper for my account.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 12 day of August, 2026 in _County: Nassau State: NY.

Signed by:
Paul Plesser
57F6D68567F44D9...

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:25-CV-20436-GAYLES/SHAW-WILDER**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

DAVID J. FEINGOLD,
JOSEPH B. BALDASSARRA,
STEVEN S. BALDASSARRA,
BROAD STREET GLOBAL MANAGEMENT, LLC, and
BROAD STREET, INC.,

Defendants, and

JOSEPHBENJAMIN, INC., and
JUST A NICE DAY, INC.,

Relief Defendants.

Pursuant to 28 U.S.C.§ 1746, I hereby declare as follows:

1. I am one of the majority of Broadstreet investors who voted to receive stock in the publicly traded SPAC. I oppose appointment of a Receiver. Broadstreet did an outstanding job selling the business for billions in value.

2. This is a desirable exit for me and consistent with my investment objective as reflected in the Private Placement Memorandum ("PPM"). And, as far as the potential for a 42-month lock up (as I understand that under certain

circumstances it could be shorter) - when I made my investment in Broadstreet I certified that I could wait as I was utilizing risk capital. I am in no rush and any investor who was or is should not have made the investment in Broadstreet as they were cautioned not to by the disclaimers in the PPM. I should not suffer by the hand of those who now suddenly claim they cannot read plain language.

3. For those minority of investors who selected cash and are complaining, I understand there is already a pending lawsuit in which they can pursue complaints. The minority voice should not control. Remember, we gave the Manager very broad discretion in the investment documents.

4. **I strongly object to a Receiver.** A Receiver will help no one.

5. Finally, I am satisfied with the number of shares that I am calculated to receive as reflected in Juniper for my account.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 13 day of August, 2026 in _County: Gibson State: TN.

Signed by:
[signature]
3CE800310ED6411...

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:25-CV-20436-GAYLES/SHAW-WILDER**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

DAVID J. FEINGOLD,
JOSEPH B. BALDASSARRA,
STEVEN S. BALDASSARRA,
BROAD STREET GLOBAL MANAGEMENT, LLC, and
BROAD STREET, INC.,

Defendants, and

JOSEPHBENJAMIN, INC., and
JUST A NICE DAY, INC.,

Relief Defendants.

Pursuant to 28 U.S.C.§ 1746, I hereby declare as follows:

1. I am one of the majority of Broadstreet investors who voted to receive stock in the publicly traded SPAC. I oppose appointment of a Receiver. Broadstreet did an outstanding job selling the business for billions in value.

2. This is a desirable exit for me and consistent with my investment objective as reflected in the Private Placement Memorandum ("PPM"). And, as far as the potential for a 42-month lock up (as I understand that under certain

circumstances it could be shorter) - when I made my investment in Broadstreet I certified that I could wait as I was utilizing risk capital. I am in no rush and any investor who was or is should not have made the investment in Broadstreet as they were cautioned not to by the disclaimers in the PPM. I should not suffer by the hand of those who now suddenly claim they cannot read plain language.

3. For those minority of investors who selected cash and are complaining, I understand there is already a pending lawsuit in which they can pursue complaints. The minority voice should not control. Remember, we gave the Manager very broad discretion in the investment documents.

4. **I strongly object to a Receiver.** A Receiver will help no one.

5. Finally, I am satisfied with the number of shares that I am calculated to receive as reflected in Juniper for my account.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 13 day of August, 2026 in _County: USS State: SC.

DocuSigned by:

4E9414F779194A6...

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:25-CV-20436-GAYLES/SHAW-WILDER**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

DAVID J. FEINGOLD,
JOSEPH B. BALDASSARRA,
STEVEN S. BALDASSARRA,
BROAD STREET GLOBAL MANAGEMENT, LLC, and
BROAD STREET, INC.,

Defendants, and

JOSEPHBENJAMIN, INC., and
JUST A NICE DAY, INC.,

Relief Defendants.

Pursuant to 28 U.S.C.§ 1746, I hereby declare as follows:

1. I am one of the majority of Broadstreet investors who voted to receive stock in the publicly traded SPAC. I oppose appointment of a Receiver. Broadstreet did an outstanding job selling the business for billions in value.

2. This is a desirable exit for me and consistent with my investment objective as reflected in the Private Placement Memorandum ("PPM"). And, as far as the potential for a 42-month lock up (as I understand that under certain

circumstances it could be shorter) - when I made my investment in Broadstreet I certified that I could wait as I was utilizing risk capital. I am in no rush and any investor who was or is should not have made the investment in Broadstreet as they were cautioned not to by the disclaimers in the PPM. I should not suffer by the hand of those who now suddenly claim they cannot read plain language.

3. For those minority of investors who selected cash and are complaining, I understand there is already a pending lawsuit in which they can pursue complaints. The minority voice should not control. Remember, we gave the Manager very broad discretion in the investment documents.

4. **I strongly object to a Receiver.** A Receiver will help no one.

5. Finally, I am satisfied with the number of shares that I am calculated to receive as reflected in Juniper for my account.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 13 day of August, 2026 in County: Ontario State: Ont CA.

Signed by:

4D428DEC4D014FF...

___________________________

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:25-CV-20436-GAYLES/SHAW-WILDER**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

DAVID J. FEINGOLD,
JOSEPH B. BALDASSARRA,
STEVEN S. BALDASSARRA,
BROAD STREET GLOBAL MANAGEMENT, LLC, and
BROAD STREET, INC.,

Defendants, and

JOSEPHBENJAMIN, INC., and
JUST A NICE DAY, INC.,

Relief Defendants.

Pursuant to 28 U.S.C.§ 1746, I hereby declare as follows:

1. I am one of the majority of Broadstreet investors who voted to receive stock in the publicly traded SPAC. I oppose appointment of a Receiver. Broadstreet did an outstanding job selling the business for billions in value.

2. This is a desirable exit for me and consistent with my investment objective as reflected in the Private Placement Memorandum ("PPM"). And, as far as the potential for a 42-month lock up (as I understand that under certain

circumstances it could be shorter) - when I made my investment in Broadstreet I certified that I could wait as I was utilizing risk capital. I am in no rush and any investor who was or is should not have made the investment in Broadstreet as they were cautioned not to by the disclaimers in the PPM. I should not suffer by the hand of those who now suddenly claim they cannot read plain language.

3. For those minority of investors who selected cash and are complaining, I understand there is already a pending lawsuit in which they can pursue complaints. The minority voice should not control. Remember, we gave the Manager very broad discretion in the investment documents.

4. **I strongly object to a Receiver.** A Receiver will help no one.

5. Finally, I am satisfied with the number of shares that I am calculated to receive as reflected in Juniper for my account.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 13 day of August, 2026 in _County: Greenville State: SC .

Signed by:

762AE0215FDC441...

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:25-CV-20436-GAYLES/SHAW-WILDER**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

DAVID J. FEINGOLD,
JOSEPH B. BALDASSARRA,
STEVEN S. BALDASSARRA,
BROAD STREET GLOBAL MANAGEMENT, LLC, and
BROAD STREET, INC.,

Defendants, and

JOSEPHBENJAMIN, INC., and
JUST A NICE DAY, INC.,

Relief Defendants.

Pursuant to 28 U.S.C.§ 1746, I hereby declare as follows:

1. I am one of the majority of Broadstreet investors who voted to receive stock in the publicly traded SPAC. I oppose appointment of a Receiver. Broadstreet did an outstanding job selling the business for billions in value.

2. This is a desirable exit for me and consistent with my investment objective as reflected in the Private Placement Memorandum ("PPM"). And, as far as the potential for a 42-month lock up (as I understand that under certain

circumstances it could be shorter) - when I made my investment in Broadstreet I certified that I could wait as I was utilizing risk capital. I am in no rush and any investor who was or is should not have made the investment in Broadstreet as they were cautioned not to by the disclaimers in the PPM. I should not suffer by the hand of those who now suddenly claim they cannot read plain language.

3. For those minority of investors who selected cash and are complaining, I understand there is already a pending lawsuit in which they can pursue complaints. The minority voice should not control. Remember, we gave the Manager very broad discretion in the investment documents.

4. **I strongly object to a Receiver.** A Receiver will help no one.

5. Finally, I am satisfied with the number of shares that I am calculated to receive as reflected in Juniper for my account.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 14 day of August, 2026 in _County: Broward State: Florida.

Signed by:
Eric Van Trump
8E3003035AE84E7...

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:25-CV-20436-GAYLES/SHAW-WILDER**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

DAVID J. FEINGOLD,
JOSEPH B. BALDASSARRA,
STEVEN S. BALDASSARRA,
BROAD STREET GLOBAL MANAGEMENT, LLC, and
BROAD STREET, INC.,

Defendants, and

JOSEPHBENJAMIN, INC., and
JUST A NICE DAY, INC.,

Relief Defendants.

Pursuant to 28 U.S.C.§ 1746, I hereby declare as follows:

1. I am one of the majority of Broadstreet investors who voted to receive stock in the publicly traded SPAC. I oppose appointment of a Receiver. Broadstreet did an outstanding job selling the business for billions in value.

2. This is a desirable exit for me and consistent with my investment objective as reflected in the Private Placement Memorandum ("PPM"). And, as far as the potential for a 42-month lock up (as I understand that under certain

circumstances it could be shorter) - when I made my investment in Broadstreet I certified that I could wait as I was utilizing risk capital. I am in no rush and any investor who was or is should not have made the investment in Broadstreet as they were cautioned not to by the disclaimers in the PPM. I should not suffer by the hand of those who now suddenly claim they cannot read plain language.

3. For those minority of investors who selected cash and are complaining, I understand there is already a pending lawsuit in which they can pursue complaints. The minority voice should not control. Remember, we gave the Manager very broad discretion in the investment documents.

4. **I strongly object to a Receiver.** A Receiver will help no one.

5. Finally, I am satisfied with the number of shares that I am calculated to receive as reflected in Juniper for my account.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 12 day of August, 2026 in _County: Grenville State: SC.

Signed by:
Leland Trice
57C7A65941E5448...

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:25-CV-20436-GAYLES/SHAW-WILDER**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

DAVID J. FEINGOLD,
JOSEPH B. BALDASSARRA,
STEVEN S. BALDASSARRA,
BROAD STREET GLOBAL MANAGEMENT, LLC, and
BROAD STREET, INC.,

Defendants, and

JOSEPHBENJAMIN, INC., and
JUST A NICE DAY, INC.,

Relief Defendants.

Pursuant to 28 U.S.C.§ 1746, I hereby declare as follows:

1. I am one of the majority of Broadstreet investors who voted to receive stock in the publicly traded SPAC. I oppose appointment of a Receiver. Broadstreet did an outstanding job selling the business for billions in value.

2. This is a desirable exit for me and consistent with my investment objective as reflected in the Private Placement Memorandum ("PPM"). And, as far as the potential for a 42-month lock up (as I understand that under certain

circumstances it could be shorter) - when I made my investment in Broadstreet I certified that I could wait as I was utilizing risk capital. I am in no rush and any investor who was or is should not have made the investment in Broadstreet as they were cautioned not to by the disclaimers in the PPM. I should not suffer by the hand of those who now suddenly claim they cannot read plain language.

3. For those minority of investors who selected cash and are complaining, I understand there is already a pending lawsuit in which they can pursue complaints. The minority voice should not control. Remember, we gave the Manager very broad discretion in the investment documents.

4. **I strongly object to a Receiver.** A Receiver will help no one.

5. Finally, I am satisfied with the number of shares that I am calculated to receive as reflected in Juniper for my account.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 12 day of August, 2026 in _County: Dade State: Fl.

DocuSigned by:
Christopher Calise
25F599FF544F4FE...

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:25-CV-20436-GAYLES/SHAW-WILDER**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

DAVID J. FEINGOLD,
JOSEPH B. BALDASSARRA,
STEVEN S. BALDASSARRA,
BROAD STREET GLOBAL MANAGEMENT, LLC, and
BROAD STREET, INC.,

Defendants, and

JOSEPHBENJAMIN, INC., and
JUST A NICE DAY, INC.,

Relief Defendants.

Pursuant to 28 U.S.C.§ 1746, I hereby declare as follows:

1. I am one of the majority of Broadstreet investors who voted to receive stock in the publicly traded SPAC. I oppose appointment of a Receiver. Broadstreet did an outstanding job selling the business for billions in value.

2. This is a desirable exit for me and consistent with my investment objective as reflected in the Private Placement Memorandum ("PPM"). And, as far as the potential for a 42-month lock up (as I understand that under certain

circumstances it could be shorter) - when I made my investment in Broadstreet I certified that I could wait as I was utilizing risk capital. I am in no rush and any investor who was or is should not have made the investment in Broadstreet as they were cautioned not to by the disclaimers in the PPM. I should not suffer by the hand of those who now suddenly claim they cannot read plain language.

3. For those minority of investors who selected cash and are complaining, I understand there is already a pending lawsuit in which they can pursue complaints. The minority voice should not control. Remember, we gave the Manager very broad discretion in the investment documents.

4. **I strongly object to a Receiver.** A Receiver will help no one.

5. Finally, I am satisfied with the number of shares that I am calculated to receive as reflected in Juniper for my account.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 13 day of August, 2026 in _County: Greenville State: SC.

DocuSigned by:
Sunil K. Handa
66700DA52E4E4D9...

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:25-CV-20436-GAYLES/SHAW-WILDER**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

DAVID J. FEINGOLD,
JOSEPH B. BALDASSARRA,
STEVEN S. BALDASSARRA,
BROAD STREET GLOBAL MANAGEMENT, LLC, and
BROAD STREET, INC.,

Defendants, and

JOSEPHBENJAMIN, INC., and
JUST A NICE DAY, INC.,

Relief Defendants.

Pursuant to 28 U.S.C.§ 1746, I hereby declare as follows:

1. I am one of the majority of Broadstreet investors who voted to receive stock in the publicly traded SPAC. I oppose appointment of a Receiver. Broadstreet did an outstanding job selling the business for billions in value.

2. This is a desirable exit for me and consistent with my investment objective as reflected in the Private Placement Memorandum ("PPM"). And, as far as the potential for a 42-month lock up (as I understand that under certain

circumstances it could be shorter) - when I made my investment in Broadstreet I certified that I could wait as I was utilizing risk capital. I am in no rush and any investor who was or is should not have made the investment in Broadstreet as they were cautioned not to by the disclaimers in the PPM. I should not suffer by the hand of those who now suddenly claim they cannot read plain language.

3. For those minority of investors who selected cash and are complaining, I understand there is already a pending lawsuit in which they can pursue complaints. The minority voice should not control. Remember, we gave the Manager very broad discretion in the investment documents.

4. **I strongly object to a Receiver.** A Receiver will help no one.

5. Finally, I am satisfied with the number of shares that I am calculated to receive as reflected in Juniper for my account.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 11 day of August, 2026 in _County: Greenville State: Sc.

DocuSigned by:
Joshua A. Burns
415962584E5C4C3...

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:25-CV-20436-GAYLES/SHAW-WILDER**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

DAVID J. FEINGOLD,
JOSEPH B. BALDASSARRA,
STEVEN S. BALDASSARRA,
BROAD STREET GLOBAL MANAGEMENT, LLC, and
BROAD STREET, INC.,

Defendants, and

JOSEPHBENJAMIN, INC., and
JUST A NICE DAY, INC.,

Relief Defendants.

Pursuant to 28 U.S.C.§ 1746, I hereby declare as follows:

1. I am one of the majority of Broadstreet investors who voted to receive stock in the publicly traded SPAC. I oppose appointment of a Receiver. Broadstreet did an outstanding job selling the business for billions in value.

2. This is a desirable exit for me and consistent with my investment objective as reflected in the Private Placement Memorandum ("PPM"). And, as far as the potential for a 42-month lock up (as I understand that under certain

circumstances it could be shorter) - when I made my investment in Broadstreet I certified that I could wait as I was utilizing risk capital. I am in no rush and any investor who was or is should not have made the investment in Broadstreet as they were cautioned not to by the disclaimers in the PPM. I should not suffer by the hand of those who now suddenly claim they cannot read plain language.

3. For those minority of investors who selected cash and are complaining, I understand there is already a pending lawsuit in which they can pursue complaints. The minority voice should not control. Remember, we gave the Manager very broad discretion in the investment documents.

4. **I strongly object to a Receiver.** A Receiver will help no one.

5. Finally, I am satisfied with the number of shares that I am calculated to receive as reflected in Juniper for my account.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 11 day of August, 2026 in _County: Palm Beach State: Florida.

DocuSigned by:
STACY L DENT-IACIOFANO
4FE0F6C77D6B4BB...

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:25-CV-20436-GAYLES/SHAW-WILDER**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

DAVID J. FEINGOLD,
JOSEPH B. BALDASSARRA,
STEVEN S. BALDASSARRA,
BROAD STREET GLOBAL MANAGEMENT, LLC, and
BROAD STREET, INC.,

Defendants, and

JOSEPHBENJAMIN, INC., and
JUST A NICE DAY, INC.,

Relief Defendants.

Pursuant to 28 U.S.C.§ 1746, I hereby declare as follows:

1. I am one of the majority of Broadstreet investors who voted to receive stock in the publicly traded SPAC. I oppose appointment of a Receiver. Broadstreet did an outstanding job selling the business for billions in value.

2. This is a desirable exit for me and consistent with my investment objective as reflected in the Private Placement Memorandum ("PPM"). And, as far as the potential for a 42-month lock up (as I understand that under certain

circumstances it could be shorter) - when I made my investment in Broadstreet I certified that I could wait as I was utilizing risk capital. I am in no rush and any investor who was or is should not have made the investment in Broadstreet as they were cautioned not to by the disclaimers in the PPM. I should not suffer by the hand of those who now suddenly claim they cannot read plain language.

3. For those minority of investors who selected cash and are complaining, I understand there is already a pending lawsuit in which they can pursue complaints. The minority voice should not control. Remember, we gave the Manager very broad discretion in the investment documents.

4. **I strongly object to a Receiver.** A Receiver will help no one.

5. Finally, I am satisfied with the number of shares that I am calculated to receive as reflected in Juniper for my account.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 14th day of August, 2026 in County: Putnam State: NY.

Signed by:
Salvatore DeMatteo
650959D5A720417...