IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-CV-20436-GAYLES/SHAW-WILDER

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

DAVID J. FEINGOLD,
JOSEPH B. BALDASSARRA,
STEVEN S. BALDASSARRA,
BROAD STREET GLOBAL MANAGEMENT, LLC, and
BROAD STREET, INC.,

Defendants, and

JOSEPHBENJAMIN, INC., and
JUST A NICE DAY, INC.,

Relief Defendants.

**DEFENDANTS AND RELIEF DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

The SEC's response supports Defendants' Motion for Summary Judgment (ECF 300) ("Motion"). As an initial matter, the SEC does not dispute or attempt to withdraw the following representations it made to this Court on March 20, 2026:

> **It's not about what is going on on the ground on those real estate projects. It's about the representations that were made to investors in all lines of business, and whatever the quality or progress or status of what is happening on the ground in South Carolina is not going to be an issue at trial.** We are not going to take the jury out to a homesite in South Carolina or anywhere to, you know, address or assess the merits of our claims. **The claims are about what investors were told, and the difference between what they were told and what the defendants knew at the time they made those statements to investors. So the case is not about Broad[s]treet's business generally. It's about what investors were told by Broad[s]treet, specifically about what they were told as alleged in our Complaint**.

(ECF 278-2 at 20:18-21:7) (emphasis added). Rather, the SEC attempts to do the impossible in responding to the Motion: stand on its above representations that this case is not about the business while simultaneously and inexplicably attempting to assert that its undisputed representations to the Court allow for it to pursue claims ***<u>about the business</u>***. (*See, e.g.*, ECF 326 at 7 of 21) (where the SEC attempts to assert same). The SEC's March 20th representation to this Court is clear and can only be understood one way: the SEC's case is not about Broadstreet's business, but rather what investors were told by Broadstreet. Yet, nowhere in its twenty-page response does the SEC show a material misrepresentation by Broadstreet to its investors as required. *Sec. & Exch. Comm'n v. Jarkesy*, 603 U.S. 109, 125 (2024).

The SEC instead repeatedly claims there are "genuine disputes of material fact" and that it needs more discovery. Such claims are remarkable. Indeed, this is the same SEC that marched into this Court back in January 2025 – after a two-and-a-half-year investigation during which it conducted numerous depositions and received massive amounts of information and documents (*see* ECF 60) – and declared there was a substantial likelihood the SEC would succeed on the

merits of the very same Complaint before the Court today. (*See, e.g.,* ECF 67 at 8 of 20 ("**THE SEC HAS DEMONSTRATED A LIKELIHOOD OF SUCCESS ON THE MERITS**") (emphasis in original). More than that, Defendants have since provided a fulsome accounting under the Monitorship Order (ECF 95) and have made massive productions to the Monitor that were seemingly provided to the SEC. (ECF 103 ¶¶ 14–16; ECF 118 ¶ 14; ECF 135 ¶ 7; ECF 140; ECF 165; ECF 236; ECF 254). Despite all this, the SEC attaches ***just one declaration*** to its response to the Motion: that of its *trial counsel* asking for more time for discovery. Enough is enough.

It has been ***nineteen months*** since the SEC represented to this Court that it could succeed on the merits. (*See* ECF 67 at 8 of 20). "Although courts generally refrain from granting summary judgment 'until the party opposing the motion has had an adequate opportunity to conduct discovery,' the Eleventh Circuit Court of Appeals has rejected adopting a 'blanket prohibition on the granting of summary judgment motions before discovery' has occurred or concluded." *Rinderknecht v. Quicken Loans, Inc.*, No. 2:15-CV-19-FTM-29MRM, 2016 WL 1271474, at *2 (M.D. Fla. Apr. 1, 2016), *appeal dismissed* (Sept. 26, 2016) (citing *Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 843 (11th Cir. 1989)) (analyzing Rule 56(d)'s predecessor, Rule 56(f)).

"Additionally, summary judgment may be appropriate ***when no discovery has been held***." *Smedley v. Deutsche Bank Tr. Co. Americas*, 676 Fed.Appx. 860, 862 (11th Cir. 2017) (emphasis added) (citing *Reflectone, Inc.,* 862 F.2d at 843). Only "where the non-moving party to a motion for summary judgment shows 'by affidavit or declaration' that, ***for specified reasons, it 'cannot present facts essential to justify its opposition,'*** the district court may delay consideration of the motion, deny the motion, allow additional time for discovery, or issue another appropriate order." *Id.* at 861 (quoting Fed. R. Civ. Pro. 56(d)) (emphasis added).

The SEC cannot justify further delay. With all the information that has been provided to it over ***four years*** of investigation and litigation and its representations to this Court ***nineteen months ago*** that it could succeed on the merits of the same Complaint, the SEC cannot seriously set forth any reason why it cannot present facts essential to its case now or why more discovery would reveal facts that would create a genuine issue of material fact.

What has happened here cannot be lost in the SEC's rambling opposition to the Motion or in a meritless ***second*** receiver motion the SEC conveniently filed on the same day as its opposition to the Motion. When Defendants brought the fight on the merits of this case directly to the SEC on this Motion, the SEC did not show a single material misrepresentation and sought to avoid adjudication on the merits by claiming more discovery is needed and there are "genuine disputes of material fact" while simultaneously filing a ***second*** meritless receiver motion patently seeking to overthrow Broadstreet's management and legal team. These clear and obvious attempts by the SEC to avoid a fair and square adjudication of the merits of this matter should not be permitted.

## CONCLUSION

For the reasons set forth herein and in the Motion, Defendants request this Court grant summary judgment in their favor and against the SEC.

[*signature page follows*]

Dated: September 3, 2026

Respectfully submitted,

**WELTZ KAKOS GERBI WOLINETZ VOLYNSKY LLP**

By: ***Thomas Scot Wolinetz***
Thomas S. Wolinetz
Florida Bar No. 1001160
Irwin Weltz (PHV)
1 Old Country Road, Suite 275
Carle Place, New York 11514
Telephone: (212) 202-3176
Facsimile: (516) 855-8776
twolinetz@weltz.law
irwin@weltz.law

**GALLIVAN WHITE & BOYD P.A.**

By: ***Austin P. Booth***
Ioannis (Ian) G. Conits (PHV)
Austin P. Booth
Florida Bar No. 1049907
55 Beattie Pl., Suite 1200
Greenville, South Carolina 29601
Telephone: 864-271-5432
iconits@gwblawfirm.com
abooth@gwblawfirm.com

**LETT LAW FIRM**

By: ***Ariel Lett***
Ariel Lett
Florida Bar No. 115513
6303 Blue Lagoon Dr., Suite 400
Miami, FL 33126
Telephone: 305-912-5388
alett@lettlawfirm.com

*Attorneys for Broadstreet Inc. and David Feingold*

**BERKELEY LAW P.A.**

By: ***Lorne E. Berkeley***
Lorne E. Berkeley
Florida Bar No. 146099
10600 Griffin Road, Suite 104
Cooper City, Florida 33328
Telephone: (954) 719-3484
Lorne@BerkeleyLawFL.com

*Attorneys for Broadstreet Global Management LLC, Joseph B. Baldassarra, and Steven B. Baldassarra*

**LOMAX LEGAL PLLC**

By: ***Brianna P. Hathaway***
Brianna P. Hathaway
Florida Bar No. 1019219
95 Merrick Way, 3rd Floor
Coral Gables, FL 33134
Telephone: 305.582.6506
Brianna@LomaxLegal.com

*Attorneys for Broadstreet Global Management LLC and for Relief Defendants, JosephBenjamin, Inc. and Just a Nice Day, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 3, 2026, I filed this document through the CM/ECF system, which will cause a copy of this document to be served by Notice of Electronic Filing on all counsel and parties of record.

By: ***Austin P. Booth***
Austin P. Booth