UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-cv-20436-DPG

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

DAVID J. FEINGOLD,
JOSEPH B. BALDASSARRA,
STEVEN S. BALDASSARRA,
BROAD STREET GLOBAL MANAGEMENT, LLC, and
BROAD STREET INC.,

Defendants, and

JOSEPHBENJAMIN, INC.,
JUST A NICE DAY, INC.,

Relief Defendants.

---

**SEC'S MOTION TO STRIKE CERTAIN AMENDED DEFENSES AND MEMORANDUM IN SUPPORT**

Jacqueline M. Moessner
S.D. Fla. Bar No. A5503301
(303) 844-1031
moessnerj@sec.gov

Terry R. Miller
S.D. Fla. Bar No. A5503312
(303) 844-1041
millerte@sec.gov

Attorneys for Plaintiff Securities and Exchange Commission

Under Federal Rule of Civil Procedure 12(f), Plaintiff Securities and Exchange Commission moves to strike certain defenses asserted in Defendants' Amended Answer. ECF 394 ("Am. Answer" or "Amended Answer").

## I. PRELIMINARY STATEMENT

Defendants have now asserted a *discovery dispute* as a basis for equitable affirmative defenses. But this second attempt to allege affirmative defenses shifting attention away from Defendants own misconduct again fails as a matter of law. Defendants' equitable defenses fail because Defendants do not meet the high standard for these defenses which, if even available, require allegations of egregious affirmative conduct by the SEC that occurred before this lawsuit and harmed Defendants' ability to defend the SEC's claims.

Defendants' resort to invoking a discovery dispute as a complete defense to fraud is further proof that Defendants' long refrain of attacking everyone has always been a distraction from their own conduct. While Defendants have asserted numerous and evolving accusations of misconduct throughout this case, those charges have been high on rhetoric and low on specifics; specific conduct that allegedly violated actual laws or rules has been consistently missing. When pressed by the Court's order to allege specific facts, Defendants' attempt at pleading equitable defenses has collapsed into an allegation that the SEC did not timely produce a set of documents it had received from a third party. This is an alleged discovery violation—not an allegation of egregious misconduct that prejudices Defendants' ability to defend this case.

The Court should strike these equitable defenses for the reasons below. The Court should also strike Defendants' new waiver defenses because waiver is not available here and, even if it were, the Court can take judicial notice of its docket, which shows that Defendants' new waiver

defenses fail as a matter of law. Finally, the Court should strike *for a second time* defenses that are not affirmative defenses, as explained below.

## II. ARGUMENT

### A. Legal Standard

The Court has "broad discretion" to strike from the Amended Answer an "insufficient defense" under Fed. R. Civ. P. 12(f). *GPM Indus., Inc. v. United States Citizenship & Immigr. Servs.*, 2022 WL 4181544, at *2 (S.D. Fla. Sep. 13, 2022). "[A]n affirmative defense must be stricken when the defense is comprised of no more than bare-bones, conclusory allegations or is insufficient as a matter of law." *Id.* (cleaned up). The Court can also strike an affirmative defense as insufficient if it is patently frivolous on its face or "clearly invalid as a matter of law." *Gomez v. Bird Auto., LLC*, 411 F. Supp. 3d 1332, 1335 (S.D. Fla. 2019).

### B. Certain Defenses are Invalid and Should be Stricken.

#### 1. Equitable Defenses

The Amended Answer's Eighth Defense, titled "Equitable Defenses," asserts three groups of defenses. Defendants first assert estoppel, unclean hands, acquiescence, and waiver as an undifferentiated group, Amended Answer at 30-35, and they next assert laches and delay as a group, *id.* at 35. The third group consists of unnamed defenses and "related principles of equity" asserted without elaboration. The Court should strike each group.

Even if equitable defenses are available against the government, Defendants must allege affirmative egregious misconduct by the SEC. *See Sanz v. U.S. Sec. Ins. Co.*, 328 F.3d 1314, 1319-20 (11th Cir. 2003); *SEC v Movie Studio, Inc.*, 2024 WL 4003689, at *3 (S.D. Fla. July 26, 2024) (quoting *CFTC v. S. Tr. Metals, Inc.*, 894 F.3d 1313, 1323 (11th Cir. 2018)); *SEC v. Cuban*, 798 F. Supp. 2d 783, 795 (N.D. Tex. 2011) ("[T]o the extent an affirmative defense such

as unclean hands is available, it is only in strictly limited circumstances where the agency's misconduct is egregious, and the misconduct results in prejudice to the defense of the enforcement action that rises to a constitutional level and is established through a direct nexus between the misconduct and the constitutional injury."). That affirmative and egregious conduct must also cause Defendants harm that rises to a "constitutional level." *SEC v. Natural Diamonds Inv. Co.*, 2020 WL 95065, at *2–3 (S.D. Fla. Jan. 8, 2020); *see also SEC v. Lorin*, 1991 WL 576895, at *1 (S.D.N.Y. June 18, 1991) ("[W]here courts have permitted equitable defenses to be raised against the government, they have required that the agency's misconduct be egregious and the resulting prejudice to the defendant rise to a constitutional level." (internal citation omitted))

Defendants must also establish that the egregious conduct "occurred during the investigation leading to the suit <u>and the misconduct prejudiced the defendant in his defense of the action</u>." *SEC v. Collector's Coffee Inc.*, 2021 WL 965795, at *2-3 (S.D.N.Y. March 15, 2021) (quoting *SEC v. Elecs. Warehouse, Inc.*, 689 F. Supp. 53, 73 (D. Conn. 1988) (emphasis in original)); *see also Cuban*, 798 F. Supp. 2d at 796 (defendant failed to adequately plead prejudice because he did "not allege that the SEC's conduct in any way impaired his ability to defend the enforcement action."); *SEC v. Powell*, 2012 WL 13034161, at *2 (W.D. Tex. May 18, 2012) (same). Thus, allegations of improper motives cannot sustain these defenses where Defendants cannot show "how those improper motives prejudiced [them] in conducting a defense." *Collector's Coffee*, 2021 WL 965795, at *3.

**i. Estoppel, Unclean Hands, Acquiescence, and Waiver**

Defendants first allege one set of facts under the heading "Estoppel/Unclean Hands/Acquiescence/Waiver." Am. Answer at 30-35. The only SEC "misconduct" alleged in the

five sections that describe this group of defenses is that the SEC produced a set of documents during this litigation that, Defendants claim, should have been produced earlier. *Id.* at 34-35. Stripped of adjectives and heated rhetoric, this group of defenses asserts a discovery dispute: the SEC received documents from a third party and Defendants object to the timing of when the SEC provided them to Defendants.

Defendants' allegation of a discovery violation, even if correct,[1] does not satisfy the high standard for equitable defenses. Far from egregious misconduct, Defendants do not identify a specific rule or obligation the SEC supposedly violated before this case was filed. Defendants complain that the SEC did not produce the documents during the so-called Texas Action. But the attachments to the Amended Answer confirm that the Texas Action was dismissed before the SEC started producing any documents and while the parties were litigating the scope and timing of that production. ECF 394-3 at 1 (SEC response to motion to compel dated February 3, 2025); ECF 394-2 (order dismissing Texas Action dated February 6, 2025). That short-lived failed litigation ended before the disputes over the scope and timing of production was resolved.

---

[1] Although the merits of the alleged discovery violation are not an issue to be resolved for this motion to strike, the allegations are meritless. *See* ECF 334-1. The SEC sequestered entire productions as soon as *potentially* privileged documents were discovered and produced them (without prior review) through a litigation support group and production team after Defendants served requests for production under Rule 34. The SEC has ***never reviewed the documents*** and instead asked Defendants many times to identify privileged information in that production, if any. Defendants have never done so, and Defendants have never asserted a privilege for any specific document the SEC has used in this case. Notably, given the SEC's sequestration of the entire production and the Defendants' refusal to identify privileged documents, the Defendants currently have access to non-privileged documents that the SEC does not. Also, to the extent that any of these documents are actually privileged, Defendants have always presumably maintained possession, custody, or at least control over them, so Defendants cannot plausibly argue that their defense of this action was impaired because a third party provided copies of those documents to the SEC.

Defendants' references (Am. Answer at 34) to events that occurred after this case was filed—the SEC not taking a witness's deposition, the SEC's "Initial Disclosures" and "Witness List," withholding attorney's notes on work-product grounds, and an "investigatory production"—cannot support equitable defenses because conduct after the filing of this action cannot sustain an equitable defense. *See, e.g.*, *Collector's Coffee*, 2021 WL 965795, at *2-3. In any event, none of these events required production of documents that the SEC has not even seen. Electing to not depose a witness is not violation of any rule. Initial disclosures under Rule 26(a)(1) require only identification of witnesses and documents the disclosing party may use to support its claims or defenses. It would have been improper for the SEC to disclose documents under this rule that it had never seen. If Defendants thought the SEC was somehow violating discovery rules they could seek remedies under Rule 37(c)(1); they have not.

Further, omitting an individual from a witness list is not a violation if that party does not intend to call that individual as a witness. The typical remedy for omitting a name or description of a witness from a witness list is that the party likely cannot call that individual as a witness. It is not the kind of case-dispositive constitutional violation equitable defenses require. And even if a rule or obligation exists that required the SEC to include sequestered documents it had not even seen and was not relying on in what Defendants call an "investigatory production," that rule or obligation is not identified in the Amended Answer.

On top of failing to allege misconduct—egregious or otherwise—Defendants allege no prejudice from this purported discovery violation. The Amended Answer identifies no specific information that the SEC used or withheld before filing this action that somehow impacted Defendants' ability to defend this action. Indeed, discovery is still ongoing, and Defendants have had the documents for at least three months and can use them in this litigation however they see

fit. More broadly, the Amended Answer identifies no harm to Defendants' ability to defend this action at all, much less harm traceable to the alleged discovery violation.

As a result, all the equitable defenses in the Amended Answer are invalid as a matter of law because there is no allegation of egregious misconduct that occurred during the investigation that prejudiced Defendants' ability to defend this action.

The equitable defenses are invalid for the additional reason that Defendants fail to allege the elements of these defenses. Although Defendants lump four equitable defenses together (Am. Answer at 30), these defenses have distinct elements.

For estoppel, even if "available as a defense against the government," Defendants must establish "(1) words, conduct, or acquiescence that induces reliance; (2) willfulness or negligence with regard to the acts, conduct, or acquiescence; [and] (3) detrimental reliance." *Savoury v. U.S. Atty. Gen*., 449 F.3d 1307, 1319 (11th Cir. 2006); *see also Graham v. SEC*, 222 F.3d 994, 1007 (D.C. Cir. 2000) (quoting *Heckler v. Community Health Servs.,* 467 U.S. 51, 59 (1984)). Defendants fail to allege this defense because they do not allege that the supposed discovery violation could induce reliance or caused detrimental reliance. Defendants do not identify a single act they took that would have been different in the absence of the alleged discovery violation.

For unclean hands, Defendants must establish that (1) the plaintiff's wrongdoing is directly related to the plaintiff's claim for relief, and (2) the defendant was personally injured by the wrongdoing. *United States v. Madison,* 812 F. Supp. 3d 1233, 1248 (M.D. Fla. 2025) (quoting *Bailey v. TitleMax of Georgia, Inc*., 776 F.3d 797, 801 (11th Cir. 2015)). "[C]ourts require the connection between the unclean-hands conduct and the matter in litigation to be very close." *Id.* (quoting *Bowe v. Pub. Storage*, 2015 WL 11233137, at *3 (S.D. Fla. June 26, 2015)).

Defendants fail to sufficiently plead this defense because they do not allege how the purported discovery violation is directly related to claims that Defendants violated the federal securities laws, especially given that Defendants' violations of securities laws occurred *before* the alleged discovery violation occurred. Defendants also assert no injury caused by the alleged discovery violation.

As for "acquiescence," to the extent that this defense is not subsumed in the first element of estoppel, *Savoury*, 449 F.3d at 1319, acquiescence requires the plaintiff's knowledge of and consent to the charged conduct. *See Ford Motor Co. v. O.E. Wheel Distributors, LLC*, 868 F. Supp. 2d 1350, 1367 (M.D. Fla. 2012). Defendants fail to allege this defense because they do not allege that the SEC ever purported to consent to the conduct charged in this case. Indeed, Defendants' own conduct proves the contrary, as shown by their failed attempts to pre-empt this lawsuit by suing the SEC in Texas while the SEC's investigation was ongoing.

As for waiver, that defense is not available against the government because a government agency, like the SEC, cannot waive the requirements of an act of Congress. *SEC v. Complete Business Solutions Grp., Inc.*, 2021 WL 11726587, at *2 (S.D. Fla. Aug. 14, 2021) (citing cases); *see also FTC v. Leshin*, 2007 WL 9703567, at *4 (S.D. Fla. Oct. 9, 2007) ("[T]he waiver defense has been found not to be applicable against a government agency in that an agency 'may not waive the requirement of an act of Congress.'" (quoting *SEC v. Morgan, Lewis & Bockius*, 209 F.2d 44, 49 (3d Cir. 1954))); *FTC v. On Point Glob. LLC*, 2020 WL 4505811, at *2 (S.D. Fla. Aug. 4, 2020) (the "waiver defense must be stricken because the government cannot waive its sovereign capacity to defend the public interest."). Even if the defense is available, Defendants must establish an act of the SEC that constitutes an "intentional relinquishment of a known right." *SEC v. KPMG LLP*, 2003 WL 21976733, at *3 (S.D.N.Y. 2003) (quotation omitted).

Defendants fail to allege this defense because they do not allege that the SEC intentionally relinquished a known right.

**ii. Laches and Delay**

The second group of equitable defenses alleged under the "Eighth Defense" is "Laches/Delay." These defenses are "not available as a defense to this SEC civil law enforcement action" because laches is not a defense where a government agency brings an enforcement action to protect the public interest. *Complete Bus. Solutions*, 2021 WL 11726587, at *2 (quoting *SEC v. Silverman*, 328 F. App'x 601, 605 (11th Cir. 2009)); *see also Savoury,* 449 F.3d at 1320 (laches "cannot be asserted against the United States in its sovereign capacity to enforce a public right or to protect the public interest." (quotation omitted)); *United States v. Meyer*, 376 F. Supp. 3d 1290, 1296 (S.D. Fla. 2019) (striking affirmative defense of laches because "[i]t is well settled that the United States is not ... subject to the defense of laches in enforcing its rights.").[2]

Accordingly, the Court should strike the laches defense because this is a government enforcement action to protect the public interest and laches cannot be asserted as a defense. Further, the defense of delay should be stricken because delay is an element of laches, and the rationale behind the rule that laches is unavailable here also applies to a defense of delay.

---

[2] While "rare exceptions to this rule in certain civil cases" have been made, *Equal Emp. Opportunity Commission v. Univ. of Miami*, 2021 WL 4459683, at *15 (S.D. Fla. Sep. 29, 2021), that "rare exception" does not apply in a civil enforcement action brought to protect the public interest and where the defense is unsupported by any facts or articulation of how delay in filing this case harmed Defendants. *See Meyer*, 376 F. Supp. 3d at 1296. Here, Defendants support their laches defense solely with conclusory allegation that the SEC's purported delay "unduly prejudiced" them. Am. Answer at 35. Yet they plead no *facts* articulating the harm caused by the time between when Defendants claim the lawsuit would have been timely and the date it was filed.

In addition, the allegation that "trial in this matter is slated for July 2027 per the SEC's demand" (Am. Answer at 35) is misleading, at best. The Court can take judicial notice that Defendants jointly requested that trial be scheduled in July 2027 and represented to the Court that the request was "not interposed for purposes of delay, and no Party will be prejudiced by the relief requested," which included a "Proposed" date for "Trial Calendar begins" of "7/12/2027." ECF 311 at ¶¶ 10-11.

**iii. Unnamed "principles of equity"**

The preamble to Defendants' "Equitable Defenses" asserts that the SEC's claims "are barred by equitable defenses, including, without limitation, …. related principles of equity, to the extent applicable." Am. Answer at 30. This unnamed "defense" purports to be a reservation of rights to assert unidentified defenses. Such reservations of defenses are not affirmative defenses. *GPM Indus*., 2022 WL 4181544, at *2 ("[A] reservation of rights to assert additional affirmative defenses is not an affirmative defense. Indeed, such a clause is meaningless and has no legal effect."). As Defendants fail to properly allege any equitable defense, any defense based on unnamed "principles of equity" should be stricken as well.

**2. Additional Unavailable Waiver Defenses**

Apart from the waiver defense listed under Defendants' Eighth Defense, Defendants also assert two other defenses identified as "Waiver" in their Fifteenth and Sixteenth Defenses. These waiver defenses should also be stricken because, as detailed above, waiver is unavailable against a government agency that is enforcing an Act of Congress. *Complete Business Solutions*, 2021 WL 11726587, at *2.

In addition, the Fifteenth Defense fails as a matter of law because it is based on Defendants' repeated (and wrong) refrain that the SEC "abandoned" its argument that it had

demonstrated a likelihood of success on the merits when it agreed to the Monitor Order. The Court can and should end this refrain. The SEC did not abandon or waive anything when it secured much of the relief sought through its motion for preliminary injunction by agreeing to the Monitor Order. The SEC did not abandon a claim or argument by agreeing to the Monitor Order any more than Defendants abandoned their defense when they agreed to the Monitor Order.

As to the Sixteenth Defense, Am. Answer at 37, the Court should reject Defendants' contention that the SEC somehow amended its complaint or waived claim claims by arguing, correctly, that the Court should focus on the allegations in the complaint when deciding Defendants' motion to transfer venue.

**3. Previously Rejected Defenses**

In its September 4, 2026, Order, the Court struck Defendants' "Second, Fourth, Seventh, and Twenty-Second Affirmative Defenses…because they are not affirmative defenses." ECF 387. *See SEC v. 1 Glob. Cap. LLC*, 331 F.R.D. 434, 438-39 (S.D. Fla. 2019) (quotation omitted). Despite the Court's ruling, Defendants' Amended Answer repeated the same defenses: "Second Defense (Failure to State a Claim)," "Fourth Defense (Improper Venue)," "Seventh Defense (Failure to Plead with Particularity)," and "Twenty-Second Defense (Reservation of Defenses)." Am. Answer at 29, 39. There is no reason for the Court to reconsider its ruling; these defenses should be stricken again.

**C. Defendants' invalid defenses will cause prejudice if not stricken.**

Although a showing of prejudice to the SEC and a waste of this Court's resources is not necessary to strike Defendants' improper affirmative defenses, the Court should consider the waste of time and resources that Defendants' invalid defenses will cause when exercising its

discretion. Requiring the SEC to engage in discovery on invalid defenses will prejudice the SEC and the Court will inevitably be required to referee disputes over legally invalid defenses. *See, e.g.*, ECF 361 (granting SEC's motion for protective order to preclude depositions of SEC counsel). Because these affirmative defenses are insufficient in general or as pled, they should be stricken now under Rule 12(f).

## III. CONCLUSION

For the reasons above, the Court should strike Defendants' Second, Fourth, Seventh, Eighth, Fifteenth, Sixteenth, and Twenty-Second Defenses without leave to amend.

**Certification of Conferral**

Counsel for the SEC has attempted to confer with all parties who may be affected by the relief sought in the motion in a good-faith effort to resolve the issues raised in the motion and has been unable to do so.

Dated: October 9, 2026.

Respectfully submitted,

By: */s Terry R. Miller*________
Terry R. Miller
S.D. Fla. Bar No. A5503312
(303) 844-1041
millerte@sec.gov

Jacqueline M. Moessner
S.D. Fla. Bar No. A5503301
(303) 844-1031
moessnerj@sec.gov

Attorneys for Plaintiff
UNITED STATES SECURITIES AND
EXCHANGE COMMISSION
1961 Stout Street, 17th Floor
Denver, Colorado 80294
(303) 844-1000