**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
MIAMI DIVISION

CASE NO. 1:25-cv-20436-GAYLES/SHAW-WILDER

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

DAVID J. FEINGOLD,
JOSEPH B. BALDASSARRA,
STEVEN S. BALDASSARRA,
BROAD STREET GLOBAL MANAGEMENT, LLC, and
BROAD STREET, INC.,

Defendants, and

JOSEPHBENJAMIN, INC., and
JUST A NICE DAY, INC.,

Relief Defendants.
_________________________________/

**DEFENDANT DAVID J. FEINGOLD'S OMNIBUS MOTION FOR LEAVE FOR WITHDRAWAL OF COUNSEL AND FOR ORDER OF SUBSTITUTION PERMITTING MR. FEINGOLD TO PROCEED PRO SE, WITH INCORPORATED MEMORANDUM OF LAW**

Defendant David J. Feingold ("Mr. Feingold"), pursuant to 28 U.S.C. § 1654 and Local Rules 7.1 and 11.1(d)(3)(A) and (d)(4), moves for an order: (a) granting each attorney and law firm that has appeared on his behalf individually leave to withdraw from that representation; (b) substituting Mr. Feingold, under Local Rule 11.1(d)(4), as his own and sole representative in this action; (c) terminating the appearance of Thomas Scot Wolinetz, Esq., in every capacity and for every party in this action; (d) terminating the appearance of Ariel Lett, Esq., and Lett Law, PLLC, in every capacity and for every party in this action; and (e) granting Mr. Feingold leave to withdraw

as counsel of record for Defendant Broad Street, Inc. ("BSI"), which remains represented by its other counsel of record. Mr. Feingold does not seek a continuance of any hearing or an extension of any deadline. In support, he states as follows:

## I. COUNSEL OF RECORD AFFECTED BY THIS MOTION

The following appearances, as reflected on the CM/ECF docket and in the parties' filings (including ECF Nos. 202, 421, and 430), are the subject of this Motion. Pursuant to Local Rule 11.1(d)(3)(A), the current mailing address of each affected party, or of that party's remaining counsel, is set out in Part I.E below.

### A. Counsel withdrawing as to Mr. Feingold, individually

(1) Irwin Weltz, Esq. (admitted pro hac vice), Weltz Kakos Gerbi Wolinetz Volynsky LLP, 1 Old Country Road, Suite 275, Carle Place, New York 11514;

(2) Thomas Scot Wolinetz, Esq. (Florida Bar No. 1001160), Weltz Kakos Gerbi Wolinetz Volynsky LLP, 1 Old Country Road, Suite 275, Carle Place, New York 11514;

(3) Ioannis G. Conits, Esq. (admitted pro hac vice), Gallivan, White & Boyd, P.A., 55 Beattie Place, Suite 1200, Greenville, South Carolina 29601;

(4) Austin Peter Booth, Esq. (Florida Bar No. 1049907), Gallivan, White & Boyd, P.A., 55 Beattie Place, Suite 1200, Greenville, South Carolina 29601;

(5) Jessica W. Laffitte, Esq. (admitted pro hac vice), Gallivan, White & Boyd, P.A., 120 Main Street, Suite 1200, Columbia, South Carolina 29201;

(6) Ariel Lett, Esq. (Florida Bar No. 115513), Lett Law, PLLC, 6303 Blue Lagoon Drive, Suite 400, Miami, Florida 33126 [ECF No. 202]; and

(7) Lorne E. Berkeley, Esq. (Florida Bar No. 146099), Berkeley Law P.A., 10600 Griffin Road, Suite 104, Cooper City, Florida 33328, solely to the extent the docket reflects an appearance by him on behalf of Mr. Feingold individually.

### B. Thomas Scot Wolinetz — all parties

Mr. Wolinetz is listed on the docket as counsel for Mr. Feingold, BSI, Broad Street Global Management, LLC ("BSGM"), Joseph B. Baldassarra, Steven S. Baldassarra, and Relief Defendants JosephBenjamin, Inc. and Just A Nice Day, Inc.. This Motion seeks termination of his appearance for each of them.

**C. Ariel Lett and Lett Law, PLLC — all parties**

Mr. Lett appeared for Mr. Feingold and BSI on December 2, 2025 [ECF No. 202]. This Motion seeks termination of his appearance for both.

**D. Mr. Feingold's appearance for BSI**

Mr. Feingold appeared as counsel of record for BSI following the Court's direction at the October 22, 2026 hearing [ECF No. 421]. He seeks leave to withdraw from that role so that he appears in this action solely on his own behalf.

**E. Representation of each party after the requested relief**

- **Mr. Feingold:** pro se, at the address in the signature block below.
- **BSI:** Irwin Weltz, Esq.; Ioannis G. Conits, Esq.; Austin Peter Booth, Esq.; and Jessica W. Laffitte, Esq. (addresses above).
- **BSGM:** Lorne E. Berkeley, Esq., Berkeley Law P.A. (address above), and Brianna Paige Hathaway, Esq., Lomax Legal, 95 Merrick Way, 3rd Floor, Coral Gables, Florida 33134.
- **Joseph B. Baldassarra and Steven S. Baldassarra:** Lorne E. Berkeley, Esq., Berkeley Law P.A. (address above).
- **JosephBenjamin, Inc. and Just A Nice Day, Inc.:** Brianna Paige Hathaway, Esq., Lomax Legal (address above), and Konstantine P. Diamaduros, Esq., and Andrew A. Mathias, Esq., Maynard Nexsen PC, 104 South Main Street, Suite 900, Greenville, South Carolina 29601.

**II. BACKGROUND AND PURPOSE OF THE MOTION**

**A. The recent evidentiary hearing**

The Court held an evidentiary hearing on the SEC's renewed motion for appointment of a receiver on October 20, 22, and 30, 2026. The evidence closed on October 30, 2026, and only argument remains. On October 22, 2026, defense counsel advised that Mr. Feingold would cross-examine the SEC's forensic accountant. The SEC objected "to a party represented by counsel participating as a lawyer in the case," stating: "if he is pro se, that's one thing, but he has counsel, multiple counsel here at the hearing." Hr'g Tr. 17:20–18:1 (Oct. 22, 2026). Defense counsel responded that Mr. Feingold "is most familiar with" the instruments at issue and "is best suited to

do this cross." *Id.* at 18:5–20. The Court permitted the cross-examination, required Mr. Feingold to "enter a formal appearance as counsel of record" by the end of the day, and ruled that he "will be subject to cross-examination based on anything said during this examination." *Id.* at 20:3–8. Mr. Feingold complied [ECF No. 421].

The hearing showed that the present arrangement, in which Mr. Feingold is represented individually by several firms while also appearing as counsel for a co-defendant, invites recurring objections about who may speak for whom. It also adds time and expense for the parties and the Court. This Motion resolves the issue the SEC raised: Mr. Feingold will appear only for himself, and through no one else.

**B. Mr. Feingold is best suited to represent himself**

Mr. Feingold is a member of The Florida Bar (No. 892823). He has personal knowledge of the operating agreements, subscription agreements, private placement memoranda, and merchant-cash-advance portfolios at the center of the SEC's claims, as counsel explained to the Court. Hr'g Tr. 18:5–11 (Oct. 22, 2026). Having a single, directly accountable representative for Mr. Feingold will streamline communications with the Court and the SEC and eliminate the duplication inherent in coordinating multiple firms.

**C. Discovery is essentially complete**

Under the Second Amended Scheduling Order, fact discovery closed on October 30, 2026 [ECF No. 318]. What remains is a limited set of depositions the parties have agreed to complete on dates already proposed to the Court: December 2, 3, 8, 10, 15, and 17, 2026, and January 12–14, 2027, and expert discovery on the existing schedule (expert reports due November 20, 2026; rebuttal reports due December 11, 2026; expert discovery closing January 22, 2027) [ECF No. 318].

**D. The remaining work in this case**

The principal remaining work consists of: (i) Defendants' renewed motion for summary judgment, the prior motion having been denied without prejudice as premature while discovery was ongoing [ECF No. 401], to be filed by the dispositive-motion deadline of February 24, 2027 [ECF No. 318]; (ii) a motion for relief based on the SEC's knowing acquisition of, and intrusion into, Mr. Feingold's privileged materials and its failure to disclose that to the Court [see ECF Nos. 394, 430]; and (iii) trial, set for the two-week trial calendar beginning July 12, 2027, with calendar call on July 7, 2027 [ECF No. 318]. Mr. Feingold is prepared to handle each of these matters himself, and the substitution requested here will not delay any of them.

## III. MEMORANDUM OF LAW

**A. Mr. Feingold has a statutory right to represent himself**

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. "The right to proceed *pro se* in civil actions in federal courts is guaranteed by 28 U.S.C. § 1654." *Iannaccone v. Law*, 142 F.3d 553, 556 (2d Cir. 1998). The right is "a personal right" to conduct one's own case. *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008) (per curiam). Because Mr. Feingold has appeared through counsel, the Local Rules require an order of substitution, after notice to his attorneys and the opposing party, before he may act on his own behalf. S.D. Fla. L.R. 11.1(d)(4). This Motion, served on all counsel of record, provides that notice.

**B. Withdrawal is proper and will cause no prejudice or delay**

An attorney may withdraw "by leave of Court after notice served on the attorney's client and opposing counsel," and the motion must include a current mailing address for the client or the

client's new or remaining counsel. S.D. Fla. L.R. 11.1(d)(3)(A). The Rules Regulating The Florida Bar govern attorneys in this Court, S.D. Fla. L.R. 11.1(c), and require a lawyer to withdraw when "the lawyer is discharged." R. Regulating Fla. Bar 4-1.16(a)(3); *see id.* cmt. ("A client has a right to discharge a lawyer at any time, with or without cause . . . ."). In ruling on requests to change counsel, courts in this Circuit consider the time successor counsel needs, the interests of the opposing party, and the court's interest in proceeding on schedule. *See Mekdeci v. Merrell Nat'l Labs.*, 711 F.2d 1510, 1519–21 (11th Cir. 1983). Each factor favors relief. No successor counsel needs time to prepare: Mr. Feingold has participated personally throughout, including at the evidentiary hearing. No deadline or setting will move. And the SEC will deal with a single representative for Mr. Feingold. The withdrawing attorneys and the affected parties consent, as reflected below.

**C. BSI will remain represented by counsel**

"[A] corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993). A corporation "cannot appear *pro se*, and must be represented by counsel." *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). Mr. Feingold's withdrawal as BSI's counsel will not leave BSI unrepresented. BSI will continue to be represented by its remaining counsel of record identified in Part I.E. Mr. Feingold requests that the relief as to BSI be granted on that basis.

## IV. CONCLUSION

WHEREFORE, Defendant David J. Feingold respectfully requests that the Court enter the proposed order attached as **Exhibit A**(emailed separately as well to chambers): (a) granting leave to each attorney and firm identified in Part I.A to withdraw as counsel for Mr. Feingold individually; (b) substituting Mr. Feingold, under Local Rule 11.1(d)(4), as his own and sole

representative in this action; (c) terminating the appearance of Thomas Scot Wolinetz, Esq., for every party; (d) terminating the appearance of Ariel Lett, Esq., and Lett Law, PLLC, for every party; (e) granting Mr. Feingold leave to withdraw as counsel of record for BSI, which remains represented by its other counsel of record; (f) directing the Clerk to update the CM/ECF service list accordingly; and (g) granting such further relief as the Court deems just and proper.

**LOCAL RULE 7.1(a)(3) CERTIFICATE OF CONFERRAL**

I certify that on November 10, 2026, by email, counsel for Plaintiff, regarding the relief requested in this Motion was contacted, and that Plaintiff counsel did not respond to the meet and confer request concerning the relief requested. It is further certified that there was conferral with each withdrawing attorney identified in Part I and with counsel for each other Defendant and Relief Defendant, and that each consents to the relief requested, as reflected in the consents below.

Dated: November 10, 2026.

Respectfully submitted,

/s/ David J. Feingold
David J. Feingold, Esq.
Florida Bar No. 892823
4440 PGA Boulevard, 6th Floor
Palm Beach Gardens, Florida 33410
Telephone: (561) 309-5767
Email: david@feingoldllc.com
*Defendant, pro se*

**CONSENT OF WITHDRAWING COUNSEL**

The undersigned attorneys consent to the withdrawal requested in this Motion as to the parties identified in Part I.

/s/ Irwin Weltz, Esq. (PHV), Weltz Kakos Gerbi Wolinetz Volynsky LLP

/s/ Thomas Scot Wolinetz, Esq., Weltz Kakos Gerbi Wolinetz Volynsky LLP

/s/ Ioannis G. Conits, Esq. (PHV), Gallivan, White & Boyd, P.A.

/s/ Austin Peter Booth, Esq. (Fla. Bar No. 1049907), Gallivan, White & Boyd, P.A.

/s/ Jessica W. Laffitte, Esq. (PHV), Gallivan, White & Boyd, P.A.

/s/ Ariel Lett, Esq. (Fla. Bar No. 115513), Lett Law, PLLC

/s/ Lorne E. Berkeley, Esq. (Fla. Bar No. 146099), Berkeley Law P.A.

**CONSENT OF AFFECTED PARTIES**

The undersigned parties consent to the termination of the appearances of Thomas Scot Wolinetz, Esq., and, as applicable, Ariel Lett, Esq., Lett Law, PLLC, and David J. Feingold, Esq., on their behalf, and confirm that each continues to be represented by the remaining counsel identified in Part I.E.

/s/ Broad Street, Inc., by Joe Baldassarra, its President

/s/Broad Street Global Management, LLC, by Steven Baldassarra, its mgr.

/s/ Joseph B. Baldassarra

/s/ Steven S. Baldassarra

/s/ JosephBenjamin, Inc., by Joe Baldassarra, its President

/s/ Just A Nice Day, Inc., by Steven Baldassarra, its President

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 10, 2026, I electronically filed the foregoing with the Clerk of Court using CM/ECF, which will serve a copy by Notice of Electronic Filing on all counsel of record, including counsel for Plaintiff and each withdrawing attorney. Notice of this Motion has thereby been served on opposing counsel and on each affected client or that client's remaining counsel, as required by Local Rule 11.1(d)(3)(A). I further certify that, in accordance with Section 3I(6) of the CM/ECF Administrative Procedures, the proposed order attached as Exhibit A will be emailed in Word format to gayles@flsd.uscourts.gov, with all counsel of record copied.

/s/ David J. Feingold
David J. Feingold, Esq.